# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AGROFRESH, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 16-662-SLR |
| v. | ) |
| | ) |
| MIRTECH, INC., NAZIR MIR, ESSENTIV, | ) |
| LLC, DECCO U.S. POST-HARVEST, INC., | ) |
| and CEREXAGRI, INC. d/b/a DECCO | ) |
| POST-HARVEST, | ) |
| | ) |
| Defendants. | ) |

## [PROPOSED] JOINT PRETRIAL ORDER

BARNES & THORNBURG LLP
Chad S.C. Stover (#4919)
Regina S.E. Murphy (#5648)
1000 North West Street, Suite 1500
Wilmington, Delaware 19801
(302) 300-3434
Chad.Stover@btlaw.com
Gigi.murphy@btlaw.com

*Attorneys for Plaintiff AgroFresh Inc.*

RICHARDS, LAYTON & FINGER, P.A.
Frederick L. Cottrell, III (#2555)
Nicole K. Pedi (#6236)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
(302) 651-7700
Cottrell@rlf.com
Pedi@rlf.com

*Attorneys for Defendants Decco U.S. Post-Harvest, Inc., and Cerexagri, Inc.*

CONNOLLY GALLAGHER LLP
Arthur G. Connolly, III (#2667)
Ryan P. Newell (#4744)
The Brandywine Building
1000 North West Street, 14th Floor
Wilmington, DE 19801
(302) 757-7300
aconnolly@connollygallagher.com
rnewell@connollygallagher.com

*Attorneys for Defendants MirTech, Inc. and Nazir Mir*

Dated: March 7, 2017

RICHARDS, LAYTON & FINGER, P.A.
Frederick L. Cottrell, III (#2555)
Nicole K. Pedi (#6236)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
(302) 651-7700
Cottrell@rlf.com
Pedi@rlf.com

CONNOLLY GALLAGHER LLP
Arthur G. Connolly, III (#2667)
The Brandywine Building
1000 North West Street, 14th Floor
Wilmington, DE 19801
(302) 757-7300
aconnolly@connollygallagher.com

*Attorneys for Defendant Essentiv, LLC*

On March 14, 2017 at 3:00 p.m., counsel for AgroFresh Inc. ("Plaintiff" or "AgroFresh") and for MirTech, Inc., Nazir Mir, Essentiv, LLC, Decco U.S. Post-Harvest, Inc., and Cerexagri, Inc. (collectively "Defendants"), shall attend a pretrial conference before this Court. The following matters as to the trial scheduled to commence on March 20, 2017 are hereby ordered by the Court.

I.  NATURE OF THE ACTION AND PLEADINGS

1. Plaintiff AgroFresh filed its Complaint (D.I. 1) in this matter on August 2, 2016. AgroFresh filed claims for (a) declaratory relief including an order declaring its ownership of U.S. Patent No. 9,394,216 (the '216 Patent) (Count I), (b) breach of contract by the Mir Defendants (Count II), (c) fraud (Count III), (d) fraudulent inducement (Count IV), (e) rescission (Count V), (f) constructive fraud (Count VI), (g) unfair competition (Count VII), (h) breach of the duty of loyalty/usurpation of corporate opportunity (Count VIII), (i) unjust enrichment (Count IX), (j) a declaration of ownership of U.S. Patent Application No. 2014/0326620 (Count X), (k) a declaration of ownership of U.S. Patent No. 8,822,382 (Count XI), (l) a declaration of ownership of U.S. Patent No. 8,802,140 (Count XII), (m) a declaration of ownership of U.S. Patent No. 9,005,657 (Count XIII), (n) direct and indirect infringement of the '216 Patent (Count XIV), (o) direct and indirect infringement of the '849 Patent (Count XV), (p) direct and indirect infringement of the '068 Patent (Count XVI), (q) tortious interference (Count XVII), (r) conversion (Count XVIII), (s) and civil conspiracy (Count XIX).

2. On October 10, 2016, the parties jointly moved the Court to bifurcate and expedite Counts I and IV of the Complaint—AgroFresh's claim of ownership of the '216 Patent and fraudulent inducement claim. (D.I. 18.)

3. On October 11, 2016, Defendants filed partial Answers to AgroFresh's Complaint. (D.I. 19, 21, and 23.) MirTech Defendants alleged two Affirmative Defenses in their Partial Answer: Waiver and Estoppel.

4. On October 12, 2016, the Court granted the parties' motion to bifurcate, expedited consideration of Counts I and IV, and entered a schedule with trial to begin on February 22, 2017. (D.I. 26.)

5. On January 26, 2017, the Court entered an order resetting the trial to commence on March 20, 2017. (D.I. 76.)

## II. BASIS FOR FEDERAL JURISDICTION

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court also has subject matter jurisdiction under 28 U.S.C. § 1332 because the matter is between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs. In addition, the Court has pendent jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

8. Personal jurisdiction and venue are not disputed.

## III. STATEMENT OF ADMITTED FACTS

9. The parties admit the facts set forth in attached Exhibit 1.

## IV. STATEMENT OF ISSUES OF FACT REMAINING TO BE LITIGATED

10. AgroFresh's statement of issues of fact that remain to be litigated is attached hereto as Exhibit 2.

11. Defendants' statement of issues of fact that remain to be litigated is attached hereto as Exhibit 3.

## V.     STATEMENT OF ISSUES OF LAW REMAINING TO BE LITIGATED

12.     AgroFresh's statement of the issues of law that remain to be litigated is attached hereto as Exhibit 4.

13.     Defendants' statement of the issues of law that remain to be litigated is attached hereto as Exhibit 5.

## VI.    EXHIBITS

14.     The parties will offer as exhibits at trial one or more of the exhibits set forth in their respective trial exhibit lists.  These exhibit lists may include exhibits that may not necessarily be introduced into evidence.  Except for documents used solely for impeachment, a party may not offer substantive documentary evidence not appearing on its exhibit list or the exhibit list of the other party, unless the Court determines that the interest of justice so warrants.  These lists include the exhibit number to be used at trial, and a description sufficient to identify the exhibit to the other party, such as a production number or otherwise.  Any descriptions included in the exhibit lists are provided as a convenience only and shall not be used as an admission or as evidence.

15.     AgroFresh's list of exhibits and Defendants' objections are attached hereto as Exhibit 6.

16.     Defendants' list of exhibits and AgroFresh's objections are attached hereto as Exhibit 7.

17.     The parties must exchange final exhibit lists no later than [Plaintiff's proposal: 5:00 p.m. on March 17, 2017; Defendants' proposal: 12:00 p.m. on March 15, 2017].  *See* J. Robinson, Guidelines for Civil Trials (Rev. July 12, 2011).

18.     Each party reserves the right to add any exhibits used in any deposition yet to occur in this case or any additional documents subsequently produced.

19. Each party reserves the right to offer an exhibit designated by the other party, even if not introduced by the designating party. If the non-designating party offers into evidence an exhibit designated but not introduced by the designating party, the designating party reserves its right to object to the introduction into evidence of that exhibit, depending on the use for which it is being offered.

20. The parties agree that exhibits to be used or offered into evidence solely for impeachment need not be included on the lists of trial exhibits. The parties agree that exhibits to be used or offered into evidence solely for cross examination or impeachment need not be disclosed in advance of being offered at trial.

21. Any document that on its face appears to have been authored by an employee, officer, or agent of a party deposed in this case shall be deemed *prima facie* evidence of authenticity, subject to the right of the party against whom such document is offered to adduce evidence to the contrary or to require that the offering party provide authenticating evidence if the party opposing the offer has a reasonable basis to believe the document is not authentic. However, this paragraph shall not be applicable to any attachments that may be included to documents authored by an employee, officer, or agent of a party or third parties deposed in this case.

22. The parties agree that written answers to interrogatories and stipulations agreed to in this case shall be treated as having been given under oath, whether or not the answers were signed or verified by the party making them.

## VII. WITNESSES

25. AgroFresh's list of witnesses to be called live or by deposition is attached hereto as Exhibit 8.

26. Defendants' list of witnesses to be called live or by deposition is attached hereto as Exhibit 9.

27. AgroFresh's list of deposition designations, Defendants' objections thereto, Defendants' counter-designations, and AgroFresh's objections thereto is attached hereto as Exhibit 10.

28. Defendants' list of deposition designations, AgroFresh's objections thereto, Defendants' counter-designations, and AgroFresh's objections thereto is attached hereto as Exhibit 11.

29. Except for witnesses called solely for rebuttal of newly raised issues, no witness called by a party in support of its case-in-chief shall be permitted to testify at trial unless identified in this Order or unless the Court determines that such witness should be called.

30. The listing of a witness on a party's witness list does not require that party to call that witness to testify, either live or by deposition.

31. The parties agree that they shall provide the other side with notice of specific identification of exhibits expected to be used during that party's opening statement and all demonstrative exhibits expected to be used during that party's opening statement by [Plaintiff's proposal: 5:00 p.m. on March 17, 2017; Defendants' proposal: 12:00 p.m. on March 15, 2017]. The other party shall identify any objections to demonstrative exhibits and any objections to the admissibility of the exhibits sought to be used during opening statements that by 5:00 p.m. that afternoon. The parties shall then meet and confer regarding all objections and, to the extent the objections are not resolved by the meet and confer, they will inform the Court before opening statements of said objections for resolution as the Court sees fit. The notice provision of this

paragraph does not apply to enlargement, highlighting, ballooning, or other annotations of trial exhibits or designated deposition testimony.

32. The parties agree that they shall provide the other side with notice of each witness expected to be called live at trial along with specific identification of exhibits expected to be used on direct examination of that witness that have not been stipulated as admissible by [Plaintiff's proposal: 5:00 p.m. on March 17, 2017; Defendants' proposal: 12:00 p.m. on March 15, 2017], including witness order where multiple witnesses are anticipated to testify on the same day. The other party shall identify any objections to the admissibility of the exhibits sought to be used with the witness by 5:00 p.m. that same day. The parties shall then meet and confer regarding all objections and, to the extent the objections are not resolved by the meet and confer, they will inform the Court before the witness is called of said objections for resolution as the Court sees fit either in advance or during the testimony.

33. The parties shall provide demonstrative exhibits to be used with a witness by [Plaintiff's proposal: 5:00 p.m. on March 17, 2017; Defendants' proposal: 12:00 p.m. on March 15, 2017]. The other party shall identify any objections to demonstrative exhibits by 5:00 p.m. that evening. The parties shall then meet and confer regarding all objections and, to the extent the objections are not resolved by the meet and confer, they will inform the Court before the witness is called of said objections for resolution as the Court sees fit either in advance or during the testimony. The notice provision of this paragraph does not apply to demonstrative exhibits created in the courtroom during trial testimony or the enlargement, highlighting, ballooning, or other annotations of trial exhibits, testimony or designated deposition testimony.

34. A party seeking to present deposition testimony shall propose a "playlist" in page and line format by [Plaintiff's proposal: 5:00 p.m. on March 17, 2017; Defendants' proposal:

12:00 p.m. on March 15, 2017]. The other party shall identify, in page and line format, any counter-designations by 5:00 p.m. that day, along with any objections they intend to assert. The first party shall then identify, in page and line format, any counter-counter-designations that evening, along with any objections they intend to assert. The parties shall then meet and confer regarding all objections and, to the extent the objections are not resolved by the meet and confer, they will inform the Court before the witness is called of said objections for resolution as the Court sees fit either in advance or during the testimony.

## VIII. AGROFRESH'S STATEMENT OF INTENDED PROOFS

35. AgroFresh's brief statement of the disputed facts that it intends to prove in support of its claims is attached as Exhibit 12. The statement does not purport to be exhaustive of all issues to be tried.

## IX. DEFENDANTS' STATEMENT OF INTENDED PROOFS

36. Defendants' brief statement of the disputed facts that it intends to prove in support of its claims is attached as Exhibit 13. The statement does not purport to be exhaustive of all issues to be tried.

## X. AMENDMENTS TO THE PLEADINGS

37. Each party reserves the right to amend its pleadings to conform to proof.

## XI. GOOD FAITH EFFORT TO RESOLVE BY SETTLEMENT

38. The parties certify that two-way communication has occurred between persons having authority in a good faith effort to explore the resolution of the controversy by settlement. The parties have been unable to reach a settlement.

## XII. OTHER MATTERS

39. A list of other matters AgroFresh would like to address at the pretrial conference is attached as Exhibit 14.

40. A list of other matters Defendants would like to address at the pretrial conference is attached as Exhibit 15.

## XIII. ORDER TO CONTROL COURSE OF ACTION

41. This Order shall control the subsequent course of the action unless modified by the Court to prevent manifest injustice.

Respectfully submitted,

BARNES & THORNBURG LLP

*/s/ Regina S.E. Murphy*
Chad S.C. Stover (#4919)
Regina S.E. Murphy (#5648)
Barnes & Thornburg LLP
1000 North West Street, Suite 1500
Wilmington, Delaware 19801
(302) 300-3434
Chad.Stover@btlaw.com
Gigi.murphy@btlaw.com

OF COUNSEL:
Robert D. MacGill
Deborah Pollack-Milgate
Joseph T. Wendt
Jessica M. Lindemann
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, Indiana 46204
(317) 236-1313
Rmacgill@btlaw.com
Dmilgate@btlaw.com
Wendt@btlaw.com
Jessica.Lindemann@btlaw.com

*Attorneys for Plaintiff AgroFresh Inc.*

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Nicole K. Pedi*
Frederick L. Cottrell, III (#2555)
Nicole K. Pedi (#6236)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
(302) 651-7700
Cottrell@rlf.com
Pedi@rlf.com

OF COUNSEL:
John M. Williamson
Anand K. Sharma
Rajeev Gupta
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW
Washington, DC 20001
(202) 408-4000
John.Williamson@finnegan.com
Anand.Sharma@finnegan.com
Raj.Gupta@finnegan.com

*Attorneys for Defendants Decco U.S. Post-Harvest, Inc., Cerexagri, Inc.*

CONNOLLY GALLAGHER LLP

*/s/ Ryan P. Newell*
Arthur G. Connolly, III (#2667)
Ryan P. Newell (#4744)

The Brandywine Building
1000 North West Street, 14th Floor
Wilmington, DE 19801
(302) 757-7300
aconnolly@connollygallagher.com
rnewell@connollygallagher.com

*Pro Hac Vice*
Eric Dorkin
Giel Stein
Mason N. Floyd
Clark Hill PLC
130 E. Randolph Street, Suite 3900
Chicago, Illinois 60601
(312) 985-5900
EDorkin@ClarkHill.com
GStein@ClarkHill.com
MFloyd@ClarkHill.com

*Attorneys for Defendants MirTech, Inc. and Nazir Mir*

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Nicole K. Pedi*
Frederick L. Cottrell, III (#2555)
Nicole K. Pedi (#6236)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
(302) 651-7700
Cottrell@rlf.com
Pedi@rlf.com

CONNOLLY GALLAGHER LLP

*/s/ Ryan P. Newell*
Arthur G. Connolly, III (#2667)
Ryan P. Newell (#4744)
The Brandywine Building
1000 North West Street, 14th Floor
Wilmington, DE 19801
(302) 757-7300
aconnolly@connollygallagher.com
rnewell@connollygallagher.com
aconnolly@connollygallagher.com

11

          OF COUNSEL:
John M. Williamson
Anand K. Sharma
Rajeev Gupta
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW
Washington, DC 20001
(202) 408-4000
John.Williamson@finnegan.com
Anand.Sharma@finnegan.com
Raj.Gupta@finnegan.com

Eric Dorkin
Giel Stein
Mason N. Floyd
Clark Hill PLC
130 E. Randolph Street, Suite 3900
Chicago, Illinois 60601
(312) 985-5900
EDorkin@ClarkHill.com
GStein@ClarkHill.com
MFloyd@ClarkHill.com

*Attorneys for Defendant Essentiv, LLC*

SO ORDERED this _____ day of _____, 2017.

_____
Hon. Sue L. Robinson
United States District Judge