**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AGROFRESH INC., <br><br> Plaintiff, <br><br> v. <br><br> MIRTECH, INC., NAZIR MIR, ESSENTIV LLC, DECCO U.S. POSTHARVEST, INC., and CEREXAGRI, INC. d/b/a DECCO POST-HARVEST, <br><br> Defendants. | C.A. No. 16-cv-662-SLR |

**EXHIBIT 5 TO PRETRIAL ORDER**

**MIRTECH DEFENDANTS' STATEMENT OF
ISSUES OF LAW REMAINING TO BE LITIGATED**

MirTech Defendants' Draft
March 7, 2017
Subject to Revision

1. **Whether AgroFresh should be declared the owner of U.S. Patent No.: 9,394,216 (Count I).**

   - *Patterson-Woods & Assocs., LLC v. Realty Enters., LLC*, 2008 Del. Super. LEXIS 196, at *15 (Del. Super. Ct. 2008) ("The four elements to be met for a declaratory judgment to be deemed appropriate are (1) the controversy must involve a claim of right or other legal interest of the party seeking declaratory relief; (2) the claim of right or other legal interest must be asserted against one who has an interest in contesting the claim; (3) the conflicting interest must be real and adverse; and (4) the issue must be ripe for judicial determination.")

2. **Whether the MirTech Defendants fraudulently induced AgroFresh into extending their contracts on October 29, 2015 (Count IV).**

   - *Associated/ACC Int'l, Ltd. v. DuPont Flooring Sys. Franchise Co.*, 2002 U.S. Dist. LEXIS 6464, at *19 (D. Del. Mar. 28, 2002) (In order to establish fraudulent inducement, plaintiff must prove the following: (a) a false representation, usually one of fact; (b) made with knowledge or belief that the representation is false, or with reckless indifference to its truth; (c) made with an intent to induce the plaintiff to act or refrain from acting; (d) the misrepresentation was made with the specific intent to induce another to enter into a contract when the person had no duty to enter into the contract; (e) that plaintiff's action or inaction was taken in justifiable reliance upon the representation; and (f) damage to the plaintiff as a result of her reliance on the representation.)

3. **Whether AgroFresh waived its right to claim ownership of U.S. Patent No.: 9,394,216.**

   - *Weyerhaeuser Co. v. Domtar Corp.*, 2016 U.S. Dist. LEXIS 117221 at *19-20 (D. Del. Aug. 31, 2016) ("Under Delaware law, waiver is the voluntary relinquishment or abandonment of a legal right or advantage");

   - *AeroGlobal Capital Mgmt., LLC v. Cirrus Indus., Inc.*, 871 A.2d 428, 444 (Del. 2005) ("A party claiming waiver must show that: (1) there is a requirement or condition to

MirTech Defendants' Draft
March 7, 2017
Subject to Revision

be waived; (2) the waiving party knows of the requirement or condition; and (3) the waiving party intended to waive that requirement or condition")

4. **Whether AgroFresh is equitably estopped from asserting ownership of U.S. Patent No.: 9,394,216.**

   - *Tenneco Auto. Operating Co. v. Visteon Corp.*, 375 F. Supp. 2d 375, 383 (D. Del. 2005) (In order to establish equitable estoppel, defendant must show by a preponderance of the evidence that: (1) plaintiff, through misleading words, conduct, or silence, led the defendant to reasonably infer that plaintiff did not intend to enforce ownership rights against the defendant; (2) defendant relied on plaintiff's conduct; and (3) due to its reliance, defendant will be materially prejudiced if plaintiff is allowed to proceed with its claim.)

5. **Whether a partnership existed between MirTech and AgroFresh that caused MirTech to owe AgroFresh a corresponding fiduciary duty.**

   - *Ramone v. Lang et. al.*, 2006 Del. Ch. LEXIS 71, at *42-50 (Del. Ch. 2006) (holding that although the parties "referred to each other colloquially as 'partners'" no partnership existed between them because they did not "share profits and losses as partners," among other factors).