# BARNES & THORNBURG LLP

1000 N. West Street
Suite 1500
Wilmington, Delaware 19801
302-300-3434
302-300-3456 (Fax)
www.btlaw.com

Chad S.C. Stover
302-300-3474
Chad.Stover@btlaw.com

December 4, 2017

**PUBLIC VERSION FILED ON 12/11/2017**

**By CM/ECF and HAND DELIVERY**
The Honorable Sherry R. Fallon
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Room 6100 – Unit 14
Wilmington, Delaware 19801

Re:   *AgroFresh Inc. v. MirTech, Inc., et al.,* C.A. No. 16-662-JFB-SRF

Dear Judge Fallon:

Thank you for agreeing to consider on an expedited basis AgroFresh's request that a one-page email produced by the defendants, PTX-324,[1] attached as Exhibit A, be de-designated under this Court's Protective Order (D.I. 17) so that AgroFresh may use it in a related *inter partes* review (IPR) proceeding pending before the Patent Trial and Appeal Board ("PTAB"), as requested in my December 1st email to Ms. Hicks.

After Your Honor set this matter for expedited resolution, the Decco defendants stated they "will not object if the Mir Defendants agree to AgroFresh's request to de-designate PTX-324." Ex. B. Mir's counsel then stated he did not "expect to have access to my client prior to your deadline" but also he did not "anticipate my client will direct me to file opposition to your filing." Ex. C. Thus, AgroFresh hopes the Mir defendants will agree to de-designate PTX-324, resolving this dispute.  AgroFresh, however, must file this letter brief to preserve its position.

---

[1] Decco also produced a copy of this email marked as Highly Confidential. PTX-324 shows that there were attachments to the email. AgroFresh does not seek to use the attached documents in the IPR (unless perhaps the defendants object that otherwise the document is incomplete). In any event, in a telephone conference on November 30, 2017, Decco defendants' counsel advised the undersigned that they are willing to de-designate the attachments.

The Honorable Sherry R. Fallon
December 4, 2017
Page 2

AgroFresh first raised this issue with the Decco defendants by suggesting a stipulated amendment to the Protective Order (D.I. 17) allowing any material designated under the Protective Order to be used in the IPR subject to the PTAB's standard protective order. *See* Ex. D at 5. The Decco defendants declined that request. AgroFresh then asked the Decco defendants specifically to de-designate PTX-324. The Decco defendants again declined, eventually taking the position that PTX-324 is Confidential Information under the Protective Order because it

> address[es] Decco/Essentiv's plans for entering the 1-MCP marketplace before the TruPick product was announced publicly. This is highly sensitive commercial information that is not publicly available, provides commercial advantage to its possessor, and the disclosure of which would create a substantial risk of serious harm that could not be avoided by less restrictive means.

Ex. D at 1.

AgroFresh respectfully submits that the Court should de-designate PTX-324. The definition of "Confidential Information" in the Protective Order reads:

> "CONFIDENTIAL INFORMATION" comprises or contains information that the Producing Party claims in good faith to constitute or relate to sensitive business, financial, or commercial information that is not publicly available and provides a commercial advantage to its possessor and the disclosure of which to persons other than those set forth in Section VI.A. below would create a substantial risk of serious harm that could not be avoided by less restrictive means.

D.I. 17 at 2. The Protective Order also provides: "The Producing Party asserting confidentiality has the burden of showing that the designation is appropriate." *Id*. at 9.

The Decco defendants' plan to enter the 1-MCP marketplace is no longer confidential. As admitted by their counsel's response, quoted above, the Decco defendants publicly announced the availability of the TruPick product. *See also* PTX-73 (press release from June, 2016). At the moment of the announcement, their plan also became public, at least at the general level discussed in PTX-324. EPA-registered and patented products do not just spring into existence without prior planning and work. Indeed, AgroFresh immediately knew that Dr. Mir and the Decco Defendants had been planning to sell a competitive product, contacted Dr. Mir to demand that he cease and desist, and ultimately filed this suit. There has now been a public trial on many of the details of the defendants' plan to compete unlawfully against AgroFresh.

Numerous cases confirm this common-sense conclusion. In *Mobile Med. Int'l Corp. v. United States*, 95 Fed. Cl. 706 (2010), the court wrote:

> The court concludes that plaintiff's integrated equipment list was not in the category of a trade secret. Not only is the equipment list not a trade secret, nor is it proprietary. "Proprietary information" is defined as "[i]nformation in which the

The Honorable Sherry R. Fallon
December 4, 2017
Page 3

> owner has a protectable interest." Black's Law Dictionary 1339 (9th ed. 2009). Inherent in the definition is that information is not proprietary if it is not protected. *Once the information is released into the public domain, the owner has lost its ability to protect its interest from others*. Because plaintiff publicly displayed the equipment from its list in a fully-integrated model unit on several occasions, plaintiff lost any proprietary interest in the integrated equipment list.

*Id.* at 739 (emphasis added). *See also Avtel Servs., Inc. v. United States*, 70 Fed. Cl. 173, 191 (Ct. Cl. 2006) ("Once information enters the public domain, however, it is no longer confidential and parties may not make claims of confidentiality regarding such information.") (FOIA case); *Storage Tech. Corp. v. Custom Hardware Eng'g & Consulting, Inc.*, 421 F.3d 1307, 1319 (Fed. Cir. 2005) ("Once a trade secret enters the public domain, the possessor's exclusive rights to the secret are lost.") (quoting *CVD, Inc. v. Raytheon Co.*, 769 F.2d 842, 850 (1st Cir. 1985)).

Further, neither the Decco nor the Mir defendants have articulated any *commercial* (as opposed to legal) advantage AgroFresh could obtain, or serious *commercial* harm they would suffer, at this point by public disclosure of the fact that they once had a plan to enter the 1-MCP market after they publicly announced their entrance in June, 2016.

For at least these reasons, the Court should de-designate PTX-324.

Respectfully submitted,

Chad S.C. Stover (DE No. 4919)

cc:   All Counsel of Record (via E-mail)