**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| AGROFRESH INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-662-JFB-SRF |
| | ) | |
| ESSENTIV LLC, DECCO U.S. POST-HARVEST, | ) | **UNDER SEAL** |
| INC., and CEREXAGRI, INC. d/b/a DECCO | ) | |
| POST-HARVEST, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM ORDER

At Wilmington this **16th** day of **May, 2018**, the court having considered the parties' letter

submissions and the arguments presented during the May 15, 2018 discovery dispute hearing,

(D.I. 180; D.I. 181; D.I. 182; D.I. 183; 5/15/18 Tr.), IT IS HEREBY ORDERED THAT plaintiff

AgroFresh, Inc.'s ("AgroFresh") motion to compel the production of certain categories of

documents identified in the privilege log of defendants Decco U.S. Post-Harvest, Inc., UPL Ltd.,

Cerexagri, Inc., and Essentiv LLC (collectively, "Decco") remains under consideration pending

an *in camera* review, and Decco's request for the inclusion of a proposed patent prosecution bar

in the protective order is denied.

1.      **Background.[1]** On August 3, 2016, AgroFresh filed a complaint against Dr.

Nazir Mir ("Dr. Mir"), MirTech, Inc. ("MirTech"), and Decco (collectively, "defendants"). (D.I.

2 at ¶ 1) The complaint arises out of a failed business relationship between AgroFresh and

MirTech, and includes claims of ownership of certain intellectual property, breach of contract,

---

[1] For a more detailed description of the background of the case, the court refers to the Findings
of Fact set forth in the June 30, 2017 Opinion. (D.I. 97 at 2-18)

tortious conduct, and patent infringement.  Count I of the complaint seeks a declaration of

ownership of United States Patent No. 9,394,216 ("the '216 patent"), which was developed and

filed by MirTech, and was automatically assigned to AgroFresh pursuant to the Commercial

Agreement and the Consulting Agreement (together, the "Agreements").  (*Id.* at ¶¶ 28-30, 66-75;

D.I. 97 at 4-5)  Count IV of the complaint alleges that Dr. Mir and MirTech fraudulently induced

AgroFresh to sign an extension to the parties' agreements in October 2015.  (*Id.* at ¶¶ 92-101)

      **2.**     In October 2016, the parties jointly moved to bifurcate Counts I and IV of the

complaint in an effort to simplify and clarify the disputed issues in the case.  (D.I. 18)  The court

held a bench trial in March 2017, and issued an opinion outlining the findings of fact and

conclusions of law on June 30, 2017.  (D.I. 97)  Specifically, the court concluded that all

improvements to the technology were automatically assigned to AgroFresh, including the

technology covered by the '216 patent.  Moreover, the court determined that Dr. Mir

fraudulently induced AgroFresh into executing an extension to the Agreements by not disclosing

either the '216 patent technology or his business relationship with Decco.  (*Id.* at 33-34)

      **3.**     On August 18, 2017, AgroFresh filed its first amended complaint against

defendants, which contained additional claims against Dr. Mir and MirTech including breach of

contract, fraud, and willful patent infringement.  (D.I. 106)

      **4.**     On September 15, 2017, AgroFresh executed a Private Settlement Agreement

with Dr. Mir and MirTech, pursuant to which Dr. Mir and MirTech admitted the allegations in

the first amended complaint and agreed to entry of judgment against them on all counts of the

original complaint and the first amended complaint.  (D.I. 115 at ¶ 3; D.I. 180, Ex. C)

5.      The court held a discovery dispute hearing on May 15, 2018 to address, among

other issues, the applicability of the common interest privilege to documents listed on the

privilege log, and the addition of a prosecution bar to the terms of the protective order.[2]

6.      **Common interest privilege.**  To resolve the issue of whether the common

interest privilege applies to Decco's pre-joint venture and pre-litigation communications with

MirTech between November 2014 and August 2016, the court finds it necessary to review a

sampling of the documents *in camera. See Princeton Digital Image Corp. v. Ubisoft Entm't SA*,

C.A. No. 13-335-LPS-CJB, 5/11/18 Oral Order (D. Del. May 11, 2018) (citing *INVISTA N. Am.*

*S.á.r.l. v. M&G USA Corp.*, C.A. No. 11-1007-SLR-CJB, 2013 WL 12171721, at *7-8 (D. Del.

June 25, 2013)).  Accordingly, based on the chart of log entries provided at Exhibit B to

·AgroFresh's May 9, 2018 letter submission (D.I. 180), Decco is ordered to produce twenty (20)

documents from the first category, fifteen (15) documents from the second category, and fifteen

(15) documents from the third category.  The parties confirmed on the record during the May 15,

2018 teleconference that they resolved the dispute as it pertained to the fourth category of

documents.  The *in camera* production shall be made to the court on or before **May 30, 2018** by

submitting the documents to the Clerk's Office in a sealed envelope labeled "Confidential."

7.      **Prosecution bar.**  Decco's request to include a prosecution bar in the parties'

stipulated protective order is denied.  A party seeking to include a patent prosecution bar in a

---

[2] The dispute regarding the common interest privilege extends to four categories of documents:
(1) communications between Mir and his counsel with copies to Decco employees and/or
attorneys, (2) communications between Mir and Decco employees involving no attorneys, (3)
communications between Decco employees and Decco attorneys on which Mir is copied, and (4)
documents related to the negotiations between Decco and MirTech concerning their joint venture
which eventually resulted in the formation of Essentiv LLC. (D.I. 180 at 2-3)  Decco has agreed
to produce documents in the fourth category. (*Id.* at 2 n.1)  Mir and MirTech have waived any
privilege as to all categories of documents, but have not produced the documents because of
Decco's assertion of privilege. (*Id.* at 2)

protective order bears the burden of showing good cause for the prosecution bar. *See In re Deutsche Bank Trust Co. Ams.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010). Prosecution bars are evaluated on a counsel-by-counsel basis, and the analysis focuses on whether the patent prosecution activities entail competitive decisionmaking. *Id.* at 1378-79. The court must then balance the risk of inadvertent disclosure or competitive harm against the potential harm to the opposing party from limiting its choice of counsel. *Id.* at 1380.

8.      In the present case, Decco seeks to apply the proposed prosecution bar to AgroFresh's only in-house attorneys, Mr. Thomas Ermi and Mr. Mina Thomas, as well as Mr. Lynn Tyler, AgroFresh's retained litigation counsel who is also involved in the *inter partes* review ("IPR") of the '216 patent. (D.I. 181 at 4) Decco's primary concern is potential competitive harm in the event AgroFresh amends its claims without authorization from the Patent Trial and Appeal Board ("PTAB") through June 8, 2018, or with Board authorization thereafter, following Decco's production of its "highly confidential technical information." (*Id.*)

9.      As a preliminary matter, Mr. Ermi and Mr. Thomas are barred from receiving materials designated Highly Confidential under the terms of the existing protective order. (D.I. 17 at 11-13) The record further reflects that neither Mr. Ermi nor Mr. Thomas is a registered patent attorney, and neither communicates directly with the Patent and Trademark Office ("PTO"). (D.I. 181, Ex. 13) Consequently, a prosecution bar is not necessary to prevent the disclosure of Decco's highly confidential technical information to Mr. Ermi or Mr. Thomas.

10.      Moreover, the present record is replete with representations by AgroFresh that it will not amend the claims of the '216 patent, and that Mr. Tyler does not handle AgroFresh's patent portfolio and is not involved in pricing or competitive strategy for the company. (D.I. 183 at 4; 5/15/18 Tr.) Decco has not met its burden by citing the involvement of Mr. Tyler, Mr.

4

Ermi, and Mr. Thomas in the litigation as well as the parallel proceedings before the PTO, and speculating that these attorneys will "likely" participate in strategic considerations to amend the claims of the '216 patent.  On balance, AgroFresh's right to have the benefit of counsel of its choice outweighs Decco's concerns regarding inadvertent disclosure of highly confidential information.  *See Xerox Corp. v. Google, Inc.*, 270 F.R.D. 182, 185 (D. Del. 2010) (explaining that a plaintiff "has a legitimate interest in formulating a coherent and consistent litigation strategy.").

11.     **Conclusion.**  In view of the foregoing analysis, on or before May 30, 2018, Decco is ordered to produce a sampling of documents for *in camera* review in the following manner: (1) twenty (20) documents from the first category identified at D.I. 180, Ex. B; (2) fifteen (15) documents from the second category identified at D.I. 180, Ex. B; and (3) fifteen (15) documents from the third category identified at D.I. 180, Ex. B.  Decco's request to include a prosecution bar in the parties' stipulated protective order is denied.

12.     Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties.  In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties should jointly submit a proposed redacted version by no later than **May 30, 2018**.  The court will subsequently issue a publicly available version of its Memorandum Order.

13.     This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each.

**14.**     The parties are directed to the court's Standing Order For Objections Filed Under

Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website,

www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge