# BARNES & THORNBURG LLP

1000 N. West Street, Suite 1500
Wilmington, Delaware 19801
(302) 300-3434
Fax (302) 300-3456

Chad S.C. Stover.
(302) 300-3474
Email: chad.stover@btlaw.com

November 1, 2018

**REDACTED VERSION FILED ON NOVEMBER 8, 2018**

**VIA CM/ECF AND HAND DELIVERY**
The Honorable Sherry R. Fallon
United State District Court for the
 District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3570

Re: *AgroFresh Inc. v. MirTech, Inc., et al.,* C.A. No. 16-662-MN-SRF

Dear Judge Fallon:

This is AgroFresh's letter brief submitted in preparation for the discovery dispute teleconference set for November 7, 2018 at 11 a.m. The parties dispute the proper location for depositions of defendant UPL Ltd.'s witnesses. AgroFresh noticed the deposition of Rohit Kumar (UPL's Vice President-Legal) for October 25, 2018, in Delaware. D.I. 246. AgroFresh has also requested the depositions of Sagar Kaushik (UPL's COO) and a corporate Rule 30(b)(6) designee for UPL. UPL has taken the position that these depositions must take place in India.

Hoping to reach a compromise without involving the Court, AgroFresh offered to take the depositions at any mutually agreeable location in the U.S. And then in a further compromise attempt, AgroFresh offered "to take these depositions in London on November 6th and 7th." *See* Oct. 19, 2018 email from C. Stover, attached as Ex. A. UPL rejected all of AgroFresh's compromise attempts.

As explained below, the Court should order UPL to produce its witnesses in Delaware or Washington, D.C. because the relevant factors of cost, convenience, litigation efficiency, location of counsel, and how often the witnesses travel to the U.S. all favor Delaware or Washington, D.C.

## BRIEF STATEMENT OF RELEVANT FACTS

UPL is a world-wide corporate conglomerate with annual revenues of over $2 billion. *See* 2017-18 Annual Report at 9 and 16, available at https://www.uplonline.com/financial_pdfs/6JH7hhQbHyFmaf0a2EmE8OpA6Theba2eDlKAb0HW/UPL-ANNUAL-REPORT-2017-18-Hyperlink.pdf. North America is a "key market" for UPL. *Id*. at 24. UPL has two manufacturing locations in the U.S. *Id*. at 17. UPL has at least seven U.S. subsidiaries. *Id*. at 281. UPL incorporated six of these seven subsidiaries in Delaware, including Decco US Post

The Honorable Sherry R. Fallon
November 1, 2018
Page 2

Harvest Inc., a co-defendant in this case. *See id*. at 86 and Ex. B (records from State of Delaware, Division of Corporations), attached hereto. UPL incorporated the seventh entity, Cerexagri, Inc., also a co-defendant in this case, in Pennsylvania, but registered it to do business in Delaware. *Id*.

In addition to these many contacts with the U.S., and Delaware in particular, UPL filed an *Inter Partes* Review petition against the '216 patent at issue in this litigation with the Patent Trial and Appeal Board in Washington, D.C. The IPR was instituted, and UPL and its counsel at Finnegan have fully participated in the IPR proceeding.

Directly related to the fraud and other tort claims asserted in this litigation, UPL is a party to a written agreement with Dr. Nazir Mir and MirTech. D.I. 241, Ex. 13. This agreement was entered into in furtherance of the defendants' fraudulent scheme to develop, market, and sell the accused product, TruPick.  *Id*.

Mr. Kaushik is the COO of "global business" for UPL. *See* https://www.indiainfoline.com/article/capital-market-corporate-news/united-phosphorus-appoints-sagar-kaushik-as-coo-global-business-114021329508_1.html. In this role he travels internationally, including to the U.S., with great frequency. A quick internet search shows Mr. Kaushik at various international conferences, including one in Washington, D.C. (https://www.flickr.com/photos/ifpri/30287505286/in/photostream/). Related to this case, *See* DECCO-00087461, attached as Ex. D.

Mr. Kumar, the other witness AgroFresh seeks to depose, also travels to the United States frequently. For instance, *See* Ex. C. AgroFresh's counsel also recalls that Mr. Kumar attended parts of the trial before Judge Robinson in Phase I of this case.

UPL has fully participated in this Delaware litigation. UPL has not challenged this Court's jurisdiction over it. Because UPL filed a partial motion to dismiss (D.I. 131, fully briefed, still pending) and has not yet filed an answer, UPL has not yet asserted counterclaims in this case. But UPL has served invalidity contentions against all three asserted patents and filed the aforementioned IPR petition against the '216 patent, making it almost certain that UPL will file counterclaims of invalidity after its partial motion to dismiss is decided, and likely other counterclaims.

BARNES&THORNBURGLLP

The Honorable Sherry R. Fallon
November 1, 2018
Page 3

## LEGAL STANDARD

"Under the Federal Rules of Civil Procedure and our jurisprudence, district courts have broad discretion to manage discovery." *Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (3d Cir. 1995). "As to depositions of a corporation by its agents or officers, this Court has noted that there is a 'general presumption' that such depositions 'should ordinarily be taken at [the corporation's] principal place of business,'" but it has also recognized that this principle is subject to modification 'when justice requires.'" *Invensas Corp. v. Renesas Elecs. Corp.*, No. CA 11-448-GMS-CJB, 2012 WL 2501106, at *2 (D. Del. June 27, 2012) (citations omitted). "[A]s one court has explained, [it] 'is not a presumption at all. Indeed it is the antithesis of a presumption.'" *In re Fisker Auto. Holdings, Inc. S'holder Litig.*, No. CV 13-2100-DBS-SRF, 2017 WL 2538567, at *3 (D. Del. June 12, 2017) (citations omitted) (finding that New York should be the default deposition location for a former director who resided in Hong Kong).

When considering the proper location for a deposition, courts consider the "cost, convenience, and litigation efficiency" of each location suggested by the parties. *In re Fisker*, 2017 WL 2538567, at *3. "The parties should also consider where counsel for both parties are located, how often [the deponents] travel to the United States, whether [the deponents] have future plans to travel to the United States, and how the time zone of specific locations may impact proceedings. *Id*.

## ARGUMENT

The relevant factors strongly show that the depositions of Rohit Kumar, Sagar Kaushik, and any Rule 30(b)(6) designee of UPL should proceed in Delaware or Washington, D.C,—not in India.

The Scheduling Order in this case, as in almost all cases in this District, requires that "[a]ny party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district." D.I. 122 at 3. The Order goes on to clarify that "[a] defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision." *Id.* at 4. Here, UPL is effectively a counterclaimant because when UPL answers it will almost certainly assert counterclaims of patent invalidity. UPL has already acted as a counterclaimant by filing an IPR petition against the '216 patent and serving extensive invalidity contentions in this litigation. For this reason alone, the Court should order UPL to bring its representatives to Delaware for deposition.

The location of counsel also strongly favors holding the UPL depositions in Delaware or Washington, D.C. UPL's counsel is located in Washington, D.C. and Delaware. AgroFresh's counsel is located in Indiana and Delaware. This favors holding the depositions in Delaware or Washington, D.C.

3

BARNES&THORNBURGLLP

The Honorable Sherry R. Fallon
November 1, 2018
Page 4

Cost and convenience similarly favor Delaware or Washington, D.C. It would be much less costly and more convenient for two UPL fact witnesses to travel to the U.S. from India rather than forcing counsel for both sides to travel to India. *See Tuesday Morning Corp. v. Tradewinds Textiles, Inc.*, No. 3-11-CV-0359-D, 2011 WL 13234913, at *2 (N.D. Tex. Sept. 6, 2011) (denying motion for protective order and ordering deposition of witness residing in India to take place in Texas; finding "it likely would be less expensive for [witness] to pay between $1,300 and $2,000 to travel from India to the United States than for him to pay for the time spent and costs incurred by one or more of his attorneys to travel from the United States to India."). The travel to India would be inconvenient and would require the attending U.S. attorneys to apply for and receive visas from India. *See* https://indianvisaonline.gov.in/visa/index.html#. This could take a month or more, further delaying the taking of these depositions. It is also much more difficult and time-consuming to arrange for court reporters (especially certified English-language court reporters), videographers, and locations for the depositions in India as compared to the U.S. Further, any deposition in India would require "a commission from a High Court in India." *Life Bliss Found. v. Sun TV Network Ltd.*, No. EDCV13-00393VAP (SPX), 2014 WL 12598859, at *4 (C.D. Cal. May 8, 2014). Forcing these depositions to occur in India is simply not practical given the upcoming fact discovery cut-off of December 19, 2018.

Furthermore, it is important for the court and the depositions to be in the same time zone, so that if necessary the parties can "contact the court in the event a dispute occurs during the deposition itself." *In re Fisker*, 2017 WL 2538567, at *3. Mumbai, India is 9.5 hours ahead of the Eastern U.S. This too favors holding the depositions in Delaware or Washington, D.C.

Finally, both witnesses travel to the U.S. frequently as part of their executive roles in a multi-billion dollar world-wide corporate conglomerate. Mr. Kumar, for instance, has traveled to Delaware in the past to attend proceedings in this litigation. It is reasonable to require these witnesses to appear for depositions in the U.S. because they voluntarily appear here for other business and legal meetings—including proceedings in this case. That they are high-ranking officers in a large, multi-national corporation that has chosen to form many of its subsidiaries in Delaware renders this conclusion all the more reasonable.

For all these reasons, AgroFresh submits that Delaware or Washington, D.C. is the proper, least expensive, and most practical location for the depositions of UPL's representatives.

Respectfully submitted,

*/s/ Chad S.C. Stover*

Chad S.C. Stover (DE Bar No. 4919)

cc: All Counsel of Record (via Email)