IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AGROFRESH INC.,

Plaintiff,

v.

ESSENTIV LLC, DECCO U.S. POST-HARVEST, INC., and CEREXAGRI, INC. d/b/a DECCO POST-HARVEST,

Defendants.

Civil Action No. 16-662-MN-SRF

~~UNDER SEAL~~ Unsealed 11/20/18 (SLF)

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the court in this patent infringement action are the following motions: (1) the motion for an extension of time to amend or supplement identification of trade secrets at issue, filed by plaintiff AgroFresh, Inc. ("AgroFresh") (D.I. 171); (2) the motion to seal the motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b), filed by defendants MirTech, Inc. ("MirTech") and Dr. Nazir Mir ("Dr. Mir") (together, the "MirTech defendants") (D.I. 177); (3) the MirTech defendants' motion for leave to file a sur-reply to the motion to dismiss pursuant to Rule 41(b) (D.I. 199); and (4) the motion for an extension of time to join other parties and amend the pleadings, filed by defendants Decco U.S. Post-Harvest, Inc., Cerexagri, Inc. d/b/a Decco Post-Harvest, and UPL, Ltd. (collectively, "Decco") (D.I. 179). For the following reasons: (1) AgroFresh's motion for an extension of time to amend or supplement its identification of trade secrets at issue (D.I. 171) is DENIED; (2) the motion to seal the MirTech defendants' motion to dismiss pursuant to Rule 41(b) (D.I. 177) is DENIED; (3) the motion to file a sur-reply regarding the MirTech defendants' motion to dismiss pursuant to Rule

41(b) (D.I. 199) is GRANTED-IN-PART; and (4) Decco's motion to extend the time to join parties and amend pleadings under the scheduling order (D.I. 179) is GRANTED.

## II. BACKGROUND

AgroFresh is an Illinois corporation that researches, develops, and sells technology for pre- and post-harvest freshness preservation of fruits, vegetables, and other produce using a synthetic, volatile gas called 1-methylcyclopropene ("1-MCP"). (D.I. 97 at 2; D.I. 106 at ¶ 2) AgroFresh owns patents on technologies used by growers to control the ripening of fruits and vegetables to reduce waste and improve product quality. (D.I. 106 at ¶ 2) AgroFresh's products include SmartFresh, Harvista, and RipeLock. (*Id.*)

Dr. Mir is an inventor and expert in the field of post-harvest technology who has developed technologies relating to 1-methylcyclopropene ("1-MCP"), including an invention that combines 1-MCP with an engineered film known as a modified atmospheric package ("MAP"). (D.I. 97 at 3) MirTech is a New Jersey corporation solely owned by Dr. Mir. (*Id.*) The MirTech defendants collaborated with AgroFresh pursuant to a Consulting Services Agreement and a Commercial Agreement to develop the RipeLock technology, which combined AgroFresh's 1-MCP expertise with Dr. Mir's modified atmosphere package ("MAP") technology. (*Id.* at 4-5)

Decco U.S. Post-Harvest, Inc. is a Delaware corporation with a principal place of business in California. (D.I. 97 at 2) Cerexagri d/b/a Decco Post-Harvest is a Pennsylvania corporation with a principal place of business in Pennsylvania. (*Id.*) On November 30, 2014, Dr. Mir executed a letter of intent to form a strategic alliance with Decco for the commercialization of the technologies he developed as embodied by the provisional patent application related to United States Patent No. 9,394,216 ("the '216 patent"). (D.I. 181, Ex. 6;

D.I. 97 at 11) Essentiv LLC is a Delaware limited liability company formed in accordance with a joint venture of MirTech and Decco, as contemplated by the letter of intent. (D.I. 97 at 2)

On August 3, 2016, AgroFresh filed a complaint against defendants. The complaint arises out of a failed business relationship between AgroFresh and MirTech, and includes claims of ownership of certain intellectual property, breach of contract, tortious conduct, and patent infringement. In October 2016, the parties filed a joint motion to bifurcate Counts I and IV of the complaint, claiming that prioritizing the cause of action for ownership of the '216 patent and the fraudulent inducement claim would simplify and clarify the disputed issues in the case, likely facilitate resolution, and result in economies for the court and the parties. (D.I. 18) The court granted the motion, and held a bench trial on Counts I and IV from March 20 to March 22, 2017. In its Findings of Fact and Conclusions of Law, entered on June 30, 2017, the court entered judgment in favor of AgroFresh and against the MirTech defendants on Counts I and IV. Specifically, the court concluded that the '216 patent was an improvement related to the product which was automatically assigned to AgroFresh, and Dr. Mir fraudulently induced AgroFresh into executing an extension to various agreements by not disclosing the '216 patent disclosure or Dr. Mir's business relationship with Decco. (D.I. 97 at 33-34)

Following the court's decision, AgroFresh filed its first amended complaint ("FAC") against the same original parties and added UPL Ltd. as a defendant. (D.I. 106) The FAC added causes of action under the Defend Trade Secrets Act, the Pennsylvania Trade Secrets Act, and related tort theories. (*Id.*) On September 15, 2017, the MirTech defendants and AgroFresh executed a private settlement agreement (the "Settlement Agreement"). (D.I. 178, Ex. A) On September 18, 2017, the MirTech defendants entered into a final consent judgment with AgroFresh, pursuant to which they "consent[ed] to a judgment establishing liability" for all

counts alleged against them and "agree[d] to remit payment . . . to compensate AgroFresh," including $340,000 in damages. (D.I. 115)

On September 22, 2017, the MirTech defendants provided AgroFresh a complete list of inventions, discoveries, and improvements related to 1-MCP in accordance with the Settlement Agreement and consent judgment. The Settlement Agreement required AgroFresh to dismiss the MirTech defendants from the action without prejudice by September 25, 2017. On September 29, 2017, a scheduling order was entered on the remaining counts of the FAC, and Dr. Mir sat for a deposition pursuant to the terms of the Settlement Agreement. (D.I. 122) On October 15, 2017, the MirTech defendants executed a series of documents to assign the intellectual property rights to AgroFresh.

## III. DISCUSSION

### A. Motion to Extend Deadline to Supplement or Amend Identification of Trade Secrets at Issue

#### 1. Legal standard

If a party seeks to extend a deadline imposed by the scheduling order, the court must apply the "good cause" standard in accordance with Rule 16 of the Federal Rules of Civil Procedure. *Carrier Corp. v. Goodman Global, Inc.*, 49 F. Supp. 3d 430, 433 (D. Del. 2014). Pursuant to Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "The good cause element requires the movant to demonstrate that, despite diligence, the proposed claims could not have been reasonably sought in a timely manner." *Venetec Int'l v. Nexus Med.*, 541 F. Supp. 2d 612, 618 (D. Del. 2010). "[T]he good cause standard under Rule 16(b) hinges on the diligence of the movant, and not on the prejudice to the non-moving party." *Id.* "Whether or not the requirements of Rule 16(b) have been met is a procedural issue not pertaining to the patent laws, and therefore regional circuit law applies to

this question." *See Slip Track Sys., Inc. v. Metal-Lite, Inc.*, 304 F.3d 1256, 1270 (Fed. Cir. 2002).

**2. Analysis**

In support of its motion to modify the scheduling order pursuant to Rule 16(b)(4), AgroFresh requests an extension of the deadline to supplement or amend its identification of the trade secrets at issue from the April 23, 2018 deadline set forth in the scheduling order to June 22, 2018. (D.I. 171 at 4) According to AgroFresh, the April 23, 2018 deadline was set during the scheduling conference so that AgroFresh could review Decco's document production and take depositions before AgroFresh supplemented its identification of the trade secrets at issue. (*Id.* at 1) However, AgroFresh indicates that Decco had not yet produced any documents in response to AgroFresh's document requests. (*Id.* at 2-3)

In response, Decco alleges that AgroFresh has failed to establish good cause because Decco has produced documents and deposition testimony relevant to AgroFresh's trade secrets claims. (D.I. 175 at 2-3) Decco does not object to AgroFresh renewing its motion in the future if yet-to-be-taken discovery reveals information that would support genuinely new trade secret allegations. (*Id.* at 3)

AgroFresh's motion to extend the deadline is denied without prejudice. The request forming the basis of the motion is moot because the June 22, 2018 proposal has passed. Since the completion of briefing on the pending motion, AgroFresh has provided no update regarding the status of document production. Going forward, AgroFresh may renew its motion if additional discovery supports new trade secret allegations. To the extent that AgroFresh cites purported deficiencies in Decco's document production, such issues are properly the subject of a discovery dispute.

**B. Motion to Seal the Rule 41(b) Motion to Dismiss**

The motion to seal filed by the MirTech defendants is denied as moot. The District of Delaware Local Rules provide that "[d]ocuments placed under seal must be filed in accordance with CM/ECF Procedures, unless otherwise ordered by the Court." D. Del. LR 5.1.3. The Local Rules do not require a party to seek leave of court prior to filing a document under seal, and the MirTech defendants' motion to dismiss was filed under seal in the first instance. Consequently, the motion for leave to file the motion to dismiss under seal is moot.

In support of the motion for leave to file the motion to dismiss under seal, the MirTech defendants represented that they "will comply with all applicable procedures regarding filing documents under seal through the Court's CM/ECF system, including the requirement to file a redacted version of the documents within seven (7) days." (D.I. 177 at 2) Section G of the Administrative Procedures Governing Filing and Service by Electronic Means requires that a redacted version of any sealed document must be filed electronically within seven days of the filing of the sealed document. The docket in the above-captioned case indicates that, to date, the MirTech defendants have not filed a redacted version of their pending motion to dismiss at D.I. 178, despite the representations made in their motion for leave to file the motion to dismiss under seal. Consequently, the MirTech defendants are directed to file a redacted version of the motion within seven (7) days of the date of this Memorandum Opinion. Failure to do so will result in the motion to dismiss filed at D.I. 178 being unsealed and made available for public view.

**C. Motion for Leave to File a Surreply**

The MirTech defendants also filed a motion for leave to file a surreply brief in response to AgroFresh's answering brief. (D.I. 199) Local Rule 7.1.2(b) provides that,

> [u]nless otherwise ordered, once a motion has been deemed served, the response thereto shall be filed within 14 days, as calculated consistent with Fed. R. Civ. P.

> 6(a) and CM/ECF Procedures. Once the responsive papers have been deemed served, the moving party may file a reply within 7 days, as calculated consistent with Fed. R. Civ. P. 6(a) and CM/ECF Procedures. Except for the citation of subsequent authorities, no additional papers shall be filed absent Court approval.

D. Del. LR 7.1.2(b). The court may grant leave to file a surreply if it responds to new evidence, facts, or arguments. *See Novartis AG v. Actavis, Inc.*, 243 F. Supp. 3d 534, 540 (D. Del. 2017) (citing *St. Clair Intellectual Prop. Consultants, Inc. v. Samsung Elecs. Co.*, 291 F.R.D. 75, 80 (D. Del. 2013)). A surreply is generally understood to be a response to new arguments or facts raised in a reply brief. *See Novartis*, 243 F. Supp. 3d at 540 (addressing plaintiffs' request to file a surreply to respond to an argument raised by defendants in their reply brief); *Molina Info. Sys., LLC v. Unisys Corp.*, C.A. No. 12-1022-RGA, 2016 WL 4925005, at *4 (D. Del. Sept. 14, 2016) (denying as moot a motion for leave to file a surreply in response to a reply brief).

In this instance, the MirTech defendants were permitted to file a reply brief as a matter of right within seven days of AgroFresh's answering brief,[1] which was filed on June 18, 2018. Mir and MirTech did not file a reply brief within the allotted time, nor did they seek an extension to do so. The pending motion for leave to file a surreply was filed on July 2, 2018, one week past the deadline established under the Local Rules for filing a reply brief. The record suggests that the MirTech defendants intended the proposed surreply brief to serve as a response to AgroFresh's answering brief, as confirmed by the title of the motion: "Defendants MirTech, Inc. And Nazir Mir's Motion For Leave Of Court To File A Sur-Reply In Response To Plaintiff AgroFresh's Response In Opposition To Defendants' Motion To Dismiss Pursuant To Court Order And Rule 41(b) Of The Federal Rules Of Civil Procedure." AgroFresh did not oppose the

[1] In the motion for leave to file a surreply, Mir and MirTech state that, "[o]n June 18, 2018, Plaintiff Agrofresh filed its response in opposition to Defendants' Motion to Dismiss (hereinafter 'the Reply')." (D.I. 199 at 2) It is unclear from the present record what led the MirTech defendants to characterize AgroFresh's answering brief as a reply.

MirTech defendants' motion for leave to file a surreply, or otherwise cite any prejudice that would arise from permitting the filing. In view of the unique circumstances before the court, and in the interests of promoting efficiency, the court will consider the substance of the surreply,[2] and will treat the filing as a reply brief in reaching its recommendation on the MirTech defendants' motion to dismiss. Accordingly, Mir and MirTech's motion for leave to file a surreply is granted-in-part.[3]

### D. Motion to Extend Time to Join Parties and Amend Pleadings

Decco's motion to extend the deadline to join parties and amend or supplement the pleadings until two weeks after the issuance of the court's Report and Recommendation on Decco's pending motion to dismiss is granted. (D.I. 179) AgroFresh does not formally oppose Decco's pending motion to extend time, and the parties do not dispute that Decco should have the opportunity to file an answer to the complaint following the issuance of a decision on the motion to dismiss. (D.I. 179 at ¶ 9) For these reasons, the motion is granted.

## IV. CONCLUSION

For the foregoing reasons, the pending motions are addressed as follows:

(1) AgroFresh's motion to extend the deadline to supplement or amend the identification of trade secrets at issue (D.I. 171) is DENIED as moot, without prejudice to renew.

(2) The MirTech defendants' motion to seal the motion to dismiss (D.I. 177) is DENIED

---

[2] The MirTech defendants did not file a proposed surreply brief as an attachment to the motion for leave to file a surreply in accordance with the standard practice. However, the MirTech defendants addressed the substance of their proposed surreply within the text of the motion for leave to file a surreply. (D.I. 199 at 3-5)

[3] Specifically, the motion is granted to the extent that the court will consider the substance of the filing in resolving the subject motion to dismiss. However, the motion is procedurally improper for the foregoing reasons, and shall be treated as a reply brief in accordance with the record before the court.

as moot, and the MirTech defendants are directed to file a redacted version of the motion within seven (7) days of the date of this Memorandum Opinion. Failure to do so will result in the motion to dismiss filed at D.I. 178 being unsealed and available for public view.

(3) The MirTech defendants' motion for leave to file a surreply brief (D.I. 199) is GRANTED-IN-PART.

(4) Decco's motion to extend time to join parties and amend or supplement the pleadings until two weeks after the issuance of a decision on the pending motion to dismiss (D.I. 179) is GRANTED.

(5) An Order consistent with this Memorandum Opinion shall issue.

Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Opinion under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Opinion should be redacted, the parties should jointly submit a proposed redacted version by no later than **November 26, 2018**. The court will subsequently issue a publicly available version of its Report and Recommendation.

This Memorandum Opinion is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Opinion. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P.

72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Dated: November 16, 2018

Sherry R. Fallon
United States Magistrate Judge