

Frederick L. Cottrell III
302-651-7509
Cottrell@rlf.com

November 21, 2018

**VIA CM/ECF & HAND DELIVERY**     REDACTED
                                  PUBLIC VERSION

The Honorable Sherry R. Fallon
United States District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

        Re:    *AgroFresh Inc. v. MirTech, Inc., et al.*, C.A. No. 16-662-MN-SRF

Dear Magistrate Judge Fallon:

        During the November 7 teleconference, AgroFresh sought to conduct three India depositions—a Rule 30(b)(6) deposition and two Rule 30(b)(1) depositions—during the week of December 10.  Nov. 7 Hr'g Tr. at 53:13–21 (Ex. 1).  UPL's counsel subsequently worked with UPL and its witnesses to prioritize AgroFresh's request.  UPL promptly offered three full days of testimony during the week of December 10 as AgroFresh requested.  *See* Williamson Nov. 13 and Nov. 15 Emails (Ex. 2).  Despite already having a business trip scheduled in Dubai for that entire week, Mr. Kumar agreed to accommodate AgroFresh by postponing his trip until December 11th so he can be available for deposition on December 10th.  Mr. Kaushik also had prior business engagements, but he too adjusted his schedule to accommodate AgroFresh, providing himself on December 13th and 14th.  UPL has thus offered to provide three full days of deposition testimony, with the witnesses agreeing to sit for "long days," if necessary, during the week AgroFresh requested:

- Rohit Kumar—UPL's General Counsel—on December 10 for 30(b)(1) and certain 30(b)(6) topics (7 hours or more if necessary);

- Sagar Kaushik—UPL's former COO—on December 13 for 30(b)(1) and remaining 30(b)(6) topics (7 hours or more if necessary);

- Sagar Kaushik on December 14 for any remaining testimony (7 hours).

        Yet AgroFresh has refused this solution, instead demanding that (1) UPL's witnesses must appear on the exact dates, times, and sequences that AgroFresh dictates, (2) it is entitled to four full days of deposition testimony, and (3) the depositions must begin at 2:30 p.m. local India time.  AgroFresh's demands are a striking departure from the parties' practices to date in scheduling depositions, whereby counsel work together to find deposition dates and times that accommodate the schedules of respective counsel and, most important, the witnesses.

        Given its insistence on the week of December 10, AgroFresh has offered no reason to deviate from UPL's proposed schedule.  Noticeably absent from AgroFresh's motion is *any reason*

■ ■ ■

November 21, 2018
Page 2

on why it must take UPL's 30(b)(6) before the 30(b)(1) depositions, why it must take these depositions on the particular days when the witnesses are unavailable, or why it needs two full days of 30(b)(6) testimony. Even a cursory review of AgroFresh's 14-Topic 30(b)(6) Notice reveals that two days of corporate testimony for UPL (a party with a tangential connection to the key conduct in this case) is unnecessary. Many topics are almost entirely duplicative of the witnesses' personal knowledge (e.g., Topic 11, Mr. Kaushik's and Mr. Kumar's travel schedules). *See* D.I. 296-3. Other topics are simply improper—designed to harass high-ranking UPL witnesses and pry into clearly privileged subject matter. *See id.* at Topic 5 (advice of counsel given to UPL), Topic 8 (UPL corporate compliance relating to the avoidance of foreign corrupt practices, misappropriation of intellectual property, or industrial espionage), Topic 9 (indictments, criminal prosecutions, or civil proceedings filed against UPL or other misappropriation of business confidential information or trade secrets). UPL will stand on its objections. *See* Ex. 3 (UPL's November 13, 2018 Objections and Responses to AgroFresh's 30(b)(6) Notice).[1]

Because UPL anticipates Mr. Kaushik will handle most of the noticed topics, Mr. Kumar should be able to complete his 30(b)(1) deposition and what brief 30(b)(6) testimony he may have in a single day. Mr. Kaushik should easily be able to handle his personal deposition and the rest of the 30(b)(6) testimony on his two available days. There is no need for four full days of testimony, and judicial economy favors conducting these depositions in one week—the same week AgroFresh requested—when the witnesses are available and while UPL's counsel will be in India.

**For the India depositions alone, AgroFresh has suddenly disregarded the parties' prior practice on scheduling**

There have been five depositions so far in Phase II (three Decco witnesses, two AgroFresh), and numerous others have been noticed. To date, absent prior agreement, the parties have not conducted a single deposition on the originally requested date. Instead, they have worked together on scheduling, trying to accommodate counsel's and the witnesses' availability. *See, e.g.*, Ex. 4 (showing numerous correspondence seeking to find convenient dates, times, and locations for depositions the first week of December). Defendants believe this practice should continue to be the standard for scheduling depositions. AgroFresh appears to believe so, too, having contacted Defendants on Monday to indicate that depositions the Defendants duly noticed for November 27 and November 30 should be moved to December to account for AgroFresh's counsel's unavailability. *See* MacGill Nov. 19 Email (Ex. 5). So the unyielding insistence that witnesses be provided exactly as noticed is apparently not a practice AgroFresh will accept for its own witnesses. While Defendants would prefer to continue to work with AgroFresh to accommodate deposition schedules, if AgroFresh maintains its position—as it has done in this motion—that depositions must occur exactly as noticed, then Defendants will expect that practice to be a two-way street and will expect AgroFresh's witnesses to be provided exactly as noticed. But

---

[1] AgroFresh has twice amended its Rule 30(b)(6) Notice. UPL's served its objections and responses to AgroFresh's first amended notice on November 13, 2018. *See* Ex. 3. AgroFresh modified its notice the next day. *See* D.I. 296-3. Although the breadth of the topics is largely the same, and the topics remain objectionable for the same reasons, UPL intends to serve updated objections today.

November 21, 2018
Page 3

Defendants believe neither they nor AgroFresh should depart from their prior course of conduct. All depositions—including those of Mr. Kumar and Mr. Kaushik—should be scheduled with counsel's and the witnesses' availability in mind.

### Depositions of UPL's witnesses should occur during (or close to) normal business hours in India

For several reasons, AgroFresh's purported concerns on start times are misguided. First, AgroFresh incorrectly asserts that "UPL wants to *start* the depositions at 10:30 p.m. Eastern US time and continue through the night." D.I. 296 at 2. Not so. UPL does not care when the depositions start or end, as long as they occur within a reasonable time before or after normal business hours in India (e.g., 8 a.m. to 7 p.m.). Second, AgroFresh's own proposal indicates that start times are not an issue. According to AgroFresh, it wants to start at 2:30 p.m. in India and "stay modestly past the normal close of business in India." D.I. 296 at 2. The normal close of business in India is around 5 p.m., so a generous estimate of "modestly past" normal business hours suggests AgroFresh only seeks a deposition lasting about 4 to 5 hours. It could easily accomplish that length of deposition within the window offered by UPL by staying up late or getting up early in the United States. So, unless AgroFresh does not intend to stand by its representation on the duration of these depositions, its counsel will not have to "work through the entire night," as it has suggested. D.I. 296 at 2.

Finally, because depositions usually take place during business hours where the deponent is located, *Realty Int'l Assocs., Inc. v. Capital Fund Sec.*, 2013 WL 12329721, at *4–5 (D.N.M. Aug. 29, 2013) (rejecting counsel's attempt to set a videoconference deposition only during business hours in the United States because doing so would inconvenience opposing counsel and the deponent, both of whom would be in Ireland for the deposition), any problem associated with the timing of these video depositions has been self-inflicted by AgroFresh. Notwithstanding its prior representation to this court that video conferencing was not a feasible alternative (Ex. 1 at 40:15–20), and despite UPL's counsel's offer to assist AgroFresh's counsel with obtaining a travel Visa, *see* Williamson Nov. 12 Email (Ex. 6), counsel for AgroFresh have now changed course, deciding to "take these depositions by video." D.I. 296 at 1, n.1. Had AgroFresh's counsel travelled to India, as it intimated it needed to, timing would not be an issue. AgroFresh simply seeks to shift a burden it created onto UPL's witnesses to avoid a few atypical work days in the United States. Given the standard practice on deposition timing and AgroFresh's last-minute choice to proceed by video, AgroFresh should not be rewarded for seeking the convenience of staying at home. These depositions should occur within a reasonable time before or after normal business hours in India.

Accordingly, UPL requests that the Court deny AgroFresh's motion and direct the parties to conduct the depositions on December 10th, 13th, and 14th (as proposed by UPL) between the hours of 8 a.m. and 7 p.m. India Standard Time.

November 21, 2018
Page 4

Respectfully,

*/s/ Frederick L. Cottrell, III*

Frederick L. Cottrell, III (#2555)

cc: Counsel of Record (via CM/ECF)

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2018, a true and correct copy of the foregoing

document was served upon the following attorneys of record by electronic mail:

Chad S.C. Stover (No. 4919)
BARNES & THORNBURG LLP
1000 N. West Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 300-3474
Facsimile: (302) 300-3456
cstover@btlaw.com

Robert D. MacGill
Deborah Pollack-Milgate
Joseph T. Wendt
Jessica M. Lindemann
BARNES & THORNBURG LLP
II South Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
rmacgill@btlaw.com
dmilgate@btlaw.com
jwendt@btlaw.com
jessica.Lindemann@btlaw.com


*/s/ Nicole K. Pedi*
Nicole K. Pedi (#6236)
Pedi@rlf.com