IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AGROFRESH INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ESSENTIV LLC, DECCO U.S. POST-HARVEST, )<br>INC., and CEREXAGRI, INC. d/b/a DECCO )<br>POST-HARVEST, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 16-662-MN-SRF<br><br>UNDER SEAL  *unsealed*<br>12/19/18 |

## MEMORANDUM ORDER

At Wilmington this 11th day of **December, 2018**, the court having considered the parties' letter submissions and the arguments presented during the September 4, 2018 discovery dispute hearing (D.I. 223; D.I. 225; D.I. 232; 9/4/18 Tr.), IT IS HEREBY ORDERED THAT defendant Decco U.S. Post-Harvest, Inc.'s ("Decco") motion to compel the production of settlement-related documents is denied, and its motion to compel the production of Dr. Mir's September 29, 2017 deposition transcript is granted.[1]

1. **Background.** Plaintiff AgroFresh Inc. ("AgroFresh") researches, develops, and sells technology for pre- and post-harvest freshness preservation of fruits, vegetables, and other produce using a synthetic, volatile gas called 1-methylcyclopropene ("1-MCP"). (D.I. 97 at 2) Dr. Nazir Mir ("Dr. Mir") is an inventor and expert in the field of post-harvest technology who has developed "1-MCP related technologies," including an invention that combines 1-MCP with an engineered film called a Modified Atmospheric Package ("MAP"). (*Id.* at 3) MirTech, Inc.

---

[1] During oral argument, AgroFresh disputed the designation of the transcript as a "deposition." (9/4/18 Tr. at 13:10-22; 16:12-17:17) However, regardless of its characterization and for ease of reference, the court will herein refer to the transcript in issue as a "deposition."

("MirTech;" together with Dr. Mir, the "MirTech defendants") is a company solely owned by Dr. Mir. (*Id.* at 2)

2.  On August 3, 2016, AgroFresh filed a complaint against the MirTech defendants and Decco (collectively, "defendants"). (D.I. 2 at ¶ 1) The complaint arises out of a failed business relationship between AgroFresh and MirTech, and includes claims of ownership of certain intellectual property, breach of contract, tortious conduct, and patent infringement.

3.  In October 2016, the parties jointly moved to bifurcate Counts I and IV of the complaint to simplify and clarify the disputed issues in the case. (D.I. 18) The court held a bench trial in March 2017 on the bifurcated counts, and issued an opinion outlining the findings of fact and conclusions of law on June 30, 2017. (D.I. 97) Specifically, the court concluded that all improvements to the technology were automatically assigned to AgroFresh, including the technology covered by the '216 patent. Moreover, the court determined that Dr. Mir fraudulently induced AgroFresh into executing an extension to the Agreements by not disclosing either the '216 patent technology or his business relationship with Decco. (*Id.* at 33-34)

4.  On August 18, 2017, AgroFresh filed its first amended complaint against defendants. (D.I. 106) On September 15, 2017, AgroFresh executed a settlement agreement with the MirTech defendants, pursuant to which the MirTech defendants admitted the allegations in the first amended complaint and agreed to entry of judgment against them on all counts of the original complaint and the first amended complaint. (D.I. 115 at ¶ 3; D.I. 180, Ex. C) The parties filed a joint motion for entry of a consent judgment in accordance with the settlement agreement. (D.I. 112) On September 18, 2017, the court entered a final consent judgment in favor of AgroFresh and against the MirTech defendants. (D.I. 115) In accordance with the

2

terms of the settlement agreement, Dr. Mir provided sworn testimony to AgroFresh on September 29, 2017. (9/4/18 Tr. at 9:25-10:1)

5. The court held a discovery dispute hearing on September 4, 2018 to address, among other issues, AgroFresh's alleged failure to produce settlement-related documents.

6. **Legal standard.** Several principles inform the court's resolution of the instant discovery dispute. Federal Rule of Civil Procedure 37 provides that, "[o]n notice to other parties and all affected persons, a party may move for an order compelling . . . discovery." Fed. R. Civ. P. 37(a)(1). A motion to compel brought under Rule 37 is controlled by Rule 26(b)(1), which provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Rule 26 is liberally construed in favor of disclosure because "relevance is a broader inquiry at the discovery stage than at the trial stage." *See Duncan v. Black*, 2018 WL 317957, at *2 (W.D. Pa. Jan. 8, 2018) (citing *Tele-Radio Sys. Ltd. v. De Forest Elecs., Inc.*, 92 F.R.D. 371, 375 (D.N.J. 1981)).

7. In the present case, the court must weigh the liberal relevance standard of Rule 26 against the policy of promoting settlement under Federal Rule of Evidence 408 because Decco moves to compel the production of settlement-related documents. *See Duncan v. Black*, 2018 WL 317957, at *2 (W.D. Pa. Jan. 8, 2018) (acknowledging the "inherent tension between Fed. R. Evid. 408, which prohibits the use of settlement discussions to prove liability, and Rule 26, which permits liberal discovery."); *Allison v. Goodyear Tire & Rubber Co.*, 2010 WL 3384723,

at *1 (E.D. Pa. Aug. 19, 2010) (recognizing "the interplay of Rule 26 with Federal Rule of Evidence 408, which states that information regarding settlements and negotiation is inadmissible if offered to prove liability for, invalidity of, or amount of a claim."). Under the discovery rules, relevance is broader than admissibility at trial. *Block Drug Co., Inc. v. Sedona Labs. Inc.*, C.A. No. 06-350-MPT, 2007 WL 1183828, at *1 (D. Del. Apr. 19, 2007) (quoting Fed. R. Civ. P. 26(b)(1)). Consequently, evidence of settlement negotiations that would ordinarily be inadmissible under Federal Rule of Evidence 408 may be discoverable under Rule 26. *Id.*

8. To achieve the policy goals of both Rule 26 and Rule 408, courts within the Third Circuit require the moving party to make a "particularized showing" that the evidence sought is relevant and reasonably calculated to lead to the discovery of admissible evidence.[2] *Block Drug*

---

[2] Many of the cited cases track the language of Rule 26 prior to the 2015 amendments, which provided that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Cole's Wexford Hotel, Inc. v. Highmark Inc.*, 209 F. Supp. 3d 810, 820 (W.D. Pa. 2016) (quoting Fed. R. Civ. P. 26(b)(1) (2000)). In 2015, the language of Rule 26(b)(1) was amended to remove any reference to the subject matter of the action, and to eliminate the language requiring that the discovery must appear "reasonably calculated to lead to the discovery of admissible evidence." *Id.* at 820-21. However, "[d]espite the textual changes made to Rule 26(b)(1), the advisory committee notes explain that the meaning and import of Rule 26(b)(1) remains the same, i.e., the court and parties have obligations to analyze whether the discovery sought is relevant to a party's claims or defenses and proportional to the needs of the case." *Id.* at 822; *see also Mylan Pharms. Inc. v. Celgene Corp.*, 2016 WL 2943813, at *6 (D.N.J. May 20, 2016) (observing that "the proportionality and burden requirements were part of former Rule 26."). Cases involving the interplay of Rule 26 with Federal Rule of Evidence 408 following the 2015 amendments to Rule 26 continue to favorably cite this language, confirming that the substance of Rule 26 has not changed. *See Duncan*, 2018 WL 317957, at *3. *But see Berardino v. Prestige Mgmt. Servs., Inc.*, 2017 WL 9690965, at *4 n.3 (D.N.J. Dec. 8, 2017) (disregarding the parties' argument of whether the subpoena is "reasonably calculated to lead to the discovery of admissible evidence" in light of the 2015 amendment to Rule 26 omitting this language). The cases relied upon by the parties on this subject uniformly predate the 2015 amendments to Rule 26, and the parties presented no commentary regarding the impact of the amendment on the applicable legal standard.

*Co.*, 2007 WL 1183828, at *1 (citing *Lesal Interiors, Inc. v. Resolution Trust Corp.*, 153 F.R.D. 552, 562 (D.N.J. 1994); *Fidelity Fed. Sav. & Loan Assoc. v. Felicetti*, 148 F.R.D. 532 (E.D. Pa. 1993)). "At a minimum . . . it is reasonable to require a party seeking discovery of a settlement agreement to show that the agreement is relevant to a permitted purpose under Rule 408." *Spear v. Fenkell*, 2015 WL 3947559, at *2 (E.D. Pa. June 26, 2018). Pursuant to Federal Rule of Evidence 408, permitted purposes include "proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." Fed. R. Evid. 408(b).

9. **Settlement-Related Documents.** In support of its motion to compel the production of settlement-related communications between the MirTech defendants and AgroFresh, Decco explains that the documents are relevant to AgroFresh's consent judgment against an alleged joint tortfeasor, and concern the same facts underlying the dispute between AgroFresh and Decco. (D.I. 223 at 1) According to Decco, the discovery will likely show the MirTech defendants' bias and impeach their credibility. (*Id.* at 2) During oral argument, Decco did not raise bias or impeachment. Instead, Decco asserted that, "given the import of the settlement agreement and consent judgment between AgroFresh and Mir, we contend that we should be entitled to full discovery regarding all of the facts, circumstances, communications, interpretations, drafts, anything else that was shared between AgroFresh and Dr. Mir" to refute AgroFresh's efforts to tie the MirTech defendants' admission of liability to Decco. (9/4/18 Tr. at 6:6-20) In response, AgroFresh contends that it has already produced the settlement agreement and consent judgment, which are integrated contracts incorporating the negotiations that preceded them. (D.I. 225 at 1) AgroFresh alleges that Decco's assertions of bias and impeachment are unsupported. (*Id.* at 2)

5

**10.** Decco's motion to compel the production of settlement-related communications between the MirTech defendants and AgroFresh is denied because Decco has failed to make a particularized showing that the documents would lead to evidence falling within an exception to Federal Rule of Evidence 408. Although the parties do not meaningfully dispute the relevance of the settlement communications to the claims against Decco in the broad context of Rule 26, Decco makes no particularized showing that the agreement is relevant to a permitted purpose under Rule 408. *See Spear v. Fenkell*, 2015 WL 3947559, at *2 (E.D. Pa. June 26, 2018). Instead, Decco repeatedly asserts its need to defend against AgroFresh's allegations of liability. (9/4/18 Tr. at 8:3-15) However, Rule 408 unequivocally states that settlement evidence offered "either to prove or disprove the validity . . . of a disputed claim" is not admissible. Fed. R. Evid. 408(a). Consequently, Decco has not made a particularized showing that it seeks the requested discovery for a permitted purpose under Rule 408.

**11.** Decco claims that "the discovery will likely show the MirTech Defendants' bias and impeach their credibility,"[3] but fails to elaborate or support this assertion either in the papers or during oral argument. (D.I. 223 at 2) Although bias is a permissible purpose under Rule 408, Decco does not identify a particular form of bias by the MirTech defendants in its papers, and did not raise the issue of bias at all during the September 4, 2018 discovery dispute hearing. Thus, Decco has failed to make the requisite particularized showing of relevance. The court's

---

[3] Decco claims that both bias and impeachment "are permissible uses under F.R.E. 408(b)." (D.I. 223 at 2) However, Federal Rule of Evidence 408(a) expressly prohibits the use of evidence of settlement negotiations for impeachment purposes. Fed. R. Evid. 408(a); advisory committee notes to 2006 amendment ("The amendment prohibits the use of statements made in settlement negotiations when offered to impeach by prior inconsistent statement or through contradiction. Such broad impeachment would tend to swallow the exclusionary rule and would impair the public policy of promoting settlements.").

6

independent review of relevant cases within the Third Circuit, as set forth below, further supports this result.

**12.** In *Berardino v. Prestige Management Services, Inc.*, the court concluded that a settlement agreement between the defendant and a third party was relevant, for purposes of bias, to a claim of fraud asserted by the defendant against the plaintiff which was based on testimony and emails from the third party. 2017 WL 9690965, at *5 (D.N.J. Dec. 8, 2017). The court speculated as to the contents of the settlement agreement, contemplating whether it might show that the third party was biased against the plaintiff or the defendant, and suggesting that it "may hold the key to some, all, or none of those (possible) biases." *Id.* The circumstances before the court in *Berardino* are distinguishable from the present case for several reasons. First, the party seeking disclosure of the settlement agreement supported its allegation of bias with potential scenarios, noting that the third party's "testimony may implicate that [the movant] was a direct participant in the international export sales scheme," and the settlement agreement "may include 'conditions or continuing obligations' which are discoverable." *Id.* at *4. In contrast, Decco provides no support for its allegation of bias. Second, the movant in *Berardino* sought production of the settlement agreement itself. *Id.* In the present case, the settlement agreement and consent judgment are already part of the record, and yet Decco points to no conditions or obligations in those documents which would suggest bias on the part of the MirTech defendants.

**13.** Cases evaluating the bias exception of Rule 408 in the context of a motion *in limine* demonstrate the inadequacy of Decco's effort to establish bias in the present case.[4] In

---

[4] Although the cases evaluating motions *in limine* addressed the admissibility at trial of settlement agreements which had already been produced in discovery, the cases inform the court's analysis because the settlement agreement and consent judgment in the instant case are on the record. Decco's inability to make a particularized allegation of bias, despite the availability of the settlement agreement and consent judgment, further supports the court's

7

*Sweeten v. Layson's Home Improvements, Inc.*, the court observed that potential bias could arise from a settlement agreement that created a financial interest for the settling defendants in the outcome of the case against the remaining defendants. 2007 WL 1189359, at *2 (M.D. Pa. Apr. 19, 2007). Similarly, in *E. Allen Reeves, Inc. v. Michael Graves & Associates, Inc.*, the court determined that a settlement agreement obligating a third party to cooperate and assist the plaintiff in obtaining the maximum recovery against the defendant was relevant to a showing of potential bias by the third party. 2015 WL 105825, at *2 (D.N.J. Jan. 7, 2015). Decco has not alleged that the settlement agreement on the record in the present case creates any such conditional financial interest inuring to the benefit of the MirTech defendants.

14. Other cases from within the Third Circuit ordering the production of settlement documents after balancing the policy interests of Rule 26 and Rule 408 offer little analysis of how the particularized showing requirement is satisfied, and do not discuss the distinction between permissible and impermissible uses under Rule 408. *See Duncan*, 2018 WL 317957, at *3 (finding that the requested discovery was within the scope of the 30(b)(6) deposition notice, and that plaintiff "demonstrated a more particularized relevancy of the requested information."); *Fidelity Fed. Sav. & Loan Ass'n v. Felicetti*, 148 F.R.D. 532, 534 (E.D. Pa. May 24, 1993) (finding, without explanation, that plaintiffs met their burden of a particularized showing as to a portion of the documents at issue, and were entitled to discovery of those documents relating to the loans referenced in the amended complaint).

15. In contrast, a majority of cases within the Third Circuit addressing the issue find no particularized showing, highlighting the stringent nature of the inquiry. *See, e.g., Deluxe Bldg. Sys., Inc. v. Constructamax, Inc.*, 2016 WL 10572481, at *2 (D.N.J. May 16, 2016)

---

conclusion in this instance.

(finding that the movant's arguments "amount[ed] to mere speculation that the settlement-related discovery will contain some information . . . that is not already available in the settlement agreement . . . provided to Plaintiff."); *Spear v. Fenkell*, 2015 WL 3947559, at *3 (E.D. Pa. June 26, 2015) (rejecting unsupported speculation that an agreement contained an indemnification provision for future claims as insufficient to establish bias under Rule 408); *Rhines v. United States*, 2014 WL 3829002, at *4 (M.D. Pa. Aug. 4, 2014) (finding that settlements with other prison inmates contained legal and factual variables rendering them irrelevant and potentially misleading); *Allison v. Goodyear Tire & Rubber Co.*, 2010 WL 3384723, at *2 (E.D. Pa. Aug. 19, 2010) (concluding that, although settlement admissions were relevant to the defense's case on damages and apportionment of fault, Rule 408 prohibits the use of settlement negotiations for these exact purposes); *Ford Motor Co. v. Edgewood Properties, Inc.*, 257 F.R.D. 418, 423-24 (D.N.J. 2009) (finding that the defendant failed to make the requisite showing that the discovery would lead to the discovery of admissible evidence).

16. This ruling does not deprive Decco of all evidence regarding the disputed circumstances surrounding the settlement and consent judgment and AgroFresh's alleged attempts to attribute the MirTech defendants' admission of liability to Decco. The parties do not dispute that the settlement agreement and consent judgment have been produced. (9/4/18 Tr. at 9:1-12) Moreover, the record now contains an August 27, 2018 transcript from a proceeding before the Delaware Court of Chancery establishing Dr. Mir's equivocation regarding the admissions of liability he made in the settlement agreement and consent judgment. (D.I. 232, Ex. A at 72-125) Under these circumstances, production of settlement communications between AgroFresh and the MirTech defendants in contravention of Rule 408 is unwarranted.

17. **Dr. Mir's Deposition Transcript.** Pursuant to the terms of the settlement agreement, AgroFresh deposed Dr. Mir on September 29, 2017. Decco moves the court to compel the production of the deposition transcript, asserting that AgroFresh failed to follow the procedures set forth in Rule 30(b)(1). (D.I. 223 at 2) In response, AgroFresh alleges that Dr. Mir's testimony on September 29, 2017 was not a deposition, but rather a sworn statement confirming the MirTech defendants' financial representations in connection with the settlement agreement. (D.I. 225 at 2)

18. Decco's motion to compel the production of Dr. Mir's September 29, 2017 deposition transcript is granted. The record before the court confirms that the testimony proffered by Dr. Mir was a deposition, as opposed to a sworn statement limited to the context of settlement negotiations. The settlement agreement provides that, "within fourteen (14) days of the Effective Date, Nazir Mir shall appear for a deposition regarding his assets and any dispositions of assets since July 1, 2016." (D.I. 223, Ex. 6 at ¶ 6) The MirTech defendants' May 4, 2018 motion to dismiss pursuant to Rule 41(b) also identifies the September 29, 2017 proceeding as a deposition of Dr. Mir. (D.I. 178 at ¶ 4) The record further confirms that on September 29, 2017, an oath was administered to Dr. Mir, he gave answers to AgroFresh's questions under oath, a court reporter was present, and a record of the proceedings was made. (D.I. 223, Ex. 8)

19. Pursuant to Rule 30(b)(1), "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party," stating the time and place of the deposition and the deponent's name and address. Fed. R. Civ. P. 30(b)(1). The advisory committee notes to the 2007 amendments explain that "[t]he right to arrange a deposition transcription should be open to any party, regardless of the means of recording and regardless of

who noticed the deposition." *Id.* The parties do not dispute that Decco was not given notice of the deposition, and AgroFresh has declined to provide either a transcript or the transcriber's contact information to Decco. (9/4/18 Tr. at 9:24-10:17) Under these circumstances, providing Decco an opportunity to obtain the September 29, 2017 deposition transcript is an adequate remedy for AgroFresh's failure to properly notice the deposition.

20. Moreover, having produced the settlement agreement, AgroFresh has not advanced a sufficient reason for withholding the deposition which was required by the terms of the agreement itself. AgroFresh's argument that Decco should obtain Dr. Mir's financial records by subpoena, and then ask Dr. Mir whether his financial status has changed since he gave his sworn statement, is a meaningless exercise in the absence of access to his sworn statement for comparison. (9/4/18 Tr. at 20:1-12)

21. **Conclusion.** In view of the foregoing analysis, Decco's motion to compel the production of settlement-related communications between the MirTech defendants and AgroFresh is denied, and its motion to compel production of Dr. Mir's September 29, 2017 deposition transcript is granted. On or before **December 18, 2018**, AgroFresh must produce the transcript or, alternatively, provide the stenographer's contact information sufficient to enable Decco to obtain it directly from the stenographer.

22. Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties should jointly submit a motion and proposed redacted version by no later than **December 18, 2018**. The court will subsequently issue a publicly available version of its Memorandum Order.

11

**23.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each.

**24.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

```
_____
Sherry R. Fallon
United States Magistrate Judge
```