IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AGROFRESH INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 16-662-MN-SRF |
| ) | |
| ESSENTIV LLC, DECCO U.S. POST-HARVEST, ) | ~~UNDER SEAL~~ |
| INC., and CEREXAGRI, INC. d/b/a DECCO ) | unsealed |
| POST-HARVEST, ) | 12/17/18 |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Presently before the court in this patent infringement action is the motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b), filed by defendants MirTech, Inc. ("MirTech") and Dr. Nazir Mir ("Dr. Mir") (together, the "MirTech defendants"). (D.I. 178) For the following reasons, I recommend that the court grant the MirTech defendants' motion to dismiss pursuant to Rule 41(b), without prejudice.

### II. BACKGROUND

On August 3, 2016, plaintiff AgroFresh, Inc. ("AgroFresh") filed a complaint commencing the instant litigation. The complaint arises out of a failed business relationship between AgroFresh and the MirTech defendants, and includes claims of ownership of certain intellectual property, breach of contract, tortious conduct, and patent infringement. More specifically, Count I of the complaint revolves around the agreements between AgroFresh and the MirTech defendants, and whether the MirTech defendants were obligated to disclose and automatically assign to AgroFresh the rights to U.S. Patent No. 9,394,216 ("the '216 patent"),

which was developed and filed by the MirTech defendants. Count IV of the complaint includes allegations that the MirTech defendants fraudulently induced AgroFresh to sign an extension to the parties' agreements in October 2015.

In October 2016, the parties filed a joint motion to bifurcate Counts I and IV of the complaint on the grounds that prioritizing the claim of ownership of the '216 patent and the fraudulent inducement claim would simplify and clarify the disputed issues in the case, likely facilitate resolution, and result in economies for the court and the parties. (D.I. 18) The court granted the motion, and held a bench trial on Counts I and IV from March 20 to March 22, 2017. In its Findings of Fact and Conclusions of Law, entered on June 30, 2017, the court entered judgment in favor of AgroFresh and against the MirTech defendants on Counts I and IV. Specifically, the court concluded that the '216 patent was an improvement related to the product which was automatically assigned to AgroFresh, and Mir fraudulently induced AgroFresh into executing an extension to various agreements by not disclosing the '216 patent disclosure or Mir's business relationship with Decco. (D.I. 97 at 33-34)

Following the court's decision, AgroFresh filed its first amended complaint ("FAC") against the same original parties and added UPL Ltd. as a defendant. (D.I. 106) The FAC added causes of action under the Defend Trade Secrets Act, the Pennsylvania Trade Secrets Act, and related tort theories. (*Id.*) On September 15, 2017, the MirTech defendants and AgroFresh executed a private settlement agreement (the "Settlement Agreement"). (D.I. 178, Ex. A) On September 18, 2017, the MirTech defendants entered into a final consent judgment with AgroFresh, pursuant to which the MirTech defendants "consent[ed] to a judgment establishing liability" for all counts alleged against them and "agree[d] to remit payment . . . to compensate AgroFresh," including $340,000 in damages. (D.I. 115) On September 29, 2017, a scheduling

order was entered on the remaining counts of the FAC. (D.I. 122) On September 22, 2017, the MirTech defendants provided AgroFresh a complete list of inventions, discoveries, and improvements related to 1-MCP in accordance with the Settlement Agreement and consent judgment. On September 29, 2017, Mir sat for a deposition pursuant to the terms of the Settlement Agreement. On October 15, 2017, the MirTech defendants executed a series of documents to assign the intellectual property to AgroFresh. The Settlement Agreement required AgroFresh to dismiss the MirTech defendants from the action without prejudice by September 25, 2017.

### III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 41(b), a court may dismiss an action for "fail[ure] to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). This determination is within the district court's discretion. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Livera v. First Nat'l Bank of New Jersey*, 879 F.2d 1186, 1194 (3d Cir. 1989). In considering whether dismissal is appropriate, courts within the Third Circuit use the following six-factor test:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Livera*, 879 F.2d at 1194. However, the court is not required to weigh the *Poulis* factors under certain circumstances.[1] *See Sisk v. Sussex County*, C.A. No. 11-121-RGA-CJB, 2013 WL 240606, at *3

---

[1] In the present case, none of the parties addressed the *Poulis* factors.

(D. Del. Jan. 22, 2013) (citing *Jackson v. U.S. Bankr. Ct.*, 350 F. App'x 621, 624 (3d Cir. 2009) (per curiam); *Spain v. Gallegos*, 26 F.3d 439, 455 (3d Cir. 1994)).

## IV. ANALYSIS

In support of the motion to dismiss pursuant to Rule 41(b), the MirTech defendants allege that they have complied with the terms of the Settlement Agreement and court-ordered deadlines. (D.I. 178 at 5) According to the MirTech defendants, AgroFresh failed to comply with the Settlement Agreement when it did not dismiss the MirTech defendants from the action without prejudice on September 25, 2017. (*Id.* at 3)

In response,[2] AgroFresh contends that the MirTech defendants failed to comply with multiple provisions of the Settlement Agreement, and specifically cites their failure to sign the required documentation or prosecute the patents at issue in good faith, their failure to accurately disclose Mir's financial status in connection with the settlement, and their failure to produce any documents previously withheld pursuant to the common interest privilege. (D.I. 197 at 2-3) Nevertheless, AgroFresh indicates that it is "not opposed to dismissal without prejudice" on the condition that it may work with the MirTech defendants to resolve the open issues regarding compliance with the Settlement Agreement. (*Id.* at 3)

The Settlement Agreement provides that,

> [w]ithin seven days of the Court's entry of the Final Consent Judgment, Plaintiff shall move to dismiss Defendants from the Litigation without prejudice. If any portion of the Settlement Amount is not received, fails, or must be returned . . . the pre-condition of full and complete payment of the Settlement Amount will not

---

[2] Decco also filed a response to the instant motion to state its position that, if the court grants the motion, Decco intends to pursue third-party claims and discovery against Mir and MirTech. (D.I. 193 at 1-2) Decco also requests that the court instruct Mir and MirTech to continue to withhold documents protected by the common interest privilege if the court is inclined to grant the motion. (*Id.* at 2) If the court denies the pending motion, Decco seeks to preserve its right to pursue cross-claims against Mir and MirTech. (*Id.* at 1)

4

      have been met and this Agreement will not be enforceable against AgroFresh.[3]
      The full and complete payment of the Settlement Amount . . . is a condition
      precedent to the release by AgroFresh of its claims against Defendants.

(D.I. 178, Ex. A at ¶ 4(a)) The following paragraph provides that, "[e]xcept for the obligations established by this Agreement, the Promissory Note, and the Final Consent Judgment, Defendants do hereby release and forever discharge Plaintiff . . . of and from all claims of any kind from the beginning of time through the date of this Agreement that were or could have been raised in relation to the allegations set forth in the Lawsuit." (*Id.* at ¶ 4(b))

      The Settlement Agreement does not condition AgroFresh's obligation to file a motion dismissing the MirTech defendants from the litigation on the fulfillment of all obligations under the terms of the Settlement Agreement. The time frames set forth in the Settlement Agreement confirm that it was not the parties' intention to delay dismissal until all conditions of the Settlement Agreement were satisfied. For instance, AgroFresh was to file a motion dismissing the MirTech defendants from the litigation within seven days of the September 18, 2017 date of the Final Consent Judgment. (D.I. 178, Ex. A at ¶ 4(a)) ("Within seven days of the Court's entry of the Final Consent Judgment, Plaintiff shall move to dismiss Defendants from the Litigation without prejudice.") However, the MirTech defendants were not obligated to finalize the paperwork regarding the inventions until thirty days after the September 18, 2017 effective date (D.I. 178, Ex. A at ¶ 2), the payment of $340,000 was not due until fourteen days following the September 18, 2017 effective date (*id.* at ¶ 3), and the deposition of Mir was to occur within fourteen days of the effective date (*id.* at ¶ 6).[4]

---

[3] Payment of the settlement amount is not among the deficiencies cited by AgroFresh in Mir and MirTech's performance of the conditions of the Settlement Agreement.

[4] Dr. Mir's deposition was taken on September 29, 2017, and it is the subject of a co-pending motion to compel filed by Decco. (D.I. 223)

These provisions do not leave AgroFresh without recourse if, as AgroFresh now alleges, the MirTech defendants fail to fulfill their obligations under the terms of the Settlement Agreement. Specifically, the release is "[s]ubject . . . to the terms of this Agreement, the Final Consent Judgment, and the Promissory Note, which shall survive this release, and upon the full and complete payment of the settlement amount." (D.I. 178, Ex. A at ¶ 4(a)) Thus, granting the MirTech defendants' motion to dismiss does not bar AgroFresh from seeking to enforce the terms of the Settlement Agreement.

## V. CONCLUSION

For the foregoing reasons, I recommend that the court grant without prejudice the MirTech defendants' motion to dismiss pursuant to Rule 41(b). (D.I. 178) The dismissal of the MirTech defendants does not negate Dr. Mir's obligation to comply with any court orders related to the co-pending motions compelling discovery from Dr. Mir.[5]

Given that the court has relied upon material that technically remains under seal, the court is releasing this Report and Recommendation under seal, pending review by the parties to allow them to submit a single, jointly proposed, redacted version (if necessary) of the Report and Recommendation. In the unlikely event that the parties believe that certain material in this Report and Recommendation should be redacted, the parties should jointly submit a proposed redacted version by no later than **December 18, 2018**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)

---

[5] In addition, this ruling does not preclude any application regarding compliance and enforcement of the Settlement Agreement.

6

(internal quotation marks and citation omitted). The court will subsequently issue a publicly available version of its Report and Recommendation.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: December 11, 2018

Sherry R. Fallon
United States Magistrate Judge