**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AGROFRESH INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 16-662-MN-SRF |
| v. ) | |
| ) | |
| MIRTECH, INC., NAZIR MIR, ESSENTIV ) | |
| LLC, DECCO U.S. POST-HARVEST, INC., ) | |
| CEREXAGRI, INC. d/b/a DECCO POST- ) | |
| HARVEST, and UPL, LTD., ) | |
| ) | |
| Defendants. ) | |

**AGROFRESH'S OBJECTIONS TO
MAGISTRATE JUDGE FALLON'S REPORT AND RECOMMENDATION (D.I. 370)**

BARNES & THORNBURG LLP

Chad S.C. Stover (No. 4919)
Regina S.E. Murphy (No. 5648)
1000 N. West Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 300-3474
Facsimile: (302) 300-3456
E-mail: chad.stover@btlaw.com
E-mail: gigi.murphy@btlaw.com

OF COUNSEL:

Robert D. MacGill (admitted *pro hac vice*)
Deborah Pollack-Milgate (admitted *pro hac vice*)
Joseph T. Wendt (admitted *pro hac vice*)
Jessica M. Lindemann (admitted *pro hac vice*)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
E-mail: rmacgill@btlaw.com
E-mail: dmilgate@btlaw.com
E-mail: jwendt@btlaw.com
E-mail: jessica.lindemann@btlaw.com

*Attorneys for Plaintiff AgroFresh Inc.*

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ...........................................................................................................................1

STANDARD OF REVIEW .............................................................................................................1

LEGAL STANDARDS ...................................................................................................................1

ARGUMENT...................................................................................................................................2

    A.    AgroFresh's Allegations of Underlying Direct Infringement by Third-Party Customers are Sufficient.................................................................................................. 2

    B.    AgroFresh's Allegations that the Accused Product has No Substantial Non-Infringing Uses are Sufficient ................................................................................................... 4

CONCLUSION................................................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012)..................................................................................2, 3, 5

*Conair Corp. v. Jarden Corp.*,
    No. 13–6702 (AJN), 2014 WL 3955172 (S.D.N.Y. Aug. 12, 2014) ........................................5

*Dodots Licensing Solutions LLC v. Lenovo Holding Company, Inc.*,
    No. 18-098 (MN), 2018 WL 6629709 (D. Del. Dec. 19, 2018) ................................................2

*Driessen v. Sony Music Entm't*,
    No. 09–0140–CW, 2013 WL 4501063 (D. Utah Aug. 22, 2013)..............................................5

*Iron Gate Security, Inc. v. Lowe's Cos., Inc.*,
    No. 15-8814 (SAS), 2016 WL 1070853 (S.D.N.Y. Mar. 16, 2016) ..........................................5

*Merck Sharp & Dahme Corp. v. Teva Pharma. USA, Inc.*,
    No. 14-874-SLR-SRF, 2015 WL 4036951 (D. Del. Jul. 1, 2015) ........................................4, 5

*University of Massachusetts Medical School v. L'Oreal SA*,
    No. 17-868-CFC-SRF, 2018 WL 5919745 (D. Del. Nov. 13, 2018).........................................5

*Varian Med. Sys., Inc. v. Elekta AB*,
    No. 15-871-LPS, 2016 WL 3748772 (D. Del. July 12, 2016) ..................................................4

**Statutes**

28 U.S.C. § 636(b)(1)(C) .................................................................................................................1

35 U.S.C. § 271(c) ..........................................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 72(b)(3)....................................................................................................................1

**INTRODUCTION**

Magistrate Judge Fallon's December 27, 2018 Report and Recommendation ("R&R") (D.I. 370) denied most of the Decco Defendants' motion to dismiss (D.I. 131). Judge Fallon's R&R, however, recommended dismissing AgroFresh's indirect patent infringement claims without prejudice on two grounds: (1) AgroFresh's induced and contributory infringement claim "does not adequately plead an act of direct infringement by a third-party customer" (D.I. 370 at 10); and (2) AgroFresh's contributory infringement claim "fails to sufficiently allege that TruPick [the accused product] has no substantial non-infringing use" (*id*. at 12).

AgroFresh objects to these portions of the R&R, as detailed below. While AgroFresh objects to these rulings from the R&R, it is simultaneously seeking to amend its complaint to add further detail about direct infringement by third-party customers and the lack of any non-infringing uses for the accused product.[1] Assuming AgroFresh is permitted to amend its complaint, this objection will be moot.

**STANDARD OF REVIEW**

In reviewing the Report, this Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3).

**LEGAL STANDARDS**

As this Court recently noted:

Induced infringement under § 271(b) requires that "the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent." *Vita-Mix Corp. v. Basic*

---

[1] Today AgroFresh sent a version of the Second Amended Complaint to counsel for the Decco Defendants and asked if they would consent to its filing. In a meet-and-confer on other issues, the defendants' counsel stated they would respond next week after reviewing the issue with their client.

1

*Holding, Inc.,* 581 F.3d 1317, 1328 (Fed. Cir. 2009). To give rise to inducement liability, the accused infringer must know that the induced acts constitute infringement of another's patent. *Global-Tech Appliances, Inc. v. SEES.A.,* 563 U.S. 754, 766 (2011). Therefore, to state a claim of inducement sufficient to withstand a motion to dismiss, a plaintiff must plead facts that plausibly support an inference that the accused inducer "specifically intended [another] to infringe the [patent] and knew that the [induced] acts constituted infringement." *Bill of Lading*, 681 F.3d at 1339. A plaintiff must also plead facts that support an inference that an underlying act of direct infringement has occurred. *See id.* at 1336; *see also Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1326 (Fed. Cir. 2004) ("There can be no inducement or contributory infringement without an underlying act of direct infringement.").

*Dodots Licensing Solutions LLC v. Lenovo Holding Company, Inc.*, No. 18-098 (MN), 2018 WL 6629709, at *3 (D. Del. Dec. 19, 2018).

Contributory infringement occurs if a party sells, or offers to sell, "a component of a patented . . . combination, . . . or a material . . . for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use." 35 U.S.C. § 271(c). "To state a claim for contributory infringement, therefore, a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012).

## ARGUMENT

### A. AgroFresh's Allegations of Underlying Direct Infringement by Third-Party Customers are Sufficient

AgroFresh's complaint is full of allegations of underlying direct infringement. The counts themselves state that the Decco Defendants "have actively and specifically intended to induce third party customers to infringe." (D.I. 106 at ¶¶ 202, 210, and 219.) From the context of the entire complaint, it is clear that this infringement by third-party customers is from the

2

customers' use of the accused TruPick product to delay the ripening of produce in competition with AgroFresh's SmartFresh products. For instance, the complaint makes clear that the Decco Defendants registered TruPick with the U.S. EPA and issued a press release touting its novel and patented technology to customers. (*Id*. at ¶¶ 1, 61, and 76.) Further, the Complaint alleged that the Decco Defendants, along with Mir and MirTech, "register[ed] and market[ed] that technology as their own in competition with AgroFresh." (*Id*. at ¶ 1.) This is sufficient to state a claim of underlying direct infringement. *In re Bill of Lading,* 681 F.3d at 1341-42 ("Common sense indicates that advertising that your product can be used in conjunction with dispatch software to improve asset utilization and provide operational efficiency to the less-than-a-load shipping/trucking industry gives rise to a reasonable inference that you intend to induce your customers to accomplish these benefits through utilization of the patented method. This is sufficient to push the complaint past the line "between possibility and plausibility.").

The R&R found that the complaint's allegations did "not expressly allege that the third party customers use the patented technology" and did not "expressly stat[e] that the customers bought or used the infringing product." (D.I. 370 at 11.) As AgroFresh pointed out in its briefing, however, the only reasonable interpretation of the allegations is that the Decco Defendants sold the accused TruPick product to third-party customers—the purchasers—and then the third-party customers used the TruPick product to treat produce as instructed by the EPA-approved label for the product announced in the Decco Defendants' press release referenced in ¶ 76 of the complaint. (D.I. 106 at ¶ 76.) Thus, contrary to the R&R, the only plausible inference from the complaint's allegations is that third-party customers bought and used TruPick.

The present facts are different from the *Varian Medical* decision relied on in the R&R (D.I. 370 at 10). The pleading at issue in *Varian Medical* included no allegations that "reasonably suggest[ed]" an actual purchase of the accused product. *Varian Med. Sys., Inc. v. Elekta AB*, No. 15-871-LPS, 2016 WL 3748772, at *4 (D. Del. July 12, 2016). Here, however, the allegations reasonably suggest that third-party customers bought TruPick from the Decco Defendants.

### B. AgroFresh's Allegations that the Accused Product has No Substantial Non-Infringing Uses are Sufficient

"The Federal Circuit has ruled that affirmatively pleading the absence of substantial non-infringing uses renders the claim plausible if the pleadings do not undermine that allegation." *Merck Sharp & Dahme Corp. v. Teva Pharma. USA, Inc.*, No. 14-874-SLR-SRF, 2015 WL 4036951, at *7 (D. Del. Jul. 1, 2015) (citing *In re Bill of Lading*, 681 F.3d at 1339). AgroFresh pleaded that the accused product, TruPick, is "not a staple article or commodity of commerce suitable for a substantial noninfringing use." (D.I. 106 at ¶¶ 202, 211, and 220.) The Decco Defendants have not even attempted to show that anything in the complaint undermines AgroFresh's allegation—nor could they because the only possible use of TruPick is to infringe the asserted patents. The asserted patents are exhibits to the complaint (D.I. 106) and show that most of the asserted claims are not limited to any particular use. Claim 1 of both Daly patents, the '849 and the '068 patent, is directed to a complex and does not contain any use limitation. Claims 1, 6, and 13 of the '216 patent also do not contain any use limitation. Thus, there cannot be a substantial non-infringing use. Thus, AgroFresh's allegation is sufficient, and the R&R should be overruled on this point.

The R&R states that "reciting this element of the cause of action, without more, is not sufficient to survive a motion to dismiss." (D.I. 370 at 12.) This holding conflicts with the

4

*Merck* decision cited above and the Federal Circuit's decision in *In re Bill of Lading*. Interestingly, a decision from Magistrate Judge Fallon on November 13, 2018 cited *Merck* and *In re Bill of Lading* approvingly and held that a complaint that pleaded "the Accused Products have no known substantial non-infringing use" was sufficient to state a claim of contributory infringement "[b]ecause the pleadings do not undermine plaintiffs' allegation in the present case." *University of Massachusetts Medical School v. L'Oreal SA*, No. 17-868-CFC-SRF, 2018 WL 5919745, at *8 (D. Del. Nov. 13, 2018). AgroFresh respectfully submits that the *Merck* and *L'Oreal* decisions appropriately follow *In re Bill of Lading* and support overruling the R&R.

The Court should not follow the two decisions by Magistrate Judge Burke cited in the R&R (D.I. 370 at 12) because they are contrary to *In re Bill of Lading* and the overwhelming weight of authority. *See, e.g., Iron Gate Security, Inc. v. Lowe's Cos., Inc.*, No. 15-8814 (SAS), 2016 WL 1070853, at *4 (S.D.N.Y. Mar. 16, 2016) ("[N]umerous post-*Iqbal* cases have not required detailed factual allegations in support of a plaintiff's claim that a defendant's product lacks substantial noninfringing uses.") (internal citations and quotations omitted); *Conair Corp. v. Jarden Corp.*, No. 13–6702 (AJN), 2014 WL 3955172, at *4 (S.D.N.Y. Aug. 12, 2014) ("To begin with, the complaint specifically asserts that Jarden's products 'are not suitable for substantial non-infringing use.' While this arguably resembles a legal conclusion masquerading as a factual allegation, the Court notes the difficulty of alleging enough facts to demonstrate a negative at this stage."); *Driessen v. Sony Music Entm't*, No. 09–0140–CW, 2013 WL 4501063, at *2 (D. Utah Aug. 22, 2013) ("[I]t is impossible to plead with specificity something that does not exist and . . . such an outcome is therefore illogical.").

5

## CONCLUSION

For the reasons stated above, AgroFresh asks the Court to reject the R&R's ruling that AgroFresh's indirect patent infringement claims are inadequately pleaded.

Dated: January 10, 2019

BARNES & THORNBURG LLP

 */s/ Chad S.C. Stover*
Chad S.C. Stover (No. 4919)
Regina S.E. Murphy (No. 5648)
1000 N. West Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 300-3474
Facsimile: (302) 300-3456
E-mail: chad.stover@btlaw.com
E-mail: gigi.murphy@btlaw.com

OF COUNSEL:

Robert D. MacGill (admitted *pro hac vice*)
Deborah Pollack-Milgate (admitted *pro hac vice*)
Joseph T. Wendt (admitted *pro hac vice*)
Jessica M. Lindemann (admitted *pro hac vice*)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
E-mail: rmacgill@btlaw.com
E-mail: dmilgate@btlaw.com
E-mail: jwendt@btlaw.com
E-mail: jessica.lindemann@btlaw.com

*Attorneys for Plaintiff AgroFresh Inc.*