IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AGROFRESH INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 16-662 (MN) |
| ESSENTIV LLC, DECCO U.S. POST- | ) | |
| HARVEST, INC., CEREZAGRI, INC. | ) | |
| d/b/a DECCO POST-HARVEST, and | ) | |
| UPL, LTD., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

On December 27, 2018, Magistrate Judge Fallon issued a Report & Recommendation (D.I. 370, "the Report") granting-in-part and denying-in-part the motion (D.I. 131) filed by defendants UPL, Ltd., Decco U.S. Post Harvest, Inc., Cerexagri, Inc., and Essentiv, LLC (collectively, "Defendants"), which seeks to dismiss counts of the First Amended Complaint (D.I. 106) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On January 10, 2019, Plaintiff AgroFresh Inc. ("Plaintiff") objected to the Report to the extent it recommended dismissing the indirect patent infringement claims on the grounds that (1) Plaintiff did not adequately plead an act of direct infringement by a third-party customer necessary to support induced and contributory infringement claims; and (2) Plaintiff failed to sufficiently allege that the accused product (TruPick) has no substantial non-infringing use necessary to support a claim of contributory infringement. (*See* D.I. 388 at 1). On January 24, 2019, Defendants responded to Plaintiff's objections. (D.I. 403).

The Court has reviewed the Report, Plaintiff's objections and Defendants' responses thereto, and the Court has considered *de novo* the objected-to portions of Defendants' motion to dismiss and materials submitted with the motion. For the reasons set forth below, Plaintiff's

objections are OVERRULED, the Report is ADOPTED and Defendants' motion to dismiss is GRANTED-IN-PART and DENIED-IN-PART.

## I.  Legal Standards

### A.  Motion to Dismiss Pursuant to Rule 12(b)(6)

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232-33 (3d Cir. 2008). "[A] court need not 'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit,' such as the claims and the patent specification." *Secured Mail Sols. LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017) (quoting *Anderson v. Kimberly-Clark Corp.*, 570 F. App'x 927, 931 (Fed. Cir. 2014)). Nor is the Court required to accept as true bald assertions, unsupported conclusions or unwarranted inferences. *See TriPlay, Inc. v. WhatsApp Inc.*, C.A. No. 13-1703-LPS-CJB, 2018 WL 1479027, at *3 (D. Del. Mar. 27, 2018). Dismissal under Rule 12(b)(6) is only appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). This plausibility standard obligates a plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Instead, the pleadings must provide sufficient factual allegations to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 506 U.S. at 678.

### B.     Induced Infringement

Induced infringement under § 271(b) requires that "the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009). To give rise to inducement liability, the accused infringer must know that the induced acts constitute infringement of another's patent. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011). Therefore, to state a claim of inducement sufficient to withstand a motion to dismiss, a plaintiff must plead facts that plausibly support an inference that the accused inducer "specifically intended [another] to infringe the [patent] and knew that the [induced] acts constituted infringement." *In re Bill of Lading Transmission and Processing Sys. Patent Litigation*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). A plaintiff must also plead facts that support an inference that an underlying act of direct infringement has occurred. *See id.* at 1336; *see also Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1326 (Fed. Cir. 2004) ("There can be no inducement or contributory infringement without an underlying act of direct infringement.").

### C.     Contributory Infringement

"Contributory infringement imposes liability on one who embodies in a non-staple device the heart of a patented process and supplies the device to others to complete the process and appropriate the benefit of the patented invention." *Vita-Mix*, 581 F.3d at 1327. To state a claim for contributory infringement, a plaintiff must plausibly allege that an infringer sells, offers to sell or imports into the United States a component of an infringing product "knowing [the component] to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use."

35 U.S.C. § 271(c); *see also Bill of Lading*, 681 F.3d at 1337. As with induced infringement, a claim for contributory infringement must also include facts that support an inference that an underlying act of direct infringement has occurred, and there must be allegations of the requisite knowledge of the patent-in-suit at the time of infringement. *See Linear Tech. Corp.* 379 F.3d at 1326; *Mallinckrodt, Inc. v. E-Z-Em Inc.*, 670 F. Supp. 2d 349, 355 (D. Del. 2009).

## II.  DISCUSSION

### A.  Plaintiff's Allegations of Inducing Infringement

The Report found that the First Amended Complaint "adequately pleads specific intent by [Defendants] to induce infringement" but recommended dismissing the inducement claims because of "insufficient allegations of direct infringement by [Defendants'] customers." (D.I. 370 at 11-12).[1] The Report also recommended dismissing the claims of contributory infringement because of the insufficient allegations of direct infringement, and it also recommended dismissing the contributory infringement claims because the First Amended Complaint "fails to sufficiently allege that TruPick has no substantial non-infringing use." (*Id.* at 12).

As to inducement, Plaintiff objects, asserting that its First Amended Complaint "is full of allegations of underlying direct infringement. The counts themselves state that the Decco Defendants 'have actively and specifically intended to induce third party customers to infringe.'" (D.I. 388 at 2 (quoting D.I. 106 ¶¶ 202, 210, 219)). The paragraphs to which Plaintiff directs the Court allege in full:

> 202.  On information and belief, by making, using, offering for sale and/or selling the TruPick product, Defendants directly infringe at least claims 1 and 6, and contributorily infringe at least claim 13, by selling a material for use in practicing a patented process, constituting a material part of the invention, knowing the same to be made or especially adapted for use in infringement of the '216 Patent, and not

---

[1]  There is no objection to the Report's finding that the First Amended Complaint adequately pleads specific intent.

a staple article or commodity of commerce suitable for a substantial noninfringing use. With knowledge of the patent and AgroFresh's ownership thereof, moreover, Defendants have actively and specifically intended to induce third party customers to infringe these and/or other claims.

      \*   \*   \*

210. On information and belief, Defendants directly and/or under the doctrine of equivalents infringe at least claim 1. With knowledge of the '849 Patent and their infringement of this patent, Defendants also specifically intend and have induced third party customers to infringe at least claim 1 of the '849 Patent.

      \*   \*   \*

219. On information and belief, Defendants directly and/or under the doctrine of equivalents infringe at least claim 1. With knowledge of the '068 Patent and their infringement of this patent, Defendants also specifically intend and have induced third party customers to infringe at least claim 1 of the '068 Patent

(D.I. 106 ¶¶ 202, 210, 219).

As is evident from the paragraphs cited, instead of identifying the "allegations of underlying direct infringement," Plaintiff simply reiterates the same boilerplate allegation that Defendants themselves "directly infringe" and "have actively and specifically intended to induce third party customers to infringe." There are no facts pleaded to render these allegations plausible, and the allegations are therefore insufficient to meet the required pleading of underlying direct infringement. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff also asserts that, "[f]rom the context of the entire complaint, it is clear that this infringement by third-party customers is from the customers' use of the accused TruPick product to delay the ripening of produce in competition with AgroFresh's SmartFresh products." (D.I. 388 at 2-3). Again, the sum total of the allegations that Plaintiff cites in support of its "context of the entire complaint" argument are:

1. Mir and his company, MirTech (collectively, "the MirTech Defendants"), have appropriated technology that they developed by exploiting their access to AgroFresh confidential information and that belongs to AgroFresh according to the

parties' unambiguous contracts. The MirTech Defendants have joined with the Decco Defendants to register and market that technology as their own in competition with AgroFresh, all in violation of AgroFresh's contractual, common law, and statutory rights.

\* \* \*

61. In October 2015, Mir and Decco finalized their term sheet for Decco's exploitation of the '216 Patent technology. They submitted a completed registration package for TruPick, a product incorporating the '216 Patent technology, to the U.S. government on or about October 7, 2015.

\* \* \*

76. On July 11, 2016, Decco and MirTech announced the EPA registration of a 1-MCP product, TruPick, for the post-harvest treatment of produce. According to the press release, Decco/UPL and MirTech have partnered to develop and market TruPick through a joint venture, Essentiv. The press release describes TruPick as a novel gel form of 1-MCP that can be applied – like SmartFresh – to delay ripening in produce. On information and belief, UPL was involved in reviewing and authorizing the press release. The '216 Patent disclosure matches the description of TruPick. TruPick is an embodiment of what the '216 Patent discloses and claims.

(D.I. 106 ¶¶ 1, 61, 76).

Contrary to Plaintiff's assertion that these allegations are "sufficient to state a claim of underlying direct infringement" under *Bill of Lading* (*see* D.I. 388 at 3), these allegations simply state that Defendants registered TruPick with the EPA and advertised the product by issuing a press release. There is no reference to any third-party conduct. The Court agrees with the Report that *Bill of Lading* is different than the present case, particularly in that the pleadings in *Bill of Lading* "assert[ed] that a specific customer or customers are infringing the [asserted] patent **by using the patented method**." (D.I. 370 at 11 (emphasis in original)). That is not the case here. And although Plaintiff asserts that "the only reasonable interpretation" of its allegations is that third-party customers used TruPick to treat produce as instructed, there is no explanation or factual basis offered for that inference or on which the Court could conclude that that is "the only

plausible inference."[2] (*See* D.I. 388 at 3). Thus, the Court adopts the Report's recommendation dismissing Plaintiff's claims of inducement.

### B. Plaintiff's Allegations of Contributory Infringement

Because of the lack of sufficient allegations of direct infringement, the Court also agrees with the Report's recommendation to dismiss Plaintiff's claims of contributory infringement. (*See* D.I. 370 at 12). Plaintiff also objects to the Report's additional recommendation that Plaintiff's claims for contributory infringement be dismissed for failure "to sufficiently allege the TruPick has no substantial non-infringing use." (D.I. 370 at 12; *see also* D.I. 388 at 4-5). Plaintiff asserts that it "pleaded that the accused product, TruPick, is 'not a staple article or commodity of commerce suitable for a noninfringing use.'" (D.I. 388 at 4 (quoting D.I. 106 ¶¶ 202, 211, 220)). What Plaintiff alleged, however, in the cited paragraphs is merely the following:

> 202.   On information and belief, by making, using, offering for sale and/or selling the TruPick product, Defendants directly infringe at least claims 1 and 6, and contributorily infringe at least claim 13, by selling a material for use in practicing a patented process, constituting a material part of the invention, knowing the same to be made or especially adapted for use in infringement of the '216 Patent, and not a staple article or commodity of commerce suitable for a substantial noninfringing use. With knowledge of the patent and AgroFresh's ownership thereof, moreover, Defendants have actively and specifically intended to induce third party customers to infringe these and/or other claims.

> *            *            *

> 211.   Defendants also contributorily infringe at least claim 10, by selling a material for use in practicing a patented process, constituting a material part of the invention, knowing the same to be made or especially adapted for use in infringement of the '849 Patent, and not a staple article or commodity of commerce suitable for a substantial noninfringing use.

---

[2]   Plaintiff also attempts to distinguish *Varian Medical Systems, Inc. v. Elekta AB*, C.A. No. 15-871 (LPS) (CJB), 2016 WL 3748772 (D. Del. July 12, 2016), on which the Report relied. The Court agrees with the Report that in *Varian*, as here, the pleading failed to state that the "group of possible direct infringers ever actually purchased the [accused product] (such that one might reasonably infer they went on to use it in an infringing manner)." (D.I. 370 at 10 (quoting *Varian*, 2016 WL 3748772, at *4)). And thus, as in *Varian*, the pleadings here are deficient.

*  *  *

> 220. Defendants also contributorily infringe at least claim 6, by selling a material for use in practicing a patented process, constituting a material part of the invention, knowing the same to be made or especially adapted for use in infringement of the '068 Patent, and not a staple article or commodity of commerce suitable for a substantial noninfringing use.

(D.I. 106 ¶¶ 202, 211, 220).

Plaintiff does not dispute that these allegations simply parrot the statutory language regarding contributory-infringement. As the Federal Circuit made clear in *Bill of Lading*, however, "[t]o state a claim for contributory infringement, . . . a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *Bill of Lading*, 681 F.3d at 1337. Here, there are no such facts pleaded to allow the Court to draw such an inference. Indeed, unlike the assertions in Plaintiff's objections, the allegations in the First Amended Complaint do not even **identify** the product TruPick – but instead generically identify "a material for use in practicing a patented process." (D.I. 106 at ¶¶ 202, 211, 206). This language "says nothing more than" Defendants sell something that infringes and has no noninfringing uses – similar to the allegations that the Federal Circuit found deficient in *Bill of Lading*. *See Bill of Lading*, 681 F.3d at 1338 (contributory-infringement allegations "tailored too narrowly" because they said nothing more than "if you use this device to perform the patented method, the device will infringe and has no noninfringing uses").

Moreover, the Court's finding with respect to contributory infringement is consistent with other cases addressing the issue in this District: *See, e.g.*, *Välinge Innovation AB v. Halstead New England Corp.*, C.A. No. 16-1082 (LPS) (CJB), 2017 WL 5196379, at *4 (D. Del. Nov. 9, 2017) ("The Court does not agree with Välinge's response that all it needed to do here was to track the statutory language regarding the 'no substantial non-infringing use' element."); *Philips v. ASUSTeK Computer Inc.*, C.A. No. 15-1125 (GMS), 2016 WL 6246763, at *4 (D. Del.

8

Oct. 25, 2016) (dismissing contributory infringement claim where complaint "provides no facts supporting the inference that the Accused Functionalities have no substantial non-infringing use beyond the assertion that 'upon information and belief . . . the only use for the [ ] Accused Functionality is infringing the patent' and that the 'Defendants know' this" (alteration in original)); *Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*, No. 13-2052 (LPS), 2014 WL 4675316, at *7 n.8 (D. Del. Sept. 19, 2014) (concluding plaintiff failed to state a claim for contributory infringement where complaint "simply recites [the no substantial non-infringing use] element and does no more . . . [and plaintiff] does not explain how any facts are pleaded that relate to the element").

THEREFORE, IT IS HEREBY ORDERED this 29th day of January 2019 that Plaintiff's objections (D.I. 388) to the Report with respect to indirect infringement are OVERRULED, the Report (D.I. 370) is ADOPTED and Defendants' motion to dismiss (D.I. 131) is GRANTED-IN-PART and DENIED-IN-PART. Plaintiff's claims of indirect infringement are dismissed WITHOUT PREJUDICE and Plaintiff shall have twenty-one (21) days to file a further amended complaint to cure the deficiencies set forth above.

Maryellen Noreika
The Honorable Maryellen Noreika
United States District Judge