**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

AGROFRESH INC.,                                )
                                               )
            Plaintiff,                         )
                                               )
      v.                                       )        Civil Action No. 16-662-MN-SRF
                                               )
ESSENTIV LLC, DECCO U.S. POST-HARVEST, )         **UNDER SEAL**
INC., and CEREXAGRI, INC. d/b/a DECCO          )         unsealed 2/12/19
POST-HARVEST,                                  )
                                               )
            Defendants.                        )
_____)

## **MEMORANDUM OPINION**

### I.      **INTRODUCTION**

Presently before the court in this patent infringement action is the motion to amend the

trade secrets disclosure, filed by plaintiff AgroFresh, Inc. ("AgroFresh"). (D.I. 335)  For the

following reasons, AgroFresh's motion to amend its trade secrets disclosure is granted-in-part.

### II.     **BACKGROUND**

On September 29, 2017, the court entered a scheduling order requiring AgroFresh to

identify its alleged trade secrets at issue with reasonable particularity within thirty days of the

entry of the scheduling order, and to supplement or amend its identification of alleged trade

secrets on or before April 23, 2018.  (D.I. 122 at ¶ 2(b))  In accordance with the scheduling

order, AgroFresh filed its initial trade secrets disclosure on October 27, 2017.  (D.I. 336, Ex. A)

On April 19, 2018, AgroFresh moved for an extension of the deadline to June 22, 2018, alleging

that defendants Decco U.S. Post-Harvest Inc., Cerexagri, Inc., and UPL Ltd. (collectively,

"defendants") had not provided any meaningful discovery responses.  (D.I. 171)  Over the

following months, defendants produced approximately 90,000 pages of documents, including more than 45,000 pages of documents produced in October 2018. (D.I. 300, Exs. 1-3)

On October 5, 2018, defendants sent a letter to AgroFresh asserting that AgroFresh's original disclosure of technical trade secrets made on October 27, 2017 did not meet the requisite reasonable particularity standard. (D.I. 258, Ex. 3 at 4-5) On November 6, 2018, AgroFresh served a supplemental response to defendants' Interrogatory 1, which asked for an identification of trade secrets, in an effort to address the issues identified in defendants' October 5 letter. (D.I. 297, Ex. 2 at 4-18) Following AgroFresh's supplementation of its interrogatory response, defendants served written discovery requests pertaining to the supplemental response. (D.I. 300, Ex. 6 at 2-3; Ex. 7 at 8; Ex. 8 at 11)

On November 27, 2018, the court ordered AgroFresh to serve a supplemental trade secrets disclosure on defendants by December 4, 2018, and further ordered that the parties meet and confer to reach agreement on AgroFresh's proposed amendments to the trade secrets disclosure. (11/27/18 Oral Order) The parties failed to reach agreement during the December 6, 2018 meet and confer and, as a result, AgroFresh filed the instant motion on December 7, 2018, requesting leave to amend its trade secrets disclosure. (D.I. 335)

### III.   LEGAL STANDARD

If a party seeks to extend a deadline imposed by the scheduling order, the court must apply the "good cause" standard in accordance with Rule 16 of the Federal Rules of Civil Procedure. *Carrier Corp. v. Goodman Global, Inc.*, 49 F. Supp. 3d 430, 433 (D. Del. 2014). Pursuant to Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "The good cause element requires the movant to demonstrate that, despite diligence, the proposed claims could not have been reasonably sought in a timely manner."

2

*Venetec Int'l v. Nexus Med.*, 541 F. Supp. 2d 612, 618 (D. Del. 2010). "[T]he good cause standard under Rule 16(b) hinges on the diligence of the movant, and not on the prejudice to the non-moving party."[1] *Id.* "Whether or not the requirements of Rule 16(b) have been met is a procedural issue not pertaining to the patent laws, and therefore regional circuit law applies to this question." *See Slip Track Sys., Inc. v. Metal-Lite, Inc.*, 304 F.3d 1256, 1270 (Fed. Cir. 2002).

## IV.   DISCUSSION

As a preliminary matter, the court grants AgroFresh's motion to the extent that it applies to the portions of the proposed amended trade secrets disclosure highlighted in green, which are not the subject of the parties' dispute. (D.I. 336, Ex. B) The court's discussion of the disputed portions, which were not highlighted in the proposed amended trade secrets disclosure, is set forth below.

### A.   Business Trade Secrets[2]

In support of its motion, AgroFresh contends that it has good cause to supplement the trade secrets disclosure with the newly-disclosed "business trade secrets" because AgroFresh obtained key evidence in support of these trade secrets after the original deadline to amend on April 23, 2018, despite serving discovery requests on the subject in September 2017. (D.I. 336 at 7-9; D.I. 363 at 6-7) In response, defendants allege that AgroFresh cannot establish good

---

[1] Although both parties discuss prejudice in the briefing, prejudice does not factor into the good cause analysis under Rule 16(b)(4). *See Sonos, Inc. v. D&M Holdings Inc.*, C.A. No. 14-1330-RGA, 2017 WL 476279, at *1 (D. Del. Feb. 3, 2017) (citing *Glaxosmithkline LLC v. Glenmark Pharm. Inc.*, C.A. No. 14-877-LPS-CJB, 2016 WL 7319670, at *1 (D. Del. Dec. 15, 2016)).

[2] The Business Trade Secrets in the proposed disclosure include information regarding and possessed by former AgroFresh employees, Isik and Kennedy; AgroFresh's customer information including pricing and volumes; and information concerning AgroFresh's suppliers and service providers. (D.I. 351 at 5-7)

3

cause because it was in possession of the key documents relating to its newly asserted business trade secrets well before the April 2018 deadline, and the productions made following the April 2018 deadline contained information duplicative of the timely productions. (D.I. 351 at 5-9)

## 1. AgroFresh's employee information and recruitment

AgroFresh's motion to amend its trade secrets disclosure is granted-in-part with respect to the "business trade secrets." The motion is denied to the extent that AgroFresh asserts trade secrets regarding Dr. Oakes' alleged misappropriation of AgroFresh's employee information and recruitment of Shawn Kennedy and Hasan Isik, who subsequently divulged AgroFresh's confidential information regarding customers and suppliers. (D.I. 336, Ex. B at 6) The record before the court reveals that documents produced in Phase I of the litigation, which were not cited in AgroFresh's proposed amended trade secrets disclosure, contained information divulged by Shawn Kennedy and Hasan Isik. (D.I. 351, Exs. 6-14) (These exhibits, in general, describe communications authored or received by Oakes, Isik, and Kennedy regarding AgroFresh pricing, sales, and customers). In addition, most of the documents cited by AgroFresh in support of its proposed amended trade secrets disclosure regarding AgroFresh's employees were produced in Phase I.[3] (D.I. 351 at 7-8) Of the few documents relied upon by AgroFresh that were produced after the April 2018 deadline, AgroFresh fails to specifically identify how any of these documents were crucial to its decision to add new categories of trade secrets to its disclosure. AgroFresh admits that some facts were previously known. However, AgroFresh gives the court

---

[3] Although certain documents cited by AgroFresh in the amended trade secrets disclosure were produced after the April 2018 deadline, defendants represent that a number of these documents are the same or a near duplicate of documents produced in Phase I. (D.I. 351 at 7-8) AgroFresh does not challenge defendants' characterization on this point. Accordingly, it seems that more than half of the documents cited by AgroFresh in support of its position on the employees were effectively produced well before the April 2018 deadline. (*Id.*; D.I. 336, Exs. E-M)

4

no guidance to explain the tipping point that distinguishes previously known facts from "key" facts learned after the trade secret disclosure deadline.

AgroFresh seeks to further bolster its position on this subject by citing additional documents in its reply brief that were not included in the proposed amended trade secrets disclosure. (D.I. 363 at 7) However, this does not alter the fact that AgroFresh had sufficient information to raise the issue long before the expiration of the April 2018 deadline. Having considered the volume and substance of the documents available to AgroFresh on this subject prior to the April 2018 deadline, the court concludes that AgroFresh did not act with diligence in failing to amend prior to the April 2018 deadline. *See Sonos, Inc. v. D&M Holdings Inc.*, C.A. No. 14-1330-RGA, 2017 WL 476279, at \*2 (D. Del. Feb. 3, 2017) (holding that, to show good cause, a party must show diligence prior to the deadline for amendments "based on newly disclosed evidence that could not have been obtained prior to the deadline."); *Glaxosmithkline LLC v. Glenmark Pharm. Inc.*, C.A. No. 14-877-LPS-CJB, 2016 WL 7319670, at \*2 n.4 (D. Del. Dec. 15, 2016) (declining to find good cause where the facts of the proposed defenses were known months before the deadline to amend pleadings).

### 2. **Pricing and volumes**

AgroFresh's motion is granted to the extent that AgroFresh seeks to identify trade secrets regarding pricing and volumes. (D.I. 336, Ex. B at 7) Although some of the documents produced in Phase I touch on these subjects, defendants concede that all of the documents relied upon by AgroFresh in the proposed amended trade secrets disclosure on this subject were produced after the April 2018 deadline. (*Id.*; D.I. 351 at 8 (containing a spreadsheet with a chronology of the date of production of the documents identified by AgroFresh in the proposed

5

disclosure for this particular trade secret)). Therefore, AgroFresh could not meet the April 2018 deadline despite its diligence in seeking discovery on the subject.[4]

### 3. Suppliers and service providers

AgroFresh's motion is denied to the extent that AgroFresh seeks to identify trade secret information concerning suppliers and service providers. (D.I. 336, Ex. B at 7) The sole document relied upon by AgroFresh was produced on November 15, 2016, during Phase I of the litigation. (D.I. 351 at 7) AgroFresh seeks to further bolster its position on this subject by citing additional documents in its reply brief that were not included in the proposed amended trade secrets disclosure. (D.I. 363 at 6) However, this does not alter the fact that AgroFresh had sufficient information to raise the issue long before the expiration of the April 2018 deadline. Therefore, AgroFresh has failed to show diligence in pursuing its identification of trade secrets on this discrete issue.

### B. Technical Trade Secrets

Next, AgroFresh alleges that the good cause standard should not apply to amendments to AgroFresh's technical trade secrets disclosure because defendants did not object to the level of specificity provided in the initial trade secrets disclosure until nearly a year after AgroFresh served its initial disclosure, and six months after the passage of the deadline for supplementation. (D.I. 336 at 5-7; D.I. 363 at 2-4) Even if the court were to apply the good cause standard, AgroFresh contends that the cited documents provide the requisite level of specificity in satisfaction of the "reasonable particularity" standard, and AgroFresh's diligence in addressing

---

[4] Defendants argue the merits of whether some exemplary documents previously produced are trade secrets, contending that they were publicly available, thus, neither secret nor misappropriated. However, the court need not address the argument in the context of the pending motion which relates to the scope of the proposed disclosure, not the merits of it.

6

defendants' concerns supports a showing of good cause. (D.I. 336 at 7; D.I. 363 at 4-5)
AgroFresh argues that issues pertaining to the confidentiality markings[5] on the documents are
more appropriately resolved on summary judgment or at trial. (D.I. 363 at 5)

In response, defendants contend that AgroFresh's amended trade secrets disclosure adds
some specificity to the technical trade secrets, but it also includes new, vague allegations
regarding "highly confidential information on numerous fruits, vegetables, and ornamentals" that
fail to meet the reasonable particularity standard. (D.I. 351 at 10) According to defendants, the
cited documents do not establish with certainty the information AgroFresh believes is secret,
whether the confidential information was shared with Dr. Mir or Dr. Oakes, or which aspects of
the information form the "critical component" of AgroFresh's competitive advantage. (*Id.* at 11-
12)

The court concludes that good cause exists for AgroFresh to amend its trade secrets
disclosure with respect to the technical trade secrets. Defendants raised no objection to the level
of specificity provided in the initial trade secrets disclosure until nearly a year after it was filed.
(D.I. 258, Ex. 3) AgroFresh promptly responded to defendants' concerns by supplementing its
interrogatory response to include more detail. (D.I. 297, Ex. 2 at 4-18) Defendants have
therefore failed to establish that AgroFresh did not act diligently.

Moreover, the proposed amended trade secrets disclosure adds sufficient detail to satisfy
the reasonable particularity standard at this stage of the proceedings. The cited documents
outline studies on treatment rates, storage quality, delays from harvest to application, and
application temperatures for various crops. (D.I. 363, Exs. P-T) These documents provide

---

[5] The confidentiality markings refer to the markings (or lack thereof) on the original documents,
not the designations stamped on the versions produced in this litigation for purposes of the
protective order. (D.I. 351 at 11 n.10)

additional specificity to the allegations regarding "the appropriate method and timing to apply the Products, including the appropriate temperature range, storage conditions and containers, capsule and water soluble packet use rates, capsule and water soluble packet crop specific treatment rates, specific application durations for different types of fruits and vegetables, [and] maximum use rates. . . ." (D.I. 336, Ex. B at 2) Issues regarding the confidential nature of the documents are more appropriately reserved for summary judgment or trial, given that factual disputes exist at this stage of the proceedings regarding the confidential nature of the cited documents. (D.I. 363, Ex. V at 117:2-118:6)[6]

## IV.  CONCLUSION

For the foregoing reasons, AgroFresh's motion to amend its trade secrets disclosure (D.I. 335) is granted-in-part. AgroFresh's motion is granted with respect to the technical trade secrets. AgroFresh's motion is granted-in-part with respect to the business trade secrets. Specifically, AgroFresh's motion is denied with respect to trade secrets regarding the identity, capabilities, and skills of specific employees and misappropriation of confidential information from such employees. AgroFresh's motion is also denied with respect to trade secrets regarding suppliers and service providers. AgroFresh's motion is granted with respect to trade secrets regarding pricing and volumes.

Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Opinion under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Opinion should

---

[6] Defendants raise concerns that AgroFresh will seek to avoid the limits on the scope of its disclosures by expanding upon them substantively in interrogatory responses. This argument is speculative. Should it come to pass that AgroFresh is asserting trade secrets that exceed the bounds of their disclosures, then such an evidentiary dispute is reserved for resolution by the District Judge.

be redacted, the parties should jointly submit a proposed redacted version by no later than **February 11, 2019**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (internal quotation marks and citation omitted). The court will subsequently issue a publicly available version of its Memorandum Opinion.

This Memorandum Opinion is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Opinion. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to five (5) pages each. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Dated: February 4, 2019

Sherry R. Fallon
United States Magistrate Judge

9