# RICHARDS LAYTON & FINGER

Frederick L. Cottrell III
302-651-7509
Cottrell@rlf.com

April 18, 2019

**VIA CM/ECF & HAND DELIVERY**
The Honorable Maryellen Noreika
United States District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

REDACTED
PUBLIC VERSION

Re:   *AgroFresh Inc. v. MirTech, Inc., et al.*, C.A. No. 16-662-MN

Dear Judge Noreika:

This is Defendants' letter brief moving to strike AgroFresh's three improper disclosures on its alleged trade secrets—(1) the "26(a) disclosure of rebuttal expert" Dr. MacLean, (2) the "26(a) disclosure of rebuttal expert" Dr. Beaulieu, and (3) the "reply" expert report of Dr. Walton.[1]

AgroFresh made the tactical choice not to submit any opening expert reports on its alleged trade secrets despite (1) black letter law dictating that it bears the burden to identify and establish its trade secrets, (2) its apparent assertion of highly technical trade secrets, and (3) the Scheduling Order's January 23, 2019, deadline for opening expert reports "[f]or the party who has the initial burden of proof on the subject matter." D.I. 122.  AgroFresh should be held to the consequences of its choice—it should be precluded from offering expert testimony to support its trade secret allegations.  It should not be permitted to sandbag Defendants by restarting the case with a new witness line-up and wholly new trade secret allegations under the guise of "reply" expert reports.

The Scheduling Order reflects that "the party with the burden of proof on a particular issue be the first to submit its expert reports addressing the issue."  *Ironshore Ins. Ltd. v. W. Asset Mgmt. Co.*, No. 11 CIV. 5954 LTS JCF, 2013 WL 2051863, at *2 (S.D.N.Y. May 15, 2013); *see also* Fed. R. Civ. P. 26 (Advisory Committee's Note to 1993 Amendment).  Indeed, the Scheduling Order "did not imply that an expert who offered no opening report on a given issue could then attack the opposition reports served on that issue."  *Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2011 WL 5572835, at *4 (N.D. Cal. Nov. 15, 2011).  Because AgroFresh bears the burden of proof on its trade secrets claims, it should have provided these disclosures by January 23, 2019, and for this reason alone, they should be stricken.

Under similar circumstances, numerous courts have granted motions to strike.  *Stambler v. RSA Sec., Inc.*, 212 F.R.D. 470, 471–72 (D. Del. 2003) (striking new fact witnesses who were never disclosed during fact discovery); *HSM Portfolio LLC v. Elpida Memory Inc.*, No. CV 11-770-RGA, 2016 WL 552543, at *2 (D. Del. Feb. 11, 2016) (striking new theory advanced for the

---

[1] Defendants respectfully request expedited review due to the upcoming May 15, 2019 summary judgment deadline and close of expert discovery.  This motion will impact upcoming expert depositions and whether certain depositions should even occur.  Despite these timing concerns, AgroFresh twice refused to meet and confer (Ex. 14) before finally agreeing to do so earlier today.

first time in a reply report); *Zimmer Surgical, Inc. v. Stryker Corp.*, No. CV 16-679-RGA, 2019 WL 1082336, at *22 (D. Del. Mar. 7, 2019) (striking expert's new infringement theory even though it would not disrupt trial and defendant had opportunity to depose expert). The *Pennypack* factors also support striking these disclosures. Even if this testimony is important and would not disrupt trial, such considerations are outweighed by the substantial and unjustified prejudice to Defendants, the inability to cure the prejudice with a last-minute deposition, and AgroFresh's bad faith in violating its discovery obligations and the Court's December 10 order.

AgroFresh's tactics are consistent with its prior efforts to hide the ball concerning its trade secrets allegations. At this late stage of the proceedings—except for the disclosures on the '216 patent and the TruPick EPA label—AgroFresh's trade secret allegations remain vague and obscure. As outlined in Defendants' pending Objections, near the close of discovery AgroFresh attempted to fundamentally alter the scope of its asserted trade secrets using "end-around" tactics. (*See* D.I. 413 at 1–3; Ex. 1 at 25:18–34:3.) Following Court proceedings concerning this conduct, AgroFresh expressly abandoned certain trade secrets (D.I. 300 at n.1), and filed an Amended Trade Secret Disclosure in accordance with the Court's order (Ex. 2 to D.I. 413).

Defendants disputed whether the Amended Trade Secret Disclosure was sufficiently specific (D.I. 351 at 10–13; D.I. 413 at 3–5), but nevertheless questioned AgroFresh's fact witnesses and corporate designees on the new disclosure. However, despite Rule 30(b)(6)'s requirements, AgroFresh's corporate designee failed to answer even the most fundamental questions regarding its "accumulated knowledge" trade secrets. (Ex. 10 at 240:16–258:22.) As for fact witnesses, AgroFresh misinformed both the Court and Defendants about the identity of persons with knowledge of the alleged trade secrets. Not until six weeks left in discovery (and with the deposition calendar booked) did AgroFresh serve a supplemental Rule 26(a) statement identifying 24 new witnesses, including two former AgroFresh employees with purported knowledge of trade secrets.[2] Because the Court had long ago ordered AgroFresh to disclose those knowledgeable about trade secrets, Defendants promptly moved to exclude the two witnesses. (D.I. 326 at 3–4.) Rather than exclude, the Court ordered AgroFresh to provide "proper disclosures under Rule 26(A)(1)" and to make the new trade secrets witnesses available for deposition after the discovery cutoff. (D.I. 339 at 66:7–67:16.) Defendants deposed the two new witnesses, but neither provided meaningful answers concerning AgroFresh's trade secret allegations. (*See* Ex. 2 at 24:5–26:3, 30:5–31:15, 32:10–13, 36:20–37:25, 43:2–13, 55:8–20, 60:2–10, 67:7–68:11; Ex. 3 at 10:19–14:5, 19:15–22, 29:2–10.) Thus, despite the Court's order, AgroFresh effectively concealed persons who apparently do have such knowledge.

### I.     AgroFresh Failed to Disclose Dr. MacLean in Accordance with Court Orders

For the very first time, on April 10, 2019, AgroFresh disclosed MacLean—apparently a long-time AgroFresh employee (Ex. 4)—as a "rebuttal expert" who is expected to testify on

---

[2] At the deposition of Richard Jacobson, AgroFresh's counsel shut down the proceeding within minutes, demanding five times that Defendants' counsel "be quiet" and declaring that the witness "has no connection to this case that is ascertainable." (Ex. 3 at 20:3–32:4.) AgroFresh's late disclosure thus contradicted both its representation to the Court that the witness had "information about Dr. Mir's access to AgroFresh's know-how" (D.I. 339 at 55:14–18) and the Court-ordered Rule 26(A)(1) supplementation, which identified Mr. Jacobson as having knowledge of trade secrets on "purification and manufacturing processes as well as centralized gas sampling," (Ex. 8).

various categories of alleged trade secrets and the measures AgroFresh has taken to protect its confidential information. (Ex. 5 at 1.) Yet AgroFresh failed to disclose MacLean in *any* version of its initial disclosures (in violation of the Court's December 10 order) and failed to disclose MacLean in response to an interrogatory directly seeking persons with knowledge of its alleged trade secrets. (Exs. 6–8; Ex. 9 at Rog 1.) For this reason alone, his testimony should be excluded.

Additionally, MacLean is apparently expected to testify on *new* trade secrets relating to "AgroFresh Collection Technology," "AgroFresh Fruit Preparation Technology," and "AgroFresh Treatment Parameters." (Ex. 5 at 2, 3, 7.) These new trade secrets were not disclosed in the Amended Trade Secret Disclosure and AgroFresh has never met (nor can it meet) the "good cause" standard to add them to the case at this late stage. (*See* Ex. 2 to D.I. 413.) He is also apparently expected to testify on trade secrets AgroFresh expressly disclaimed in its filings. *Compare* Ex. 5 at 6 (measurement of 1-MCP) *with* D.I. 300 at 2 n.1. And finally, he is apparently expected to testify on matters for which AgroFresh's corporate witness could not provide any details. *Compare* Ex. 5 at 5 (the timing of air samples and the internal configuration of the gas generator) *with* Ex. 10 at 41:17–23, 53:9–20.

## II.     Dr. Walton Should Be Precluded From Addressing Trade Secrets

Dr. Walton submitted an opening report addressing patent infringement on January 23, 2019. In that report, however, there was no discussion of trade secrets whatsoever. To allow Dr. Walton to now submit a "reply" report on *trade secrets* (*see* Ex. 13) would run counter to the purpose of the Scheduling Order: to "forestall 'sandbagging' by a party with the burden of proof who wishes to save its best points for reply." *Oracle*, 2011 WL 5572835 at *3–4 (striking reply reports from expert who never served an opening report).

## III.    Dr. Beaulieu Should Not Be Permitted to Address New Or Withdrawn Claims

Dr. Beaulieu also apparently intends to provide expert testimony on trade secrets despite not filing an opening report. She is also apparently expected to testify on trade secrets that AgroFresh expressly disclaimed. *Compare* Ex. 12 at 3 (manufacture, purification, and measurement of 1-MCP) *with* D.I. 300 at 2 n.1. She likewise apparently intends to address matters that AgroFresh's corporate witness could not. *Compare* Ex. 12 at 2, 4 (treatment tents, the internal configuration of the gas generator, and the CIPAC method) *with* Ex. 10 at 18:25–21:2, 36:4–17, 53:9–20. AgroFresh should not be able to revive these alleged trade secrets through a "reply" report despite contrary corporate testimony and the absence of an opening expert report.[3]

AgroFresh has sidestepped its initial expert disclosure obligations and inverted the court-ordered expert report sequence. Such tactics have prevented Defendants from directly responding to these "opening" opinions. "This immunity, combined with the element of surprise, [is] unfair." *Oracle*, 2011 WL 5572835 at *3. AgroFresh's untimely disclosures have "frustrate[d] case-management objectives" (*id.*) by sandbagging Defendants weeks before summary judgment briefs are due in contravention of Court orders and AgroFresh's prior positions taken in discovery.

---

[3] While AgroFresh disclosed that Dr. Beaulieu (its Global Regulatory Director) had information on trade secrets just before the close of fact discovery, her presentation as a 30(b)(6) witness was limited to topics relating primarily to regulatory matters and competitive intelligence. (*See* Ex. 11.) More importantly, AgroFresh failed to identify Dr. Beaulieu as a person with knowledge of AgroFresh's trade secrets in response to Defendants' interrogatory (*See* Ex. 9 at Rog 1.)

April 18, 2019  CONTAINS HIGHLY CONFIDENTIAL
Page 4   INFORMATION UNDER PROTECTIVE ORDER

        Respectfully,

        */s/ Frederick L. Cottrell, III*

        Frederick L. Cottrell, III (#2555)

cc: Counsel of Record (via CM/ECF)

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2019, a true and correct copy of the foregoing document was served upon the following attorneys of record by electronic mail:

Chad S.C. Stover (#4919)
BARNES & THORNBURG LLP
1000 N. West Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 300-3474
Facsimile: (302) 300-3456
cstover@btlaw.com

Robert D. MacGill
Deborah Pollack-Milgate
Joseph T. Wendt
Jessica M. Lindemann
BARNES & THORNBURG LLP
II South Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
rmacgill@btlaw.com
dmilgate@btlaw.com
jwendt@btlaw.com
jessica.Lindemann@btlaw.com

*/s/ Nicole K. Pedi*
Nicole K. Pedi (#6236)
Pedi@rlf.com