IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AGROFRESH INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| ESSENTIV LLC, DECCO U.S. | ) C.A. No. 16-662 (MN) |
| POSTHARVEST, INC., CEREXAGRI, | ) |
| INC. d/b/a DECCO POST-HARVEST, and | ) |
| UPL Ltd., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Pending before the Court is the motion (D.I. 435) of Defendants, Decco U.S. Post-Harvest Inc. ("Decco"), Cerexagri, Inc., Essentiv LLC,1 and UPL Ltd. (collectively, "Defendants") seeking to stay the proceedings on U.S. Patent No. 9,394,216 (Count III of AgroFresh's Second Amended Complaint, D.I. 412) pending Plaintiff AgroFresh Inc.'s ("Plaintiff" or "AgroFresh") expected appeal to the Federal Circuit of the Patent Trial and Appeal Board's ("PTAB") Final Written Decision in the *inter partes* review ("IPR") of U.S. Patent No. 9,394,216 ("the '216 patent").[1] (D.I. 436 at 1). AgroFresh opposes the motion. (D.I. 442). For the reasons discussed below, the Court will GRANT the motion.

This case has a long history. Currently, the Second Amended Complaint ("Amended Complaint") (D.I. 412) is the operative pleading. The Amended Complaint asserts infringement of three patents (including the '216 patent), unfair competition, unjust enrichment, trade secrets violations, intentional interference with business relationships and contracts, conversion and civil

---

[1]  AgroFresh filed a Request for Rehearing of the Final Written decision on April 5, 2019. That request appears to be pending. Should that request be granted, the Court expects the parties to inform the Court.

conspiracy. (*Id.*). The Court entered a Scheduling Order on September 29, 2017, setting trial for October 7, 2019. (D.I. 122). Fact discovery closed on December 19, 2018. (*Id.*). Although the parties had already served expert reports when this motion was filed, expert discovery was ongoing. Expert discovery, however, is apparently now completed and summary judgment motions have been filed. (*See* D.I. 450, 452). The two summary judgment motions Plaintiff filed address validity defenses for the '216 patent.[2] And at least two of the eight grounds for summary judgment set forth by Defendants address infringement or validity of the '216 patent. (*See* D.I. 451, SJ 5 and SJ 8).

Defendants petitioned for IPR proceedings against the '216 patent on August 8, 2019. (D.I. 227 at Ex. 3). Thereafter, on March 7, 2018, the PTAB instituted IPR proceedings on all claims of that patent. (D.I. 424 at Ex. 1). On March 6, 2019, the PTAB issued a final written decision finding that all claims of the '216 patent are unpatentable. (*Id.*). On April 12, 2019, Defendants filed the instant motion to stay.

"Whether or not to stay litigation is a matter left to the Court's discretion." *Ethicon LLC v. Intuitive Surgical, Inc.*, No. 17-871 (LPS), 2019 WL 1276029, at *1 (D. Del. Mar. 20, 2019) (citing *Dentsply Int'l Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990)). Courts typically review three factors in determining whether a stay is appropriate: "(1) whether a stay will simplify the issues for trial, (2) whether discovery is complete and a trial date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. Sometimes courts also consider whether the moving party would face hardship or inequity in going forward with the litigation." *Ethicon*, 2019 WL 1276029, at *1 (citation omitted) (citing *Enhanced*

---

[2] Plaintiff has filed motions for summary judgment on the issue of assignor estoppel and on the issue of IPR estoppel. (D.I. 332, 452).

2

*Sec. Research, LLC v. Cisco Sys., Inc.*, No. 09-571 (JJF), 2010 WL 2573925, at *3 (D. Del. June 25, 2010)).

First, the potential for simplification of the issues in this case is substantial. All of the claims of the '216 patent have been found unpatentable. A stay will simplify the case because the Federal Circuit's review of the PTAB decision will reduce or at least clarify issues the Court would otherwise address, including in connection with dispositive motions and trial. *See UCB, Inc. v. Hetero USA Inc.*, 277 F. Supp. 3d 687, 690 (D. Del. 2017); *Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*, No. 12-1461-LPS-CJB, 2014 WL 3819458, at *2 (D. Del. Jan. 15, 2014). If the Federal Circuit upholds the PTAB decision, there will be no valid claims of the '216 patent and the Court will not have to address that patent in connection with summary judgment or at trial. Thus, it would be potentially wasteful to litigate the '216 patent while the Federal Circuit also is addressing it. Moreover, if the Federal Circuit reverses all or part of the PTAB decision, "there will be estoppel of defenses that could otherwise be litigated in this court." Transcript of Oral Argument (D.I. 64) at 23, *Thermo Fisher Sci. Inc. v. Agilent Techs., Inc.*, No. 17-600-LPS-(CJB) (D. Del. June 29, 2018). And although the Court understands that the simplification applies only to one part of the case, it is not an insubstantial part and substantial simplification is almost certain.

As to the second factor, AgroFresh argues that the case is at an advanced stage and should not be stayed. In particular, AgroFresh points out that the Court has addressed claim construction, and that fact and expert discovery are complete and summary judgment motions have been filed. Defendants counter that the status of the case should not weigh heavily against a stay because "of the burden on the parties and the court in completing expert discovery, resolving summary judgment motions, and preparing for trial" – particularly because the PTAB has found all of the

claims of the '216 patent to be unpatentable. (D.I. 436 at 7; *see also* D.I. 446 at 9). The Court agrees with Defendants that, although this case is further along than is typical for a motion to stay, any weight given to this factor is outweighed by the likelihood that the issues involved in summary judgment and for trial will be simplified by a stay.

Finally, AgroFresh argues that it will be prejudiced by a stay, particularly considering Defendants' prior arguments against a stay. (D.I. 442 at 7-9). In considering whether a stay will be prejudicial to AgroFresh or give Defendants a clear tactical advantage, the Court considers four factors: (1) the timing of the request for review; (2) the timing of the request for a stay; (3) the status of the review proceedings; and (4) the relationship of the parties. *See Contour IP Holding, LLC v. GoPro, Inc.*, No. 15-1108-LPS-CJB, 2016 WL 4474340, at *4 (D. Del. July 14, 2016).

Here, neither the timing of Defendants' request for the IPR nor the timing of their request for a stay supports the conclusion that Defendants are pursuing an inappropriate tactical advantage. As to the request for review, UPL filed its petition for IPR on August 8, 2017 (*see* D.I. 227 at Ex. 3), just over a month after the Court's June 30, 2017 opinion holding that AgroFresh – not MirTech – owned the '216 patent (*see* D.I. 97).[3] *See, e.g.*, *Ethicon*, 2019 WL 1276029, at *4 (petitions filed approximately 11 months after notice of claims being asserted). Similarly, Defendants acted with reasonable dispatch in connection with filing their motion to stay.[4] The PTAB issued its final written decision on March 6, 2019. (*See* D.I. 437 at Ex. 5). A few weeks later, Defendants submitted the PTAB decision to the Court (D.I. 424) and then filed the motion to stay a few weeks after that (D.I. 435).

---

[3] UPL had not been added to the case at the time the petition for IPR was filed.

[4] Although Defendants could have brought the PTAB decision and their motion to stay to the Court's attention somewhat sooner, the Court is not convinced based on the present facts that any delays indicate an attempt to obtain a tactical advantage.

4

The status of the IPR proceedings also favors a stay. As noted above, the PTAB has issued a final written decision finding that all claims of the '216 patent are unpatentable over the prior art.

"The final factor to consider in assessing the potential prejudice to the non-movant is the relationship of the parties, which typically involves considering whether the parties are direct competitors." *Princeton Digital*, 2014 WL 3819458, at *6 (citing *Cooper Notification, Inc. v. Twitter, Inc.*, No. 09-865-LPS, 2010 WL 5149351, at *5 (D. Del. Dec. 13, 2010) and *Belden Techs. Inc. v. Superior Essex Commc'ns LP*, No. 08-63-SLR, 2010 WL 3522327, at *3 (D. Del. Sept. 2, 2010)). "Courts have recognized that when the parties are direct competitors, there is a reasonable chance that delay in adjudicating the alleged infringement will have outsized consequences to the party asserting infringement has occurred, including the potential for loss of market share and an erosion of goodwill." *Id.* (citing *Nat'l Prods., Inc. v. Gamber-Johnson LLC*, No. 2:12-00840, 2012 WL 3527938, at *2-3 (W.D. Wash. Aug. 14, 2012)).

Here, there is no dispute that the parties are not currently competing. Defendants are not on the market and have not been on the market since some time in 2017. Thus, AgroFresh's damages, if any, are monetary and can be accommodated by the award of interest if it ultimately prevails. *See Princeton Digital*, 2014 WL 3819458, at *6.

This case presents a difficult question of how the Court should exercise its discretion. The Court, however, is convinced that the substantial likelihood of simplification of issues, combined with Defendants' general diligence and the lack of emergent, nonquantifiable, or noncompensable prejudice to Plaintiff, outweigh the fact that this case has now reached a fairly-advanced stage and will be ready for trial several months from now. Accordingly, the Court will stay these proceedings as related to the '216 patent until after the issuance of a decision on any appeal from the IPR.

IT IS HEREBY ORDERED this 31st day of May 2019, that Defendants' Motion (D.I. 435) is GRANTED and the proceedings on the '216 patent (Count III) are STAYED until the resolution of AgroFresh's appeal. The parties SHALL SUBMIT a joint status report no later than the earlier of April 1, 2020 or within seven (7) days of the issuance of a decision from the Federal Circuit on AgroFresh's appeal.

The Honorable Maryellen Noreika
United States District Judge