IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AGROFRESH INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 16-662-MN |
| | ) |
| MIRTECH, INC., NAZIR MIR, ESSENTIV | ) |
| LLC, DECCO U.S. POST-HARVEST, INC., | ) |
| CEREXAGRI, INC. d/b/a DECCO POST- | ) |
| HARVEST, and UPL, LTD., | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF AGROFRESH INC.'S MOTION FOR REARGUMENT

The Court's Memorandum Order (D.I. 467) granting Defendants' motion to stay notes that "[t]his case presents a difficult question of how the Court should exercise its discretion." (D.I. 467 at 5.) The Court goes on to weigh the potential simplification of issues against the advanced stage of the proceedings. The Court also concluded that there was a "lack of emergent, non-quantifiable, or noncompensable prejudice to Plaintiff." (*Id*.) On this last point, AgroFresh respectfully moves for reargument and reconsideration because of the great harm to AgroFresh if its pending assignor estoppel motion is not decided now, before a final judgment by the Federal Circuit on the validity of the '216 patent. AgroFresh believes that this prejudice should tip the scales on this "difficult question" toward denial of Defendants' motion to stay the '216 patent portion of this case (D.I. 435.). At the least, AgroFresh respectfully requests that the Court delay the stay until after a decision on AgroFresh's motion for summary judgment on assignor estoppel.

I.  **LEGAL STANDARD**

To succeed on a motion for reconsideration, a party must demonstrate one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence

that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

## II. ARGUMENT

AgroFresh respectfully submits that the Court did not appreciate the significance of the prejudice to AgroFresh if its assignor estoppel motion is not decided now, evidenced by the fact that this central argument from AgroFresh's opposition brief was not mentioned in the Court's Memorandum Order. Taking this prejudice into account, AgroFresh submits that the Court should reconsider its decision and exercise its discretion to deny Defendants' motion to stay.

AgroFresh argued in its response that granting Defendants' motion to stay would prejudice AgroFresh by potentially permanently depriving it of the right to litigate its assignor estoppel defense. (D.I. 442 at 1 and 8.) If the Federal Circuit affirms the PTAB's Final Written Decision, AgroFresh's assignor estoppel defense is permanently lost, even though AgroFresh timely raised it in this litigation and could not raise it before the PTAB. This denial of AgroFresh's ability to assert the assignor estoppel defense would result in enormous prejudice to AgroFresh. Conversely, the stay gives Defendants' a "clear tactical advantage" – weighing against a stay – by greatly increasing the odds the appeal from the IPR will be resolved before any any decision on assignor estoppel in this case. *E.g.*, *Belden Techs. Inc. v. Superior Essex Commc'ns LP*, No. CIV. 08-63-SLR, 2010 WL 3522327, at *2 (D. Del. Sept. 2, 2010) (giving moving party clear tactical advantage weighs against stay).

In *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330 (Fed. Cir. 2013), the court considered whether a final judicial determination of no invalidity would have preclusive effect

2

over a Patent Office determination of invalidity in a reexamination. In that connection, the court wrote:

> Baxter is correct that under "well-established principles of res judicata," the cancellation of a patent's claims cannot be used to reopen a final damages judgment ending a suit based on those claims. As the Supreme Court's decision in *Moffitt* [*v. Garr*, 66 U.S. 273 (1861)] made clear, "[i]t is a mistake to suppose ... that ... moneys recovered on judgments in suits ... might be recovered back [after a patent is cancelled]. The title to these moneys does not depend upon the patent, but upon ... the judgment of the court." 66 U.S. at 283; *see also In re Swanson,* 540 F.3d at 1379 n. 5 (observing that "an attempt to reopen a final federal court judgment of infringement on the basis of a reexamination finding of invalidity might raise constitutional problems"). Fresenius does not argue otherwise.

*Id*. at 1340 (certain citations and footnote omitted; bracketed material added); *see also WesternGeco L.L.C. v. ION Geophysical Corp*., 913 F.3d 1067, 1071 (Fed. Cir. 2019) ("But *Fresenius* made clear that it does not allow reopening of a satisfied and unappealable final judgment."). This case is set for trial in October. If there is no stay, AgroFresh prevails on its '216 patent claim, and a final judgment enters, then this judgment would have preclusive effect and could not be undone by Defendants' IPR.

When Judge Fallon granted leave for AgroFresh to file its assignor estoppel motion, she did so in part because she recognized the potential effect of an assignor estoppel ruling in AgroFresh's favor. She found that "if the Court determines that assignor estoppel extends to UPL in this instance, UPL's validity challenges in the IPR proceeding would be nullified due to the estoppel effect of the doctrine." (D.I. 310 at 9.) If the assignor estoppel motion is denied without prejudice because the '216 patent portion of this case is stayed, the nullifying effect of the estoppel likely will be lost.

Without a ruling on AgroFresh's assignor estoppel motion, AgroFresh will not have the opportunity to stop Defendants' attempt to invalidate the '216 patent, the same patent Defendants, through their privy, Dr. Mir, procured and assigned to AgroFresh. Thus, Defendants

will be able to benefit from their misconduct by disclosing AgroFresh's technology to the world, procuring a patent on it, and then destroying the patent after the Court determined AgroFresh owned it. This inequitable result will severely prejudice AgroFresh. AgroFresh asks the Court to consider this prejudice and reconsider its ruling.

Indeed, the repercussions of the order granting a stay will extend beyond this case. If stays are routinely granted when assignor estoppel is at issue, parties have an avenue to permanently avoid an assignor estoppel defense through the expedient of a PTAB proceeding. The protections of the doctrine will be eviscerated and the incentives for honest dealing by assignors will be diminished.

### III. CONCLUSION

For the foregoing reasons and each of them, AgroFresh respectfully requests that the Court reconsider its order granting Defendants' motion to stay and its Order denying AgroFresh's motion for summary judgment on assignor estoppel without prejudice.

Dated: June 14, 2019                                BARNES & THORNBURG LLP

                                                                         /s/ *Chad S.C. Stover*
                                                            Chad S.C. Stover (No. 4919)
                                                            Regina S.E. Murphy (No. 5648)
                                                            1000 N. West Street, Suite 1500
                                                            Wilmington, DE 19801
                                                            Telephone: (302) 300-3474
                                                            Facsimile: (302) 300-3456
                                                            E-mail: chad.stover@btlaw.com
                                                            E-mail: gigi.murphy@btlaw.com

OF COUNSEL:

Robert D. MacGill
T. Joseph Wendt
Jessica M. Lindemann
Matthew Ciulla
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
E-mail: rmacgill@btlaw.com
E-mail: jwendt@btlaw.com
E-mail: jessica.lindemann@btlaw.com
E-mail: matthew.ciulla@btlaw.com

*Attorneys for Plaintiff AgroFresh Inc.*