IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AGROFRESH INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 16-662 (MN) ) |
| ESSENTIV LLC, DECCO U.S. POSTHARVEST, INC., CEREXAGRI, INC. d/b/a DECCO POST-HARVEST, and UPL Ltd., | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Before the Court is Plaintiff AgroFresh Inc.'s ("Plaintiff" or "AgroFresh") motion (D.I. 469) for reargument of the Court's Memorandum Order (D.I. 467) staying the proceedings as to U.S. Patent No. 9,394,216 ("the '216 Patent") pending Plaintiff's appeal of the Patent Trial and Appeal Board's Final Written Decision in the inter partes review proceedings of the '216 Patent. For the reasons stated below, the Court DENIES the motion.

"'The purpose of a motion for reconsideration[1] . . . is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985)). Pursuant to Local Rule 7.1.5, a motion for reconsideration should be granted only "sparingly." The decision to grant such a motion lies squarely within the discretion of the district court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). These types of motions are granted

---

[1] Plaintiff titled its motion as one seeking "reargument," but the text of the motion and the law cited refers to a motion for reconsideration.

only if the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *See Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles*, 735 F. Supp. at 1241. "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Smith v. Meyers*, 2009 WL 5195928, at * 1 (D. Del. Dec. 30, 2009); *see also Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). It is not an opportunity to "accomplish repetition of arguments that were or should have been presented to the court previously." *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991). A party may seek reconsideration only if it can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Cafe*, 176 F.3d at 677. In no instance should reconsideration be granted if it would not result in amendment of an order. *See Schering Corp.*, 25 F. Supp. 2d at 295.

Plaintiff has failed to show that reconsideration is warranted. It does not point to a change in controlling law, new evidence, or the need to correct a clear error of law or fact. Instead Plaintiff asserts that "the Court did not appreciate the significance of the prejudice to AgroFresh if its assignor estoppel motion is not decided now." (D.I. 469 at 2). Contrary to AgroFresh's assertion, the Court reviewed and understood the arguments presented, including the arguments as to potential prejudice to AgroFresh. Reviewing those arguments, as well as those related to the other factors courts review in determining whether a stay is appropriate, the Court concluded that a stay is appropriate here. Nothing in Plaintiff's motion for reargument changes that.

July 1, 2019

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge