IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AGROFRESH INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 16-662 (MN) |
| | ) |
| ESSENTIV LLC, DECCO U.S. POSTHARVEST, INC., CEREXAGRI, INC. d/b/a DECCO POST-HARVEST, and UPL, LTD., | ) ) ) ) |
| | ) |
| Defendants. | |

**MEMORANDUM ORDER**

At Wilmington this 4th day of October 2019:

On December 11, 2018, Magistrate Judge Fallon issued a Memorandum Order ("the Order") (D.I. 340) granting Plaintiff AgroFresh Inc.'s ("AgroFresh") Motion to Compel the Production of Certain Categories of Documents (D.I. 180). On December 26, 2018, Defendant Decco U.S. Post-Harvest Inc. ("Decco") filed objections to the Order. (D.I. 369). On January 9, 2019, AgroFresh responded to Decco's objections. (D.I. 383). For the reasons set forth below, Decco's objections are SUSTAINED and the Order is REVERSED. AgroFresh's Motion to Compel the Production of Certain Categories of Documents (D.I. 180) is DENIED.

## I.  LEGAL STANDARD

Objections to a Magistrate Judge's ruling on a non-dispositive motion are subject to a "clearly erroneous and contrary to law" standard of review, pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). Under a "clearly erroneous" standard, the Court will only set aside findings when it is "left with the definite and firm conviction that a mistake has been committed." *Green v. Fornario*, 486 F.3d 100, 104 (3d Cir. 2007) (internal quotation marks omitted). A Magistrate Judge's order is contrary to law only "when the magistrate judge has

misinterpreted or misapplied the applicable law." *Doe v. Hartford Life & Accident Ins., Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006); *see also Eisai Co., Ltd. v. Teva Pharm. USA, Inc.*, 629 F. Supp. 2d 416, 424 (D.N.J. 2009) ("[A] magistrate judge's decision typically is entitled to deference . . . [while] a magistrate judge's legal conclusions on a non-dispositive motion will be reviewed de novo . . . ." (internal quotation marks omitted)).

A magistrate judge's finding regarding the existence of the common interest privilege is reviewed for clear error. *Leader Techs., Inc. v. Facebook, Inc.*, 719 F. Supp. 2d 373, 376 (D. Del. 2010). Thus, the Court "must accept the factual determination of the fact finder unless that determination 'either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data.'" *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 92 (3d Cir. 1992) (quoting *Kraznov v. Dinan*, 465 F.2d 1298, 1302 (3d Cir. 1972)).

## II.  DISCUSSION

Decco objects to the Order on two grounds. (D.I. 369 at 2). First, Decco asserts that "the Order erred in concluding that [Decco and MirTech, Inc. ("MirTech")] did not have a common interest privilege until the formation" of the parties' joint venture on June 30, 2016. (*Id.*). Second, Decco contends that the Order, "[b]ased on its conclusion that the common-interest doctrine only applied to communications on or after June 30, 2016," erred in determining "that certain documents at issue are not privileged." (*Id.*). For the reasons discussed below, the Court finds that the Order's determinations regarding the date of the existence of the parties' common legal interest as well as the applicability of the common interest privilege to certain categories of documents predating June 30, 2016 were clearly erroneous.

## A. The Order Clearly Erred in Determining That Decco and MirTech Did Not Share a Common Legal Interest Prior to June 30, 2016

Although the Order determined that Decco met its burden to establish a common legal interest between itself and MirTech as of June 30, 2016, the date the parties signed an LLC agreement which created a joint venture between them (*see* D.I. 340 ¶ 20), it found that the "common interest doctrine does not apply, and the privilege is waived, with respect to communications made before the execution of the LLC agreement on June 30, 2016." (*Id.* ¶ 23). The Order went on to explain that the parties' November 30, 2014 Letter of Intent "does not establish a common legal interest between Decco and MirTech because it represents the parties' tentative negotiations prior to the consummation of a binding agreement nearly two years later." (*Id.*). Decco objects to the Order's finding and contends that, as of the November 30, 2014 Letter of Intent, Decco and MirTech "shared common legal interests in three aspects: (1) procuring intellectual property, (2) conducting due diligence to avoid patent infringement by obtaining an opinion of counsel, and (3) exploiting patented technology through a potential joint venture." (D.I. 369 at 2). The Court agrees and finds that the Order's determination that Decco and MirTech did not share a common legal interest as of the November 30, 2014 Letter of Intent is clearly erroneous.

"The common interest doctrine is an exception to the general rule that the attorney-client privilege is waived following the disclosure of privileged materials to a third party." *Leader Techs.*, 719 F. Supp. 2d at 376 (citing *Union Carbide Corp. v. Dow Chem. Co.*, 619 F. Supp. 1036, 1047 (D. Del. 1985)). The doctrine protects communications between clients and attorneys "'allied in a common legal cause' . . . because it is reasonable to expect that parties pursuing common legal interests intended resultant disclosures to be 'insulated from exposure beyond the confines of the group.'" *Id.* (quoting *In re Regents of Univ. of Cal.*, 101 F.3d 1386, 1389 (Fed. Cir. 1996)). To "give sufficient force to a subsequent claim to the privilege," the party claiming the

3

privilege must show "that the disclosures would not have been made but for the sake of securing, advancing, or supplying legal representation." *Regents of Univ. of Cal.*, 101 F.3d at 1389 (quoting *In re Grand Jury Supoena Duces Tecum*, 406 F. Supp. 381, 385 (S.D.N.Y. 1975)). Moreover, the parties' shared common interest must "be identical, not similar, and be legal, not solely commercial." *Union Carbide*, 619 F. Supp. at 1049 (quoting *Dunlap Corp. v. Deering Milliken, Inc.*, 397 F. Supp. 1146, 1147 (D.S.C. 1974)) (quotation marks omitted).

Here, a review of Decco and MirTech's November 30, 2014 Letter of Intent informs the Court that the Order's determination regarding the date Decco and MirTech established a shared a legal interest was clearly erroneous, given that the determination "bears no rational relationship to the supportive evidentiary data." *See Haines*, 975 F.2d at 92 (addressing the meaning of "clear error"). Although the Order did not err in determining that the June 30, 2016 joint venture agreement created a shared legal interest between Decco and MirTech, it ignored the language of the Letter of Intent which created shared legal interests between the parties, separate and apart from the joint venture. (*See generally* D.I. 181, Ex. 6). The Letter of Intent recites that the parties' "relationship will be conducted in three phrases." (*Id.*, Ex. 6 § 1). Phase 1, which began when the parties executed the Letter of Intent, details the parties' agreement regarding MirTech's responsibility for prosecuting patents and patent applications as well as Decco's responsibility to "obtain written legal opinions for the 'Right to Practice' of MirTech patents and patent applications." (*Id.*). These responsibilities represent protectible, shared legal interests between Decco and MirTech. *See, e.g.*, *Intellectual Ventures I LLC v. Altera Corp.*, No. 10-1065 (LPS), 2013 WL 12322005, at *5-6 (D. Del. July 25, 2013) (noting that the parties had a shared legal interest in "acquiring patents"); *Block Drug Co. v. Sedona Labs., Inc.*, No. 06-350 (SLR) (MPT), 2007 WL 1183828, at * 2 (D. Del. Apr. 19, 2007) (concluding that the parties shared a common legal interest "on the issue of obtaining an opinion of counsel").

Moreover, in coming to its decision, the Order relied on its determination that the Letter of Intent was not a formal agreement, noting that:

> courts have declined to apply the common interest privilege to communications made prior to the consummation of a formal agreement, concluding that the application of the common interest doctrine "becomes questionable . . . when, as here, the two parties are *negotiating* a joint venture. They are still competitors, perhaps more so than partners, and do not share an interest sufficiently common to extend the attorney-client privilege to their discussions."

(D.I. 340 ¶ 23 (quoting *In re Sulfuric Acid Antitrust Litig.*, 235 F.R.D. 407, 428-29 (N.D. Ill. 2006) (emphasis in original)). The Letter of Intent, however, was a formal agreement. (*See generally* D.I. 181, Ex. 6). The parties signed the letter (*see id.*, Ex. 6 at 4), agreed to "make any necessary efforts to keep all information confidential" (*id.*, Ex. 6 § 5), and at the completion of due diligence, Decco was to pay MirTech $250,000 (*id.*, Ex. 6 §§ 1, 7A). Although the Letter of Intent contains a provision regarding the parties' future negotiations, that provision is directed to "the commercial terms for NewCo" (*id.*, Ex. 6, § 4A), not the parties' responsibilities under Phase 1, which established several protectible, shared legal interests between the parties. Thus, although the Order may have been correct in describing the parties as "competitors" in regard to their negotiations concerning the joint venture, the Letter of Intent shows there is no rational basis for concluding the same for the Letter of Intent – specifically, the parties' agreement under Phase 1. Therefore, the Court determines that the Order clearly erred in finding that a shared legal interest was not established between Decco and MirTech until June 30, 2016, given that the parties shared several common legal interests as of the November 30, 2014 Letter of Intent.

### B. The Order Clearly Erred in Determining That the Common Interest Privilege Did Not Apply to Categories 1, 2 and 3

In response to the court's May 16, 2018 order, Decco submitted fifty (50) representative documents for *in camera* review. (D.I. 189 ¶ 11). These documents were arranged into three categories: Category 1, characterized as "communications between Dr. [Nazir] Mir [of MirTech]

and his counsel, with copies to Decco employees and/or attorneys" (D.I. 340 ¶ 26); Category 2, characterized as "communications between Dr. Mir and Decco employees involving no attorneys" (*id.* ¶ 27); and Category 3, characterized as "communications between Decco employees and Decco attorneys on which Dr. Mir is copied" (*id.* ¶ 28). Regarding Categories 1 and 3, the Order determined that these documents did not "fall within the applicable time period when Decco and MirTech shared a common legal interest" because the documents predated the execution of the June 30, 2016 LLC agreement between the parties. (*Id.* ¶¶ 26, 28). Regarding Category 2, the Order determined that the common interest privilege did not apply because the documents predated June 30, 2016 as well as because "many of the documents in Category 2 [were] not directed to or from an attorney, nor [was] an attorney copied on them." (*Id.* ¶ 27).

The Order's sole basis for determining that the common interest privilege was inapplicable to the documents in Categories 1 and 3 was that the documents predated June 30, 2016. (*Id.*). The dates of the documents in Category 1 range from May 20, 2015 to June 21, 2016, whereas the dates of the documents in Category 3 range from December 3, 2014 to July 16, 2016. Because the Court has found that Decco and MirTech shared a common legal interest as of November 30, 2014, the documents in Categories 1 and 3 are protected by the common interest privilege as they fall within the applicable time period.[1]

Turning to Category 2, Decco contends that the Order erred in two aspects: (1) finding that the documents were not protected by the common interest privilege because they predated the existence of Decco and MirTech's common legal interest, and (2) finding that "certain communications are not privileged for the added reason that they are 'not directed to or from an

---

[1] The Court notes that Document #2109 in Category 3 is dated July 16, 2016. Thus, this document is protected both under the Order's determination that Decco and MirTech did not share a common legal interest until June 30, 2016 as well as this order's determination that the parties had a common interest privilege as of November 30, 2014.

6

attorney.'" (D.I. 369 at 8 (footnote omitted)). The Court agrees with Decco and finds that the Order erred in finding that the common interest privilege was inapplicable to the documents in Category 2. The dates of the documents in Category 2 range from December 5, 2014 to February 16, 2016. Because the Court has found that Decco and MirTech had a common legal interest as of November 30, 2014, the documents in Categories 2 fall within the applicable time period when Decco and MirTech shared a common legal interest, and thus, the privilege is not inapplicable based on the date of the documents.

Regarding the Order's additional determination that the privilege was inapplicable because the documents in Category 2 were not to or from an attorney, the Court finds that the Order clearly erred. To support its determination, the Order relied on *Cooey v. Strickland*, 269 F.R.D. 643 (S.D. Ohio 2010) for the proposition that "[c]ommunications made between parties themselves, when no attorneys are present, may not be privileged, as some courts find that these communications are not likely tied to the parties' common legal interest."[2] (D.I. 340 ¶ 27 (quoting *Cooey*, 269 F.R.D. at 653)). The Court finds the Order's application of the common interest privilege to be too narrow. As the *Cooey* court itself noted, communications without attorneys "***may*** not be privileged," not that they ***are*** not privileged, because these communication are not always tied to the parties' common interest. 269 F.R.D. at 269 (emphasis added). Moreover, several courts in

---

[2]  In support of the Order's determination, AgroFresh contends that the Order's finding is consistent with the Third Circuit's directive in *In re Teleglobe Communications Corp.*, 492 F. 3d 345, 354 (3d Cir. 2007), that "to be eligible for continued protection, the communication must be shared with the *attorney* of the member of the community of interest." (D.I. 383 at 5 (quoting *Teleglobe*, 492 F.3d at 364 (emphasis in original))). After reviewing the *Teleglobe* decision as well as decisions by other courts in this District addressing *Teleglobe*, the Court agrees with those courts that have determined that *Teleglobe* is not binding on this issue. *See TC Technology LLC v. Sprint Corp.*, No. 16-153 (RGA), 2018 WL 6584122, at *2-3 (D. Del. Dec. 13, 2018) ("*Teleglobe* applied state law and is thus not controlling authority."); *Invidi Techs. Corp. v. Visible World, Inc.*, No. 11-397 (RGA) (CJB), D.I. 188 at 29 (D. Del. Mar. 11, 2013) ("[A]fter careful review of the *Teleglobe* decision, the Court concludes that *Teleglobe* is not binding authority on this point.").

7

this District have determined that the application of the common interest privilege may be extended to communications between individuals who share a common legal interest, even if those communications do not include an attorney. *See, e.g.*, *INVISTA N. Am. S.a.r.L. v. M&G USA Corp.*, No. 11-1007 (SLR) (CJB), 2013 WL 12171721, at *5 (D. Del. June 25, 2013); *Invidi*, No. 11-397 (RGA) (CJB), D.I. 188 at 29; *In re Tribune Co.*, No. 08-13141 (KJC), 2011 WL 386827, at *6 (Bankr. D. Del. Feb. 3, 2011).[3] Specifically, a court in this District has recognized that:

> in order to invoke the common interest doctrine as to a communication between non-attorneys, a party must establish that the communication reflects one of three circumstances: "(1) one party is seeking confidential information from the other on behalf of an attorney; (2) one party is relaying confidential information to the other on behalf of an attorney; and (3) the parties are communicating work product that is related to litigation."

*INVISTA*, 2013 WL 12171721, at *5 (quoting *Invidi*, No. 11-397 (RGA) (CJB), D.I. 188 at 31) (alteration adopted) (internal quotation marks omitted). In reviewing the sampled Category 2 documents submitted for *in camera* review, the Court determines that the documents fall into the circumstances described above. As the Order acknowledges, these documents consist mainly of communications from attorneys originally sent to a Decco employee by Decco's attorneys that were either forwarded or copied and pasted verbatim in emails to Dr. Mir of MirTech, thus falling into the first and second circumstances described above. (D.I. 340 at 14 n.3 & n.11). Moreover, other communications, such as #174 and #258, include references to questions posed by Decco's attorneys for Dr. Mir to answer or messages from Decco's attorneys for Dr. Mir. Thus, having found that Decco and MirTech had a common legal interest as of November 30, 2014, the Court finds that the common interest privilege applies to the documents in Category 2.

---

[3] These decisions all issued after the Third Circuit's *Teleglobe* decision.

THEREFORE, IT IS HEREBY ORDERED that Decco's objections (D.I. 369) to the Order are SUSTAINED and the Order (D.I. 340) is REVERSED. AgroFresh's Motion to Compel the Production of Certain Categories of Documents (D.I. 180) is DENIED.[4]

_____
The Honorable Maryellen Noreika
United States District Judge

---

[4] In its objections, Decco requests the Court to clarify whether the Order "ruled that (1) only the sampled documents identified in the Order must be produced or (2) all documents identified in AgroFresh's motion to compel must be produced." (D.I. 369 at 10). In reviewing the Order, the Court finds that the Order ruled that all documents within the categories to be produced, not only the sampled documents submitted for *in camera* review. (D.I. 340 ¶ 29 ("AgroFresh's motion to compel production of ***certain categories of documents*** identified in Decco's privilege log is granted." (emphasis added))). Thus, in reversing the Order, the Court notes that its ruling is directed to all documents identified in Categories 1, 2 and 3, not only the documents submitted for *in camera* review.

9