**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AGROFRESH INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 16-662-MN |
| ) | |
| ESSENTIV LLC, DECCO U.S. POST- ) | |
| HARVEST, INC., CEREXAGRI, INC. d/b/a ) | |
| DECCO POST-HARVEST, and UPL, LTD., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**AGROFRESH'S MOTION PURSUANT TO FED. R. CIV. P. 50(a) FOR JUDGMENT AS A MATTER OF LAW ON CERTAIN INVALIDITY DEFENSES**

Plaintiff AgroFresh Inc. respectfully moves the Court, pursuant to Fed. R. Civ. P. 50(a) for judgment as a matter of law on the Defendants' enablement, obviousness, and written description defenses to the validity of claim 1 of U.S. Patent No. 6,017,849 ("the '849 patent"). In support of this motion, AgroFresh respectfully shows the Court:

1. Fed. R. Civ. P. 50(a) states in part:

If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient basis to find for the party on that issue, the court may:

(A) resolve the issue against the party; and,

(B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

2. When deciding a Rule 50(a) motion, the Court should:

consider the evidence in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences from the evidence that the jury might have drawn in that party's favor," *id.* (citation omitted), but "cannot assess the weight of conflicting evidence, pass on the credibility of the witnesses, or substitute its judgment for that of the jury….

1

*Medisim Ltd. v. BestMed LLC*, 758 F.3d 1352, 1358 (Fed. Cir. 2014) (quoting *LeBlanc–Sternberg v. Fletcher,* 67 F.3d 412, 429 (2d Cir. 1995)).

3. A patent enjoys a statutory presumption of validity. 35 U.S.C. § 282. Similarly, each claim is individually presumed to be valid. As a result, to prevail on an invalidity defense an alleged infringer must prove one or more claims is invalid by clear and convincing evidence. *See Jamesbury Corp. v. Litton Indus. Prods., Inc.*, 756 F.2d 1556, 1559 (Fed. Cir. 1985); *Am. Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1360 (Fed. Cir. 1984).

4. The Defendants raised lack of enablement, lack of written description, and obviousness defenses, among others, to claim 1 of the '849 patent. D.I. 418 at 59 (Eighth Affirmative Defense); D.I. 419 at 61 (Eighth Affirmative Defense); Defendants' Final Invalidity Contentions (attached as Ex. A).

5. Dr. Dinca was the Defendants' only witness on the validity of the '849 patent. Dr. Dinca presented *no* evidence to support Defendants' enablement, obviousness, and written description defenses. Trial Transcript 10/10/2019 at 1163-1185 ("Tr."). Rather, his testimony on invalidity was limited to anticipation by the Janz patent (Tr. at 1177-1179) and indefiniteness of the term "molecular encapsulation agent" (Tr. at 1179-1180).

6. Because the Defendants' bore the burden of proof on their invalidity defenses by clear and convincing evidence, but presented no evidence to support their enablement, obviousness, and written description defenses, the Court should enter judgment as a matter of law in favor of AgroFresh on each of those defenses. In the absence of any supporting evidence, "a reasonable jury would not have a legally sufficient basis to find for the [Defendants] on [any of those] issue[s]." Fed. R. Civ. P. 50(a).

Dated: October 10, 2019        BARNES & THORNBURG LLP

*/s/ Chad S.C. Stover*
Chad S.C. Stover (No. 4919)
Regina S.E. Murphy (No. 5648)
1000 N. West Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 300-3474
Facsimile: (302) 300-3456
E-mail: chad.stover@btlaw.com
E-mail: gigi.murphy@btlaw.com

OF COUNSEL:

Robert D. MacGill
Lynn C. Tyler
Jessica M. Lindemann
Matthew Ciulla
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
E-mail: rmacgill@btlaw.com
E-mail: ltyler@btlaw.com
E-mail: jessica.lindemann@btlaw.com
E-mail: matthew.ciulla@btlaw.com

*Attorneys for Plaintiff AgroFresh Inc.*

DMS 15287608