IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AGROFRESH INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 16-662 (MN) |
| | ) | |
| ESSENTIV LLC, DECCO U.S. POST-HARVEST, INC., CEREXAGRI, INC. d/b/a DECCO POST-HARVEST, and UPL, LTD., | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## <u>VERDICT FORM</u>

We, the jury in the above-entitled action, unanimously find as follows:

**Trade Secret Misappropriation**

Question No. 1: Did AgroFresh prove by a preponderance of the evidence that it possessed the following as trade secrets:

(a)     Information in the '216 Patent

YES:  _____          NO:  ___✓___

(b)     Gas generator

YES:  ___✓___          NO:  _____

(c)     Gas sampler

YES:  ___✓___          NO:  _____

(d)     Treatment Tents

YES:  _____          NO:  ___✓___

(e)     Testing Protocols

YES:  ___✓___          NO:  _____

(f)     Treatment Parameters

YES:  ___✓___          NO:  _____

2

Question No. 2:  If you answered "YES" to any part of Question 1, for each part(s) that you answered "YES" to, did AgroFresh prove by a preponderance of the evidence that Decco and UPL misappropriated AgroFresh's trade secret?

(a)     Information in the '216 Patent

       YES: _____               NO: ___✓___

(b)     Gas generator

       YES: ___✓___               NO: _____

(c)     Gas sampler

       YES: ___✓___               NO: _____

(d)     Treatment Tents

       YES: _____               NO: ___✓___

(e)     Testing Protocols

       YES: ___✓___               NO: _____

(f)     Treatment Parameters

       YES: ___✓___               NO: _____

Question No. 3:  If you answered "YES" to any part of Question 1 and also answered "YES" to the corresponding part of Question 2, was the trade secret misappropriation willful and malicious?

       YES: ___✓___               NO: _____

## Unfair Competition

Question No. 4: Did AgroFresh prove by a preponderance of the evidence each of the elements of its unfair competition claim against Defendants Decco and UPL?

YES: ___✓___     NO: _____

## Intentional Interference with MirTech Agreements and Business Relationship

Question No. 5: Did AgroFresh prove by a preponderance of the evidence each of the elements of its intentional interference (with MirTech agreements) claim against Defendants Decco and UPL?

YES: ___✓___     NO: _____

## Intentional Interference with Customer Contracts

Question No. 6: Did AgroFresh prove by a preponderance of the evidence each of the elements of its intentional interference (with customer contracts) claim against Defendants Decco and UPL?

YES: ___✓___     NO: _____

## Intentional Interference with Prospective Business Relationships

Question No. 7: Did AgroFresh prove by a preponderance of the evidence each of the elements of its intentional interference (with prospective business relationships) claim against Defendants Decco and UPL?

YES: _____     NO: ___✓___

## Conversion

Question No. 8: Did AgroFresh prove by a preponderance of the evidence each of the elements of its conversion claim against Defendants Decco and UPL?

YES: ___✓___          NO: _____

## Civil Conspiracy

Question No. 9: Fill in the chart below, writing either "YES" or "NO" in each box, to represent your finding as to whether AgroFresh showed, by a preponderance of the evidence, that the identified Defendant engaged in a civil conspiracy with the other defendant and/or with Dr. Mir or MirTech with respect to each identified count.

| Count | Did Defendant UPL engage in a civil conspiracy? | Did Defendant Decco engage in a civil conspiracy? |
|---|---|---|
| Trade Secret Misappropriation | NO | YES |
| Unfair Competition | NO | YES |
| Intentional Interference with MirTech Agreements and Business Relationship | YES | YES |
| Intentional Interference with Customer Contracts | YES | YES |
| Intentional Interference with Prospective Business Relationships | NO | NO |
| Conversion | NO | YES |

**Infringement of the '849 Patent**

Question No. 10: Did AgroFresh prove by a preponderance of the evidence that Decco infringed claim 1 of the Daly '849 patent?

YES: ✓                    NO: _____

Question No. 11: Did Decco prove by clear and convincing evidence that claim 1 of the Daly '849 patent is invalid for anticipation?

YES: _____                    NO: ✓

Question No. 12: Did Decco prove by clear and convincing evidence that claim 1 of the Daly '849 patent is invalid as indefinite?

YES: _____                    NO: ✓

Question No. 13: If you answered "YES" to Question 10 and you answered "NO" to each of Questions 11 and 12, was Decco's infringement of the Daly '849 patent willful?

YES: ✓                    NO: _____

## Compensatory Damages

Question No. 14: If you

(a)     answered "YES" to any part of Question 2; or

(b)     answered "YES" to any of Questions 4, 5, 6, 7, 8 or 9; or

(c)     answered "YES" to Question 10 and you answered to "NO" to each of Questions 11 and 12,

did AgroFresh prove by a preponderance of the evidence damages for actual loss caused by Defendants' action(s), and if so, state the amount.

$  6,000,000.00

## Compensatory Damages – Unjust Enrichment (Trade Secrets Only)

Question No. 15: If you answered "YES" to any part of Question 2, did AgroFresh prove by a preponderance of the evidence damages for any unjust enrichment caused by the misappropriation of the trade secret(s), and if so, state the amount.

$  1,913,000.00

## Punitive Damages

Question No. 16: If you answered "Yes" to any of Questions 4-9 above, what amount of punitive damages, if any, do you award to AgroFresh against Defendants Decco and UPL?

$  24,000,000.00

7

Dated: ___10/11/19___