**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| AGROFRESH INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-662-MN |
| | ) | |
| ESSENTIV LLC, DECCO U.S. POST-HARVEST, INC., CEREXAGRI, INC. d/b/a DECCO POST-HARVEST, and UPL, LTD., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**AGROFRESH'S REPLY IN SUPPORT OF IT MOTION FOR**
**AN AWARD OF PREJUDGMENT AND POST JUDGMENT INTEREST**

Dated:  December 4, 2019

BARNES & THORNBURG LLP
Chad S.C. Stover (No. 4919)
Regina S.E. Murphy (No. 5648)
1000 N. West Street, Suite 1500
Wilmington, DE 19801
Telephone:  (302) 300-3474
Facsimile:  (302) 300-3456
E-mail:  chad.stover@btlaw.com
E-mail:  gigi.murphy@btlaw.com

OF COUNSEL:

Robert D. MacGill
Lynn C. Tyler
T. Joseph Wendt
Jessica M. Lindemann
Matthew Ciulla
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone:  (317) 236-1313
E-mail: rmacgill@btlaw.com
E-mail: lynn.tyler@btlaw.com
E-mail: jwendt@btlaw.com
E-mail: jessica.lindemann@btlaw.com
Email:  matthew.ciulla@btlaw.com
*Attorneys for Plaintiff AgroFresh Inc.*

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................ 1

ARGUMENT ...................................................................................................................... 2

    I.    The Delaware Statutory Legal Rate of Interest Best Puts AgroFresh in the Position It Would Have Been In Absent the Wrongdoing ................................................................... 2

    II.   This Court Uses the Prime Rate Compounded Quarterly for Prejudgment Interest in Patent Cases ....................................................................................................................... 4

    III.  The Proper Start Date for the Unjust Enrichment Portion of the Award is November 30, 2014, When Decco and Mir Signed Their Letter of Intent ................................................. 5

CONCLUSION.................................................................................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bayer Healthcare LLC v. Baxalta Inc.*,
  No. 16-CV-1122-RGA, 2019 WL 4016235 (D. Del. Aug. 26, 2019) .......................................5

*Mars, Inc. v. Coin Acceptors, Inc.*,
  513 F. Supp. 2d 128 (D.N.J. 2007) .................................................................................2, 3

*Mars, Inc. v. Nippon Conlux Kabushiki-Kaisha*,
  855 F. Supp. 673 (D. Del. 1994) .............................................................................................2

*MS Int'l, Inc. v. Pramod Patel, et al.*,
  No. 8:18-cv-00152-JVS-JPR (C.D. Cal. Nov. 26, 2018) ...........................................................4

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
  No. CV 08-309-LPS, 2019 WL 3290369 (D. Del. July 22, 2019) ...........................................4

*Vectura Ltd. v. GlaxoSmithKline LLC*,
  No. CV 16-638-RGA, 2019 WL 4346502 (D. Del. Sept. 12, 2019) ........................................4

**Statutes**

12 Pa. Cons. Stat. § 5301 ...............................................................................................................6

**INTRODUCTION**

Decco's[1] Response[2] (D.I. 598) does not address, and thus does not dispute, that the Court should award post judgment interest to AgroFresh at a rate of 1.59 percent, compounded annually, on the total amount of the damages (including enhanced and punitive damages), prejudgment interest, and attorneys' fees awarded. The Court, therefore, should award AgroFresh post judgment interest at this rate.

On prejudgment interest, the parties agree on several aspects of the inquiry. The parties agree that prejudgment interest should be awarded to AgroFresh. Response at 3, fn 4. The parties agree that "prejudgment interest should restore the plaintiff [AgroFresh] to the position it would have been in had there been no wrongdoing." Response at 3. The parties agree that the Court has discretion in selecting the prejudgment interest rate to apply. Response at 2-3. Decco does not dispute the methodology used by AgroFresh's economic expert, Vincent Thomas, to compute prejudgment interest on the $6 million in actual loss damages.

The main disagreement, perhaps unsurprisingly, is the interest rate to apply. AgroFresh believes the Delaware statutory legal rate of interest is the correct rate to put AgroFresh in the position it otherwise would have occupied. AgroFresh's borrowing rate during the applicable time period—which was nearly the same as the Delaware rate—further supports using the Delaware statutory legal rate of interest. If the Court chooses not to use the Delaware rate, then AgroFresh advocates use of the prime rate compounded quarterly, which has long been the standard in this District for prejudgment interest on patent damages.

---

[1] Defendants Decco US Post-Harvest, Inc. and UPL, Ltd. are collectively referred to as "Decco."
[2] "Response" refers to Defendants' Response to AgroFresh's Motion for Prejudgment and Post-Judgment Interest (D.I. 598).

Decco argues for the lowest possible interest rate—the Treasury bill rate. To support application of the Treasury bill rate, Decco focuses on a purported distinction between companies in "investing mode" versus "borrowing mode," arguing that AgroFresh was in "investing mode." But this distinction is mentioned in only one decision cited by Decco, *Mars, Inc. v. Coin Acceptors, Inc.*, 513 F. Supp. 2d 128 (D.N.J. 2007), and a treatise attached as Ex. 1 to Decco's Response. As shown below, this Court has repeatedly rejected their reasoning. For prejudgment interest on patent damages in this District, the standard has long been the prime rate compounded quarterly. The treatise cited by Decco includes a long quote from *Mars, Inc. v. Nippon Conlux Kabushiki-Kaisha*, 855 F. Supp. 673, 720 (D. Del. 1994) explaining why: "If the Court's purpose here is to award interest to make [the patent owner] whole for the loss of use of money during the period from the date of the harm to the date of the judgment, the prime rate suggested by [the patent owner] serves that purpose better than the Treasury Bill rate suggested by [the infringer]." D.I. 598-1, page 7 of 8, fn 3. The Court should reject Decco's argument for application of the Treasury bill rate.

## ARGUMENT

### I.     The Delaware Statutory Legal Rate of Interest Best Puts AgroFresh in the Position It Would Have Been In Absent the Wrongdoing

The Delaware statutory legal rate of interest best fulfills the purpose of prejudgment interest, which the parties agree is to restore AgroFresh to the position it would have been in had there been no wrongdoing. Decco admits that the "actual cost of borrowing[] is often chosen as the appropriate rate." Response at 4. But Decco claims the actual cost of borrowing only applies if AgroFresh was in "borrowing mode." *Id*. Contrary to Decco's argument, AgroFresh was in "borrowing mode." During 2016-2018, AgroFresh at all times had a balance of more than $400 million as part of its Credit Agreement. Declaration of James Toth (filed herewith) at ¶ 4.

2

Decco admits this was a "large structural debt."  Response at 6.  While AgroFresh had cash on its balance sheet during 2016 and 2017, this does not mean that AgroFresh would have invested a $6 million lost profits award rather than paying down its debt.  The presence of cash and the fact that AgroFresh had sufficient cash on hand to acquire Tecnidex and invest in Food Freshness Technologies in 2017 (Response at 5) supports AgroFresh's position.  Because AgroFresh already had sufficient cash to make these investments, it is likely that AgroFresh would have used any additional funds—such as a $6 million award—to pay down its debt rather than make further investments.  Toth Decl. ¶ 7.

AgroFresh's leverage (debt to EBITDA) level also shows that AgroFresh would have used an extra $6 million to pay down debt.  During 2016-2018, AgroFresh had a relatively high leverage level of approximately 5.5.  Toth Decl. ¶ 8.  AgroFresh would have wanted to reduce its elevated leverage profile by paying down its debt.  *Id*.  This further shows the relevance of AgroFresh's borrowing rate, and why the Court should adopt AgroFresh's proposed prejudgment interest rate.

AgroFresh's evidence of its borrowing rate distinguishes this case from the facts of the primary decision relied on by Decco, *Mars, Inc. v. Coin Acceptors, Inc.*, 513 F. Supp. 2d 128 (D.N.J. 2007).  In *Mars*, the patentee did not offer any evidence of its borrowing rate.  *Mars, Inc. v. Coin Acceptors, Inc.* at 513 F. Supp. 2d 128 at 133  Had it done so, the *Mars* decision noted that "courts have used that rate as the prejudgment interest rate."  *Id*.  Here, AgroFresh has presented evidence of its borrowing rate and showed that its borrowing rate is nearly the same as the Delaware statutory rate.  For this reason, the Court should use the Delaware statutory rate.

Decco also cites a treatise, Patent Damages Law and Practice, for the proposition that if a patent owner is in an "investing" situation (which AgroFresh was not), then "a court is more

likely to award prejudgment interest based on the treasury bill rate." Response at 4. Decco neglected to include the remainder of the cited sentence from the treatise, which goes on to state that a court is likely to award an "investing" patent owner prejudgment interest based on the "**state statutory rate**, the patent owner's actual earned interest rate, a corporate bond rate, or some arbitrary fixed rate." D.I. 598-1 at page 7 of 8 (emphasis added). The state statutory rate—the Delaware statutory legal rate of interest—is AgroFresh's proposal. Thus, the treatise cited by Decco supports AgroFresh's proposal.[3]

## II.   This Court Uses the Prime Rate Compounded Quarterly for Prejudgment Interest in Patent Cases

If the Court, in its discretion, decides to apply the patent prejudgment interest framework to damages awarded under the DTSA, then the proper rate is the prime rate compounded quarterly, not the Treasury bill rate.

This Court has noted that "the prime rate best compensate[s] a patentee for lost revenues during the period of infringement because the prime rate represents the cost of borrowing money, which is a better measure of the harm suffered as a result of the loss of the use of money over time." *Vectura Ltd. v. GlaxoSmithKline LLC*, No. CV 16-638-RGA, 2019 WL 4346502, at *2 (D. Del. Sept. 12, 2019) (listing several other decisions where Judge Andrews applied the prime rate compounded quarterly rather than the Treasury bill rate).[4] Indeed, using the prime rate compounded quarterly for prejudgment interest in patent cases is "the common practice of this

---

[3] *MS Int'l, Inc. v. Pramod Patel, et al.*, No. 8:18-cv-00152-JVS-JPR, at 29 (C.D. Cal. Nov. 26, 2018), D.I. 589-1, further supports use of the state statutory rate. *MS Int'l* does not provide elaborate reasoning for why it used the California 7 percent annual interest rate for fraud claims as the rate of prejudgment interest. But the court decided to use this interest rate for damages awarded under the DTSA—this is undisputed. Decco cites no decision under the DTSA using any other rate. In particular, Decco cites no decision applying the Treasury bill rate as the prejudgment interest rate in a DTSA case.

[4] Decco affirmatively cites the *Vectura* decision for other propositions in its opposition to AgroFresh's motion for enhanced damages. *See* D.I. 594 at 15, 19, and 20.

4

Court." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, No. CV 08-309-LPS, 2019 WL 3290369, at *11 (D. Del. July 22, 2019). As the *Vectura* and *Power Integrations* decisions (and the decisions cited therein) show, adjudged infringers in this District routinely request the Treasury bill rate, and those requests are routinely denied in favor of the prime rate compounded quarterly.

None of the decisions cited by Decco for applying the Treasury bill rate are from this District. And no decision from this District has used the investing/borrowing distinction asserted by Decco to arrive at the Treasury bill rate. In fact, this Court has held that "it is not necessary that a patentee demonstrate that it borrowed at the prime rate in order to be entitled to prejudgment interest at that rate." *Bayer Healthcare LLC v. Baxalta Inc.*, No. 16-CV-1122-RGA, 2019 WL 4016235, at *7 (D. Del. Aug. 26, 2019) (applying the prime rate compounded quarterly). Here, AgroFresh has demonstrated that it borrowed at above the prime rate (D.I. 591 at ¶ 4), which is even further reason to reject the Treasury bill rate proposed by Decco.

### III.     The Proper Start Date for the Unjust Enrichment Portion of the Award is November 30, 2014, When Decco and Mir Signed Their Letter of Intent

Decco appears to agree that the proper start date for prejudgment interest on the unjust enrichment portion of the award is when the wrongdoing began. But Decco incorrectly argues that its misconduct began in July 2016. The testimony presented at trial showed that Decco's wrongdoing began when Decco first started working with Mir, knowing full well that Mir was AgroFresh's exclusive consultant and that Mir "functions with AF as an integral team member" and "will be equally valuable to Decco." PTXa-13. Decco officially started working with Mir on November 30, 2014, when Decco and Mir signed their letter of intent. DTXb-680 at 4.

Decco also presents a red herring argument on the effective date of the DTSA. AgroFresh is not asking for retroactive application of the DTSA. AgroFresh simply asks for

prejudgment interest to put AgroFresh in the position it would have been in absent Decco's wrongdoing, a proposition with which Decco agrees.  Also, as Decco points out, the DTSA does not address prejudgment interest.  Response at 2.  Therefore, the DTSA does not forbid prejudgment interest before the enactment of the statute as Decco suggests.  Finally, Decco's argument fails because the jury's unjust enrichment award was made under both the DTSA and the Pennsylvania Uniform Trade Secrets Act, which has an effective date of April 19, 2004.  12 Pa. Cons. Stat. § 5301.

For these reasons, the correct start date for prejudgment interest on the unjust enrichment portion of the damages is November 30, 2014, when Decco and Mir signed their letter of intent.

## CONCLUSION

AgroFresh requests that the Court award post judgment interest at 1.59 percent, compounded annually, on the total amount of the damages (including enhanced and punitive damages), prejudgment interest, and attorneys' fees awarded.  AgroFresh also requests that the Court award prejudgment interest at the Delaware statutory legal rate, which totals $1,268,700.

[*signature block on following page*]

Dated:  December 4, 2019

BARNES & THORNBURG LLP

/s/  Chad S.C. Stover
Chad S.C. Stover (No. 4919)
Regina S.E. Murphy (No. 5648)
1000 N. West Street, Suite 1500
Wilmington, DE 19801
Telephone:  (302) 300-3474
Facsimile:  (302) 300-3456
E-mail:  chad.stover@btlaw.com
E-mail:  gigi.murphy@btlaw.com

OF COUNSEL:

Robert D. MacGill
Lynn C. Tyler
T. Joseph Wendt
Jessica M. Lindemann
Matthew Ciulla
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone:  (317) 236-1313
E-mail: rmacgill@btlaw.com
E-mail: lynn.tyler@btlaw.com
E-mail: jwendt@btlaw.com
E-mail: jessica.lindemann@btlaw.com
Email:  matthew.ciulla@btlaw.com

*Attorneys for Plaintiff AgroFresh Inc.*