# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AGROFRESH INC.,<br><br>        Plaintiff,<br><br>  v.<br><br>ESSENTIV LLC, DECCO U.S. POST-HARVEST, INC., CEREXAGRI, INC. d/b/a DECCO POST-HARVEST, and UPL, LTD.,<br>        Defendants. | Consol.<br>C.A. No.: 16-662-MN<br><br>Bond Number: <u>800110140</u> |

### SUPERSEDEAS BOND

  KNOW ALL BY THESE PRESENTS, that Atlantic Specialty Insurance Company, a corporation created, organized and existing under and by virtue of the laws of the State of New York, having its principal place of business at 605 Highway 169 North, Ste. 800, Plymouth, MN 55441, and duly authorized to execute surety bonds in the amount and subject to conditions herein provided, is held and firmly bound as surety unto AgroFresh Inc., jointly and severally, in the maximum aggregate sum of Fourteen Million Three Hundred and Thirty Seven Thousand Four Hundred and Twenty One Dollars and zero cents ($14,337,421.00), with pre-judgment interest of $811,517 plus $512,904 post-judgment interest at 1.59% (calculated up to March 15, 2022) to be paid to said AgroFresh Inc., their administrators, executors, successors, attorneys or assigns, to which payment well and truly to be made they bind themselves, their successors and assigns firmly by these presents.

  Signed and sealed with the corporate seal of said surety this <u>15th</u> day of <u>March</u>, <u>2021</u>.

  WHEREAS, in the United States District Court for the District of Delaware, between AgroFresh Inc., as plaintiffs, and Decco U.S. Post-Harvest, Inc. ("Decco") and UPL, Ltd. ("UPL") collectively, as Defendants, Civil Action No 16-662-MN, judgment was entered in

RLF1 24948508v.1

favor of said Plaintiffs and against said Defendants, for Thirteen Million Thirteen Thousand Dollars and zero cents ($13,013,000.00), with pre-judgment interest in the amount of $811,517 plus post-judgment interest at 1.59% from which judgment said Defendants have appealed to the United States Court of Appeals for the Federal Circuit;

NOW, THEREFORE, the condition of this obligation is such that if the said Defendants shall prosecute their appeal to effect and (i) shall satisfy the judgment including, if allowed by law, costs, interest and damages for delay if for any reason the appeal is dismissed or withdrawn, or if the judgment is affirmed or (ii) shall satisfy in full such judgment as it may be reduced, modified, or amended by appeal, including, if allowed by law, such costs, interest and damages as the District Court, the Federal Circuit, or both may adjudge and award, then this obligation shall be void; otherwise, it shall remain in full force and effect.

In no event, however, shall the surety's obligation under this bond exceed the maximum aggregate sum of Fourteen Million Three Hundred and Thirty Seven Thousand Four Hundred and Twenty One Dollars and zero cents ($14,337,421.00).

Decco U.S. Post-Harvest, Inc. ("Decco") and UPL, Ltd. ("UPL")
Principal

By: *S. Kamdar.*
SHYAM KAMDAR
SECRETARY & CFO

Atlantic Specialty Insurance Company
Surety

By: *Mary Y. Volmar*
Mary Y. Volmar

[Seal: ATLANTIC SPECIALTY INSURANCE COMPANY CORPORATE SEAL 1986 NEW YORK]

RLF1 24948508v.1



# Power of Attorney

KNOW ALL MEN BY THESE PRESENTS, that ATLANTIC SPECIALTY INSURANCE COMPANY, a New York corporation with its principal office in Plymouth, Minnesota, does hereby constitute and appoint: **Carolyn E. Wheeler, Vicki Nobinger, Mary Y. Volmar, Loretta M. Jones, Sandra King, Joy M. Williams, Bonnie L. Rice, Rachel A. Chaveriat, Julie Karnes, Sandy McElhaney, Jessica Frederick, Andrea Allman, Krystal Karnes, Linda M. Howard, Michelle Lute-Heatherly, Thelma M. Lett**, each individually if there be more than one named, its true and lawful Attorney-in-Fact, to make, execute, seal and deliver, for and on its behalf as surety, any and all bonds, recognizances, contracts of indemnity, and all other writings obligatory in the nature thereof; provided that no bond or undertaking executed under this authority shall exceed in amount the sum of: **unlimited** and the execution of such bonds, recognizances, contracts of indemnity, and all other writings obligatory in the nature thereof in pursuance of these presents, shall be as binding upon said Company as if they had been fully signed by an authorized officer of the Company and sealed with the Company seal. This Power of Attorney is made and executed by authority of the following resolutions adopted by the Board of Directors of ATLANTIC SPECIALTY INSURANCE COMPANY on the twenty-fifth day of September, 2012:

Resolved: That the President, any Senior Vice President or Vice-President (each an "Authorized Officer") may execute for and in behalf of the Company any and all bonds, recognizances, contracts of indemnity, and all other writings obligatory in the nature thereof, and affix the seal of the Company thereto; and that the Authorized Officer may appoint and authorize an Attorney-in-Fact to execute on behalf of the Company any and all such instruments and to affix the Company seal thereto; and that the Authorized Officer may at any time remove any such Attorney-in-Fact and revoke all power and authority given to any such Attorney-in-Fact.

Resolved: That the Attorney-in-Fact may be given full power and authority to execute for and in the name and on behalf of the Company any and all bonds, recognizances, contracts of indemnity, and all other writings obligatory in the nature thereof, and any such instrument executed by any such Attorney-in-Fact shall be as binding upon the Company as if signed and sealed by an Authorized Officer and, further, the Attorney-in-Fact is hereby authorized to verify any affidavit required to be attached to bonds, recognizances, contracts of indemnity, and all other writings obligatory in the nature thereof.

This power of attorney is signed and sealed by facsimile under the authority of the following Resolution adopted by the Board of Directors of ATLANTIC SPECIALTY INSURANCE COMPANY on the twenty-fifth day of September, 2012:

Resolved: That the signature of an Authorized Officer, the signature of the Secretary or the Assistant Secretary, and the Company seal may be affixed by facsimile to any power of attorney or to any certificate relating thereto appointing an Attorney-in-Fact for purposes only of executing and sealing any bond, undertaking, recognizance or other written obligation in the nature thereof, and any such signature and seal where so used, being hereby adopted by the Company as the original signature of such officer and the original seal of the Company, to be valid and binding upon the Company with the same force and effect as though manually affixed.

IN WITNESS WHEREOF, ATLANTIC SPECIALTY INSURANCE COMPANY has caused these presents to be signed by an Authorized Officer and the seal of the Company to be affixed this twenty-seventh day of April, 2020.

By _____
Paul J. Brehm, Senior Vice President

STATE OF MINNESOTA
HENNEPIN COUNTY

On this twenty-seventh day of April, 2020, before me personally came Paul J. Brehm, Senior Vice President of ATLANTIC SPECIALTY INSURANCE COMPANY, to me personally known to be the individual and officer described in and who executed the preceding instrument, and he acknowledged the execution of the same, and being by me duly sworn, that he is the said officer of the Company aforesaid, and that the seal affixed to the preceding instrument is the seal of said Company and that the said seal and the signature as such officer was duly affixed and subscribed to the said instrument by the authority and at the direction of the Company.



ALISON DWAN NASH-TROUT
NOTARY PUBLIC - MINNESOTA
My Commission Expires
January 31, 2025

_____
Notary Public

I, the undersigned, Secretary of ATLANTIC SPECIALTY INSURANCE COMPANY, a New York Corporation, do hereby certify that the foregoing power of attorney is in full force and has not been revoked, and the resolutions set forth above are now in force.

Signed and sealed. Dated __15th__ day of __March__, __2021__.

**This Power of Attorney expires January 31, 2025**

_____
Kara Barrow, Secretary

Please direct bond verifications to surety@intactinsurance.com



## Atlantic Specialty Insurance Company
Period Ended 12/31/2019

*Dollars displayed in thousands*

| Admitted Assets | | Liabilities and Surplus | |
|---|---:|---|---:|
| Investments: | | Liabilities | |
| Bonds | $ 1,219,332 | Loss Reserves | $ 750,516 |
| Preferred Stocks | - | Loss Adjustment Expense Reserves | 243,193 |
| Common Stocks | 791,167 | Total Loss & LAE Reserves | 993,709 |
| Mortgage Loans | - | | |
| Real Estate | - | Unearned Premium Reserve | 520,053 |
| Contract Loans | - | Total Reinsurance Liabilities | 17,061 |
| Derivatives | - | Commissions, Other Expenses, and Taxes due | 40,497 |
| Cash, Cash Equivalents & Short Term Investments | 62,383 | Derivatives | - |
| Other Investments | 17,350 | Payable to Parent, Subs or Affiliates | - |
| Total Cash & Investments | 2,090,232 | All Other Liabilities | 165,932 |
| Premiums and Considerations Due | 261,176 | Total Liabilities | 1,737,252 |
| Reinsurance Recoverable | 51,892 | | |
| Receivable from Parent, Subsidiary or Affiliates | 21,005 | Capital and Surplus | |
| All Other Admitted Assets | 59,800 | Common Capital Stock | 9,001 |
| | | Preferred Capital Stock | - |
| Total Admitted Assets | 2,484,105 | Surplus Notes | - |
| | | Unassigned Surplus | 49,392 |
| | | Other Including Gross Contributed | 688,460 |
| | | Capital & Surplus | 746,853 |
| | | Total Liabilities and C&S | 2,484,105 |

State of Minnesota
County of Hennepin

I, Christopher Jerry, Secretary of Atlantic Specialty Insurance Company do hereby certify that the foregoing statement is a correct exhibit of the assets and liabilities of the said OneBeacon Insurance Company, on the 31st day of December, 2019, according to the best of my information, knowledge and belief.

*Secretary*

Subscribed and sworn to, before me, a Notary Public of the State of Minnesota on this 27th day of February, 2020.

*Notary Public*

SHANNON MARIE LAUBY-WOLF
Notary Public
Minnesota
My Commission Expires
Jan 31, 2025